IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:25-cv-2847<br><br>**DECLARATION OF LISA KOOP (NIJC) IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

# DECLARATION OF LISA KOOP
## NATIONAL DIRECTOR OF LEGAL SERVICES
## FOR THE NATIONAL IMMIGRANT JUSTICE CENTER

*I, Lisa Koop, make the following statements on behalf of the National Immigrant Justice Center (NIJC). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Lisa Koop. I am the national director of legal services at the National Immigrant Justice Center (NIJC). NIJC is based in Chicago, Illinois and provides legal services to immigrants. NIJC is dedicated to providing legal services to indigent unaccompanied immigrant children who are not in detention as well as those held in the custody of the Office of Refugee Resettlement (ORR) in Illinois and Indiana.

2. NIJC maintains a Children's Protection Project that works primarily on matters involving unaccompanied immigrant children. The mission of NIJC's Children's Protection Project is to educate children about the United States immigration legal system and assess their claims for legal relief, including asylum, special immigrant juvenile status, and protection from human trafficking. The Children's Protection Project equips children to make informed decisions about how to proceed with their immigration cases and represents children in applications for immigration benefits and in their removal proceedings before the immigration courts.

3. In order to carry out this mission, NIJC's Children's Protection Project has several main work components: (1) Providing educational services in the form of legal education "Know Your Rights" ("KYR") presentations and conducting individual consultations with unrepresented children in ORR custody in Illinois and Indiana; (2) Representing unaccompanied minors who are not in ORR custody in immigration and related proceedings; and (3) Representing children in ORR custody in immigration proceedings. NIJC hosts Immigrant Justice Corps (IJC) fellows to represent unaccompanied immigrant children in removal proceedings and provides Spanish-language support for staff representing unaccompanied children.

4. NIJC has provided legal services to unaccompanied immigrant children since its inception more than 40 years ago. More than 15 years ago, NIJC began receiving funding from the federal government to provide KYRs and legal consultations to children in ORR custody. NIJC's contract to serve immigrant children expanded several times to allow for a broader range of services to a larger number of children. NIJC is funded by the federal government to provide legal services, including KYRs, consultations, and representation

    to children in ORR custody and children outside of ORR custody, who were previously detained. The funds are administered by the Acacia Center for Justice.

5. At present, NIJC serves children detained by the federal government in 11 facilities in Illinois and Indiana, which together have capacity for 431 children on any given day. NIJC serves a combined annual number of around 2,300 children. NIJC provides KYRs and legal screenings to around 1,800 children in ORR custody, initiates representation with about 100 detained children, and maintains a caseload of around 500 children who are released from ORR custody and continue in their applications for relief and in removal proceedings.

6. With United States Department of Health and Human Services (HHS) funding, NIJC employs about 42 staff members dedicated to providing legal services to unaccompanied immigrant children. Specifically, to do this work, NIJC employs one director partially on this funding, one managing attorney fully on this funding, one program manager fully on this funding, four legal supervisors fully on this funding, three legal supervisors partially on this funding, nine staff attorneys fully on this funding, seven fellows fully on this funding, one coordinator partially on this funding, 13 paralegals fully on this funding, and two paralegals partially on this funding.

7. NIJC staff members providing KYR presentations, consultations, and representation to children in ORR facilities regularly travel to each facility to provide in-person legal education, offer legal consultations, conduct client interviews, and prepare clients for hearings. NIJC visits each ORR facility once or twice each week. NIJC legal workers meet with recently arrived children who need KYRs and legal screenings, meet with children who are seeking additional information about legal proceedings, and meet with children who are NIJC clients for client counseling and case preparation.

8. NIJC represents children seeking various forms of immigration relief and protection from deportation including asylum, special immigrant juvenile status, T-visas for survivors of human trafficking, temporary protected status, and family-based petitions. NIJC represents children before the United States Citizenship and Immigration Services, the immigration courts, the Board of Immigration Appeals, and state courts. Where appropriate, NIJC advocates for the release of children from ORR custody or for transfer between ORR programs. If NIJC's clients are transferred to adult detention and held by Immigration and Customs Enforcement (ICE), NIJC may represent clients in bond hearings and in seeking relief from removal while in ICE detention.

9. NIJC's next scheduled court hearing for an unaccompanied child client is on April 2, 2025. NIJC has at least eight immigration court hearings and two state court hearings for

child clients in April. While NIJC expects to attend the hearings in April, NIJC's ability to do so in May and beyond is in jeopardy because of the contract termination and the cancellation of funding to serve this population.

10. Children served by NIJC in ORR custody are particularly vulnerable. Many experienced persecution by the governments in their home countries or by agents their governments are unwilling or unable to control. Many children experienced abandonment, abuse, and neglect by one or both of their parents. Some children served by NIJC are survivors of human trafficking. NIJC frequently serves children considered to be of tender age, because they are younger than 13 years old. NIJC serves many children who speak rare languages, meaning not Spanish or English. NIJC staff members are trained to provide legal education and legal services through interpreters to reach these children.

11. Without NIJC services, it is highly unlikely children in ORR custody in NIJC's service area will receive legal services. Most children served by NIJC are indigent and cannot pay private attorneys to represent them. Pro bono resources for children in ORR custody are scant. Children who are unable to pay a private attorney or connect with a nonprofit organization like NIJC face deportation proceedings on their own, without an attorney. For most children, the task of presenting a claim for relief from removal on their own is insurmountable and they are denied the opportunity to present their cases, are denied due process, and are likely to be ordered deported.

12. For example, NIJC representation is critical to clients like eight-year-old Juan,[1] who is an indigent immigrant child who was released from ORR custody into the care of his United States citizen mother. Juan is not in removal proceedings and has no negative factors in his case. Juan was abandoned by his father and requires attorney representation to establish eligibility for family-based protection through his mother.

13. NIJC's work with immigrant children is increasingly critical because in recent weeks, ICE has increased the rate and speed with which it serves Notices to Appear (NTAs) on immigrant children. Service of the NTA and the filing of the NTA with the immigration court causes removal proceedings against children to proceed. Under this practice, children have reduced time to have their cases screened by NIJC, receive case assessments, make decisions about how they wish to proceed, file procedural motions to position their cases to proceed before the court, prepare applications for relief, gather evidence, and develop legal arguments in support of their claims for relief from removal. Without access to NIJC's legal services—an inevitable reality given the loss of funding to do this work—children with filed NTAs will be greatly disadvantaged.

---

[1] NIJC is using a substitute name to project client confidentiality.

3

14. In the event that NIJC is forced to cease representing existing clients, the children NIJC currently serves will be highly unlikely to find private attorneys or pro bono counsel to represent them. In NIJC's experience, pro bono attorneys are usually not willing to accept matters involving immigrant children without training and ongoing support from an organization with immigration law expertise, like NIJC.

15. NIJC's work on behalf of immigrant children is welcomed by immigration judges. NIJC maintains a strong working relationship with ICE attorneys as well as ORR officials. In recent weeks, as the sustainability of NIJC's Children's Protection Project has been threatened, a judge at the Chicago Immigration Court expressed concern that NIJC might not be available to represent children appearing before her court. Judges have stated to NIJC attorneys that their representation of children allows the court to proceed in an efficient manner; it allows judges to be assured that the children have been screened for relief, counseled about their options, and equipped to make informed decisions as they face removal proceedings. Likewise, local shelter providers rely on NIJC to provide timely KYR services to the children in their care and value NIJC's expertise and knowledge in working with unaccompanied children.

16. Without warning, on February 18, 2025, HHS (through the United States Department of the Interior) issued a national contract stop work order for Legal Services for Unaccompanied Children, effective immediately, which extended to all of our Contract Line Numbers (CLINs): 1. KYR presentations and legal services for pro se children in ORR facilities; 2. Legal representation for unaccompanied children both in ORR custody and released from ORR custody, as well as additional tasks to support and report on the provision of legal services; 3. Immigrant Justice Corps fellows who represent children not covered under other CLINs; and 4. Spanish language interpretation and training for organizational staff who work with children. Without elaboration on duration or reasoning, the stop work order stated that it would "remain in place until you are notified otherwise" and was "being implemented due to causes outside of your control and should not be misconstrued as an indication for poor performance."

17. NIJC received notice of the stop work order from the Acacia Center for Justice. NIJC promptly informed staff members on the Children's Protection Project, who were greatly distressed by the news that NIJC's ability to serve immigrant children had been dramatically compromised. The stop work order remained in force for about three days, but the program was briefly reinstated and the stop-work order lifted on the third day.

18. Then, on March 21, 2025, also without warning, NIJC learned that HHS (through the United States Department of the Interior) partially terminated the current contract with

4

    Acacia Center for Justice (to which NIJC is a subcontractor) that funds legal services for unaccompanied children. This termination took effect the same day, March 21, 2025. HHS terminated the contract with respect to 3 of the 4 CLINs: CLIN 2, Legal representation for unaccompanied children, as well as other non-representation services, such as referrals and data tracking; CLIN 3, which funds Immigrant Justice Corps fellows who represent unaccompanied children not covered under CLIN 2; and CLIN 4, Spanish language support for organizational staff who work with children.

19. For the time being, HHS has left in place only CLIN1, which funds KYR presentations and confidential legal consultations for pro se children in ORR facilities. Per the partial termination, HHS ordered Acacia and all subcontractors to stop work immediately on CLINs 2, 3, and 4. HHS provided no explanation for the partial termination other than "the Government's convenience."

20. NIJC received notice of the partial termination from the Acacia Center for Justice. NIJC promptly informed staff members on the Children's Protection Project, who were again greatly distressed by the news that NIJC's ability to serve immigrant children had been dramatically compromised after having previously endured the stop work order.

21. The funding NIJC receives from the federal government to serve immigrant children amounts to more than four million dollars and comprises more than 25% of NIJC's overall budget. Without this funding, NIJC cannot maintain its staff and will be forced to terminate positions. To the extent NIJC is able to transition some staff members from the Children's Protection Project to other projects at NIJC, NIJC may be able to preserve some jobs, but the funding sources for other projects would require people to shift the scope of their work. Other funding streams do not allow for the scope and volume of services NIJC currently provides to immigrant children. Put simply: without this funding, children in NIJC's service area will lose their attorneys, will be unable to seek protection like asylum, will be more vulnerable to human trafficking, and will face deportation to places where they will be harmed.

22. Even in the limited circumstances where it is possible, shifting staff members from NIJC's Children's Protection Project to other NIJC projects carries significant costs for NIJC. NIJC will lose the ability to fully use the expertise of Children's Protection Project staff members as some of those staff members are incorporated into other teams and the focus of their work is broadened.

23. In light of the partial contract termination and ongoing risk to funding for legal services for immigrant children, NIJC has initiated transfers of about five staff members to other NIJC projects. NIJC has not re-hired for positions vacated by Children's Protection

    Project staff members who left NIJC. These adjustments have already compromised the ability of NIJC to serve immigrant children. NIJC is also undertaking an assessment of vacancies in other NIJC teams and likely departures in the coming months to identify other ways to keep at least some members of the Children's Protection Project employed. The Children's Protection Project has conducted significant restructuring and reassignment of cases and other responsibilities to account for these shifts. NIJC's senior management team, including NIJC's executive director, chief operating officer, director of development, and director of legal services, have devoted significant time to responding to the Children's Protection Project funding crisis. Responding to this situation has prevented NIJC from conducting other work critical to NIJC's mission.

24. NIJC's Children's Protection Project is a core part of NIJC's mission and an integral component of NIJC's comprehensive work to protect the rights of immigrants, refugees, and asylum seekers. A significant reduction in NIJC's ability to represent children, as will occur if federal funding is not restored, will undermine the mission of NIJC, will deny immigrant children a fair day in court, and compromise decades of work NIJC has accomplished for immigrant children.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 25th of March 2025, in Goshen, Indiana.

s/ Lisa Koop
Lisa Koop, National Director of Legal Services
National Immigrant Justice Center
110 E. Washington St., Goshen, IN 46528
111 W. Jackson Blvd, Suite 800, Chicago, IL 60604
T: 312.660.1321
lkoop@immigrantjustice.org