IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>        Defendants. | Case No. 3:25-cv-2847<br><br>**DECLARATION OF MARTHA RUCH (CLSEPA) IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**DECLARATION OF MARTHA RUCH**
**LEAD IMMIGRATION MANAGING ATTOREY FOR CLSEPA**

*I, Martha Ruch, make the following statements on behalf of myself and Community Legal Services in East Palo Alto (CLSEPA). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. My name is Martha Ruch, and I am the Lead Managing Attorney of the Immigration Program at Community Legal Services in East Palo Alto ("CLSEPA"). I have been an immigration attorney with CLSEPA for five and a half years, since September 2019. CLSEPA is a non-profit legal aid organization that serves residents of San Mateo County and Santa Clara County, California. CLSEPA has offices in the city of East Palo Alto, San Francisco, and Mountain View. CLSEPA is one of the primary organizations dedicated to providing free immigration legal services to low-income immigrants in San Mateo County and Santa Clara County, California, including indigent unaccompanied immigrant children who are residing with sponsors in the San Francisco Bay Area after their release from Office of Refugee Resettlement ("ORR") custody.

2. CLSEPA is a legal aid organization with immigration, housing, and economic advancement legal services. Our economic advancement work includes post-conviction relief, re-entry work, workers' rights, and consumer protection law. CLSEPA's mission is to deliver transformative legal services, empower communities, and help community members in East Palo Alto, San Mateo County, and Santa Clara County achieve a secure and thriving future. CLSEPA's immigration practice is unique among immigration legal service organizations in that we handle both adult and children's cases, as well as both defensive cases in deportation proceedings before the immigration court, and affirmative applications for humanitarian or family-based visas from the immigration benefits agency, United States Citizenship and Immigration Services ("USCIS"). CLSEPA tries to prioritize vulnerable clients for immigration representation, as well as clients who would be unable to afford legal representation elsewhere.

3. In order to carry out its mission, CLSEPA represents unaccompanied minors in removal proceedings in immigration court after they are released from ORR custody to sponsors living in the Greater San Francisco Bay Area. As a major part of this work, we represent unaccompanied immigrant children who are in foster care and who are receiving social work services from another organization, Catholic Charities of Santa Clara County ("CCSCC"). CCSCC assists these unaccompanied immigrant minors receive guardianship orders and placement with foster parents or guardians upon their release from ORR custody. CLSEPA represents these unaccompanied immigrant children in their removal proceedings in immigration court. CLSEPA continues to represent our unaccompanied

1

immigrant child clients beyond the conclusion of their cases in immigration court until they are granted permanent immigration status in the United States whenever possible.

4. CLSEPA has been providing legal services for unaccompanied immigrant children in California since 2014. CLSEPA began assisting unaccompanied immigrant children in removal proceedings as part of Bay Area removal defense collaboratives and expanded our work to include removal defense for immigrant children immediately following their release from ORR detention. CLSEPA currently represents about 50 children who are either in removal proceedings, or who we previously represented in removal proceedings. We continue to assist with affirmative applications for immigration status even after the conclusion of a child's case in immigration court. Of these children, 23 are living in foster care and were referred to CLSEPA for representation in their removal proceedings once they were released from ORR detention into the custody of legal guardians. Most of our unaccompanied child clients are either based in Santa Clara or have ties there, either because they reside with their legal guardians in Santa Clara County, or their case workers are located there through CCSCC.

5. With U.S. Department of Health and Human Services ("HHS") funding, CLSEPA employs six staff members dedicated to providing legal services to unaccompanied immigrant children. For all six staff members, representation of unaccompanied children makes up a significant portion of their case work. Specifically, three attorneys work on unaccompanied minors' removal defense cases in immigration court and each represent five to ten immigrant children who were released from ORR custody into foster care. Three non-attorney paralegals assist CLSEPA's immigration attorneys in the representation of our youth and child clients.

6. CLSEPA's work with unaccompanied minors only extends to legal representation after the child's release from ORR custody. We represent children in ongoing immigration cases in non-detained immigration court, or in applications before USCIS. Staff providing representation to unaccompanied minors make every effort we can to meet with our clients in person and provide culturally appropriate and child-sensitive services. Staff travel to different parts of the Greater San Francisco Bay Area to meet with clients, and work in collaboration with clients' guardians and social workers to conduct appointments and prepare applications for immigration benefits. CLSEPA represents children in removal proceedings in immigration court, affirmative relief like asylum before USCIS, Special Immigrant Juvenile Status ("SIJS") in state court, and humanitarian visas like the T visa, U visa, or VAWA.

7. CLSEPA has represented 25 children through HHS's Legal Services for Unaccompanied Children program since 2022. These 25 children all came to the United States as unaccompanied immigrant children, and the majority live in foster care. Two of CLSEPA's clients whom we served through HHS funding were children from Afghanistan who were

2

granted asylum before USCIS and have already been granted permanent residency. CLSEPA remains the attorney of record for the remaining 23 of our child immigrant clients whom we retained through HHS funding.

8.  In our representation of unaccompanied minors in immigration court, CLSEPA has had a positive interaction with immigration judges and has been successful in negotiating with Immigration and Customs Enforcement ("ICE") to dismiss or terminate many clients' removal proceedings. CLSEPA is proactive about filing applications for immigration status as soon as possible and contacts opposing counsel from ICE in advance of all clients' scheduled hearings in immigration court to ensure that clients can move forward with their immigration cases without needing to miss school or appear in person at their hearings. Of the 25 children who CLSEPA has represented in their immigration cases under the HHS Unaccompanied Children Program, none are currently in active removal proceedings. All clients' removal defense cases have either been terminated, dismissed, were never filed with the immigration court, or are administratively closed while awaiting a decision from USCIS on an application for immigration benefits.

9.  Without warning, on February 18, 2025, HHS (through the U.S. Department of the Interior) issued a national contract stop work order for Legal Services for Unaccompanied Children, effective immediately, which extended to all four Contract Line Numbers ("CLINs"). Without further elaboration on duration or reasoning, the stop work order stated that it "shall remain in place until you are notified otherwise" and "is being implemented due to causes outside of your control and should not be misconstrued as an indication for poor performance." HHS then later rescinded the stop work order without explanation on February 21, 2025.

10. On March 21, 2025, also without warning, we learned that HHS (through the U.S. Department of the Interior) partially terminated the current contract with Acacia Center for Justice (to which our organization is a subcontractor) that funds legal services for unaccompanied children. This termination was effective the same day, March 21, 2025. HHS terminated the contract with respect to 3 of the 4 Contract Line Numbers (CLINs): CLIN 2, Legal representation for unaccompanied children, as well as other non-representation services, such as referrals and data tracking; CLIN 3, which funds attorneys placed through the Attorney Recruitment Project and Immigrant Justice Corps fellows who represent unaccompanied children not covered under CLIN 2; and CLIN 4, Spanish language tutoring for organizational staff who work with children. For the time being, HHS has left in place only CLIN 1, which funds KYR presentations and confidential legal consultations for pro se children in ORR facilities. Per the partial termination, HHS ordered Acacia and all subcontractors to stop work immediately on CLINs 2, 3, and 4. HHS provided no justification for the partial termination other than "the Government's convenience."

3

11. CLSEPA found out about the termination of the HHS contract for unaccompanied children on the morning of Friday, March 21, through an email from the Acacia Center for Justice. Our staff was already working on our clients' cases as usual and received receipt notices for some of our HHS-funded clients' immigration cases in the mail that same day. CLSEPA continued to advise and update our child clients about their cases, as required by our ethical obligations as attorneys and pursuant to the California Rules of Professional Responsibility.

12. If our HHS funding to represent unaccompanied minors in their immigration cases is terminated for good, CLSEPA will need to find another source of funding to continue representing our clients. CLSEPA intends to continue representing our clients in their affirmative immigration applications with USCIS and in their administratively closed removal proceedings in removal court. We will follow through on our commitment to re-calendar and terminate clients' administratively closed removal proceedings when they are eligible and will continue to renew the employment authorization for clients who have pending asylum applications or approved SIJS status. For our clients who have SIJS status and are in the visa backlog with their applications for permanent residency, CLSEPA unfortunately may need to re-evaluate our signed contracts to determine whether we can still guarantee representation once their priority date becomes current to adjust their status. All 23 of our current child clients have approved SIJS status and are waiting for their opportunity to apply for permanent residency, but CLSEPA may no longer be able to assist them without continued funding.

13. CLSEPA's funding from HHS to represent unaccompanied children in their immigration cases is one of our primary sources of funding for our immigration work. It currently comprises about 15% of our immigration direct services budget. The three attorneys and three support staff who work on this grant will need to do additional work to evaluate the next steps on our children's cases and determine whether we can continue to meet our obligations in their cases. CLSEPA will not be able to hire or train new staff as anticipated in order to continue this important work. CLSEPA may be able to assign our cases to other local, county, or state grants but this will vary depending on each child's current location and case circumstances. Even if we are able to reassign our cases to other grants, it will create a burden on our staff and will mean that we are unable to take on new clients using those already assigned funds.

14. The contract termination creates a serious impact on CLSEPA's mission and our ability to fulfill our ethical obligations to our clients. Unaccompanied immigrant children represent some of our most vulnerable clients, especially those living in foster care. Most of these clients have approved SIJS status but need ongoing advice and renewals of immigration benefits in order to maintain stability and participate in civic life in the United States. For clients in administratively closed removal proceedings, the process of substituting or withdrawing counsel may prejudice the client or cause them to be placed back into active removal proceedings. CLSEPA intends to keep representing our clients in removal

proceedings pursuant to our ethical obligations so that they are not harmed by a change in their counsel. However, CLSEPA has had grim conversations with our partner organizations to let them know that we may no longer be able to continue accepting referrals for new cases. In particular, we have had to inform CCSCC that we can no longer guarantee representation for unaccompanied immigrant children who are placed into foster care after release from ORR custody, even if they are in removal proceedings and have no counsel to appear with them in court. Thus, the negative effects of the partial contract termination are being felt beyond CLSEPA and affect the wider community's ability to provide services to unaccompanied children in San Mateo County, Santa Clara County, and the Greater Bay Area.

15. The uncertainty around HHS funding and contract termination has also had a negative impact on CLSEPA's ability to hire and train new staff. This has in turn aggravated staff burnout. This burnout and overburdening of our remaining staff will continue to have a negative impact over time if CLSEPA is unable to bring new attorneys into the team after staff turnover.  While CLSEPA seeks new funding so we can represent our clients into the future, the reality that we may need to withdraw from some cases in the future causes a moral injury to our staff who are dedicated to our clients and their wellbeing. The prospect of withdrawing from our clients' cases is contrary to the sense of trust and safety that we try to instill in our work, especially with our child clients. Furthermore, if our clients lose their immigration legal advocates, they will be at risk of having their legal status expire or of losing the opportunity to apply for permanent residency when they are eligible. Youth clients may also fall victim to immigration enforcement or be referred back to removal proceedings without ongoing advice from a legal advocate. The termination of this funding for CLSEPA's most vulnerable clients during a time when immigration enforcement has become more commonplace and more likely to violate clients' constitutional rights is a devastating loss for CLSEPA, for our staff, and for the communities we fight for so that they can survive, thrive, and contribute to life here in the United States.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on the 25th of March 2025, in San Francisco, California

_____

**Martha Ruch**
Lead Managing Attorney
CLSEPA