IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-2847<br><br>**SUPPLEMENTAL DECLARATION OF ELIZABETH SANCHEZ KENNEDY (GHIRP) IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

# SUPPLEMENTAL DECLARATION OF ELIZABETH SANCHEZ KENNEDY
## Executive Director, Galveston-Houston Immigrant Representation Project (GHIRP)

*I, Elizabeth Sanchez Kennedy, make the following statements on behalf of myself and Galveston-Houston Immigrant Representation Project (GHIRP). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-17) as if fully set forth herein.

2. My name is Elizabeth Sanchez Kennedy, and I am the Executive Director at the Galveston-Houston Immigrant Representation Project. GHIRP is a legal services organization that was launched in October 2020 with a mission to build a resilient, diverse community by providing comprehensive representation and holistic legal services to immigrants in need. GHIRP's legal services range from outreach and education to complex litigation in the Galveston-Houston area. Our legal team provides holistic and comprehensive representation to immigrants in the community, including unaccompanied minors, adults, and women, children, and families.

3. Despite the partial contract termination, GHIRP's Immigrant Children & Youth team continues to provide legal services to detained and released unaccompanied immigrant children in the Galveston-Houston area. For example, since this lawsuit was filed, GHIRP has performed the following work for existing clients: filed six I-765 applications, two I-589 applications, two motions to terminate, one motion to reopen, one T-visa application, and at least eleven (11) filings in state court for clients who qualify for Special Immigrant Juvenile status; and attended two hearings in Immigration Court and two hearings in state court. We are relying on general operations funding (reserved for other purposes and programs) to continue meeting our ethical obligations to our clients, including filing deadlines and court appearances, and serve children with emergency needs that have arisen since the partial contract termination. GHIRP management will implement staffing decisions, including layoffs, next week.

4. GHIRP's casework continues at a high volume, as the courts are moving forward on cases and the detained dockets are moving at an expedited pace. In the next month, nine (9) of our clients have hearings in Immigration Court, including one Individual Hearing. GHIRP attorneys also have multiple hearings in state court scheduled for later this month for clients who could lose eligibility for Special Immigrant Juvenile status if we are not able to prove up their cases.

5. GHIRP mentors and supervises pro bono attorneys we have engaged on several clients' cases, particularly in the state court proceedings that provides the basis to seek Special Immigrant Juvenile status. We often recruit and engage pro bono attorneys to handle this portion of the immigration case because it can be time consuming, procedurally complicated, and very fact-specific. Among our clients with pending state court proceedings by pro bono attorneys are two sisters, ages 14 and 15, from Central America, who currently live in Galveston with their grandmother, and were previously abandoned by their father. GHIRP represents the girls in their Immigration Court proceedings and our legal team needs to be able to provide ongoing mentorship to the pro bono attorney who is handling their case in the local court.

6. GHIRP's legal team has continued preparing *pro se* detained children for their hearings in immigration court and provides "Friend of Court" services for those required to appear before the Immigration Judge. After the implementation of so-called 'rocket dockets' nationwide, the local ICE Field Office Juvenile Coordinators (FOJC) filed Notices to Appear immediately for the currently detained children. Cases are being fast-tracked, and children are being rapidly scheduled for Master Calendar Hearings on the Houston detained juvenile docket.

7. On April 2, 2025, a GHIRP attorney appeared as Friend of Court for the detained docket. The Immigration Judge asked about the status of the funding and exclaimed her gratitude when we informed her that we would continue providing these services, at least temporarily. She told our attorney that we are "invaluable" to her and explained that the prior week had been very difficult because many detained children at other facilities had hearings, but no ORR-funded attorneys had appeared as Friend of Court due to the loss of funding.

8. Through GHIRP's non-representational legal services at our two assigned ORR facilities, we have encountered several children requiring immediate legal assistance. The children would have previously been categorized as mandatory or priority representation cases under the contract activities requirements. However, now we face the difficult decision of representing the children without funding or leaving them to fend for themselves in situations that almost certainly will result in their immediate deportation.

9. Among the detained children we have met recently is a tender aged child who was taken into immigration custody after a local traffic stop. Immigration officials placed him in ORR custody which separated from his parents, who have lawful status, and he is now experiencing extreme trauma exacerbated by the fact that he is at imminent risk of deportation. Additionally, GHIRP is working with five siblings who were recently orphaned en route to the United States. Due to recent, heightened ORR evidentiary

requirements for sponsors, the children face prolonged detention if GHIRP is not able to advocate for their interests. Finally, we met two siblings, aged 10 and 13, who were trafficked by a family member and were placed in ORR custody after local police rescued one of the children from the streets. All of these children require child-friendly, trauma-informed legal services to ensure their safety and protection.

10. As a result of recent events, it has become more evident than ever that ORR facility staff at the two shelters we serve are appreciative of the work we do as legal service providers. When discussing the partial contract termination with one of our facilities, a senior shelter staff member stated, "we deeply appreciate the support you offer to the children in our program."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 3rd of April 2025, in Houston, Harris County, Texas.

/s/ Elizabeth Sanchez Kennedy
_____

**Elizabeth Sanchez Kennedy**
**Executive Director**
**Galveston-Houston Immigrant Representation Project (GHIRP)**