IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-2847<br><br>**SUPPLEMENTAL DECLARATION OF LISA KOOP (NIJC) IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

# SUPPLEMENTAL DECLARATION OF LISA KOOP
# NATIONAL DIRECTOR OF LEGAL SERVICES
# FOR THE NATIONAL IMMIGRANT JUSTICE CENTER

*I, Lisa Koop, make the following statements on behalf of myself and the National Immigrant Justice Center (NIJC). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-13) as if fully set forth hererein.

2. My name is Lisa Koop. I am the National Director of Legal Services at the National Immigrant Justice Center (NIJC). NIJC is based in Chicago, Illinois and provides legal services to immigrants. NIJC is dedicated to providing legal services to indigent unaccompanied immigrant children who are not in detention as well as those held in the custody of the Office of Refugee Resettlement (ORR) in Illinois and Indiana.

3. Since the ORR funding ceased, NIJC was forced to temporarily shift staff members to work on other NIJC projects. Without secured ORR funding, NIJC's ability to continue its work of providing legal services to immigrant children through the Children's Protection Project is at imminent risk, without drastic restructuring.

4. NIJC has urgent filings for immigrant children imminently due. For example, on Monday of this week, after years of very limited asylum interview scheduling by the government, NIJC received notice of three asylum interviews scheduled for the third week in April. NIJC has about 250 asylum matters for unaccompanied children pending before the Chicago Asylum Office and expects more of those matters to be set for interviews in the near future. NIJC has 43 special immigrant juvenile cases to be filed, with over half of those cases awaiting state court hearings on requests for predicate orders. NIJC has about four U-visa and four T-visa cases in urgent need of filing.

5. Staff at the ORR-funded children's shelters and long-term foster care programs which house the immigrant children NIJC was funded to serve have asked NIJC staff to meet with children in their care. They report they are without recourse or answers for children when NIJC is unable to offer services to newly arrived children and has limited capacity to respond to the legal needs of existing clients.

6. Since the termination of funding from ORR for legal services for children, NIJC has aggressively sought to recruit pro bono attorneys to represent immigrant children. NIJC has requested to place pro bono cases with major law firms with offices in Chicago. Of those firms, one firm has offered to take two cases following training by NIJC. Another

1

firm suggested they may be able to take cases when their summer associates arrive in a few weeks. Several of NIJC's usual partner firms have suspended acceptance of new immigration matters due to messaging from the White House about pro bono involvement in immigration matters. Of the 250 children's asylum matters NIJC is seeking to place with pro bono attorneys, less than ten are likely to be placed in the coming weeks.

7. To equip pro bono attorneys to handle children's asylum matters, NIJC has scheduled a pro bono training the third week in April. Three NIJC asylum experts will prepare and present that training, with support from NIJC's pro bono manager. Pro bono attorneys who attend the training will receive intensive guidance from NIJC on asylum law and practice and best practices for working with immigrant children. To sustain a pro bono program, NIJC requires expert staff with significant experience who are available to support matters handled by pro bono attorneys, who are not immigration law experts and often have little familiarity with the agencies and systems involved in children's asylum matters. Without ORR funding to maintain those pro bono support positions, NIJC will not be able to provide pro bono attorneys with the support they expect and require to represent immigrant children.

8. Pro bono attorneys who accept matters through NIJC will typically only do so when NIJC commits to provide ongoing training and support. At present, most law firms that handle pro bono matters are unlikely to accept full representation of an asylum matter for the duration of the case. Rather, their preference is for NIJC to remain co-counsel in pro bono matters and to revert the case to NIJC after a set time. To run a pro bono project, NIJC must have capacity to re-absorb cases when pro bono attorneys become unavailable to continue pro bono matters. Given the length of many immigration cases, it is common for pro bono attorneys to transition away from their firms or otherwise become unavailable to continue representing their child immigrant clients.

9. The confluence of rapid filing of children's charging documents by Immigration and Customs Enforcement (ICE) with the immigration court (which results in court hearings where children could be deported), the sudden scheduling of children's asylum interviews after years of case stagnation, and the chilling effect of anti-pro bono attorney messaging from the White House results in a dire situation for the immigrant children NIJC seeks to serve. Children face deportation hearings and asylum interviews that will determine their futures at the very moment immigration attorneys have been unfunded and pro bono attorneys have been cautioned to avoid immigration matters. NIJC fears irreparable harm will ensue not only to NIJC, which may be forced to reduce its Children's Protection Project, including pro bono support, but to the children who desperately need NIJC's expert representation.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on the 4th of April 2025, in Goshen, Indiana.

s/ Lisa Koop
Lisa Koop, National Director of Legal Services
National Immigrant Justice Center
110 E. Washington St., Goshen, IN 46528
111 W. Jackson Blvd, Suite 800, Chicago, IL 60604
T: 312.660.1321
lkoop@immigrantjustice.org