IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

|  |  |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-2847<br><br>**SUPPLEMENTAL DECLARATION OF JOEL FROST-TIFT (PUBLIC COUNSEL) IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

**SUPPLEMENTAL DECLARATION OF JOEL FROST-TIFT**
**SUPERVISING ATTORNEY, UNACCOMPANIED CHILDREN'S TEAM,**
**PUBLIC COUNSEL**

*I, Joel Frost-Tift, make the following statements on behalf of myself and Public Counsel. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-9) as if fully set forth herein.

2. My name is Joel Frost-Tift, and I am the Senior Supervising Attorney of the Unaccompanied Children's Team at Public Counsel, a nonprofit public interest law firm in Los Angeles dedicated to advancing civil rights and racial and economic justice, as well as to amplifying the power of our clients through comprehensive legal advocacy. Public Counsel is one of the primary organizations dedicated to providing legal services to indigent unaccompanied immigrant children who are released from Office of Refugee Resettlement (ORR) custody throughout the greater Los Angeles area.

3. Public Counsel's Immigrants' Rights Project (IRP) is the second-oldest of Public Counsel's eight projects. IRP has over 30 full-time dedicated staff members. Within IRP, the UC team is the largest subproject, with 16 staff members, 15 of whom are funded by UCP. Without UCP funding, we will be unable to maintain this staffing of the Unaccompanied Children's team at its current level. This loss of staff would have a devastating impact on our ability to continue to represent unaccompanied children and on morale within IRP and the organization as a whole. In addition, we have been unable to take on new cases since the loss of funding, which has had a detrimental effect on unaccompanied children in our service area.

4. We have three hearings for unaccompanied children in the next month who need experienced attorneys trained in trauma-informed representation to present their humanitarian claims for relief. These children are presenting complicated claims for asylum and/or Special Immigrant Juvenile Status before the courts. Their claims touch on sensitive subjects such as child abuse, trafficking, and family separation. More often than not they do not speak English and have never told a soul about the abuse or mistreatment they suffered before coming to the United States. Over months — and in some cases years— our attorneys have built up trust and rapport with these children in order to prepare for the day they can finally present their story to a judge.

1

5.  Public Counsel has long collaborated with pro bono attorneys to assist in providing legal services to indigent clients.  Our pro bono partners are a cornerstone of our representation model and allow us to have a wider impact for the marginalized and underserved communities we serve.  However, pro bono counsel — no matter how experienced — requires mentorship and training, which in turn requires experienced staff.  If the UCP funding is not restored, we simply cannot rely on pro bono counsel to independently adequately represent the 200 unaccompanied children we serve annually.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on the 3 of April 2025, in Los Angeles, California.



**Joel Frost-Tift**
**Senior Supervising Attorney, Unaccompanied Children's Team**
**Public Counsel**

2