IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-cv-2847<br><br>**SUPPLEMENTAL DECLARATION OF JILL MARTIN DIAZ OF VERMONT ASYLUM ASSISTANCE PROJECT, (VAAP) IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

# SUPPLEMENTAL DECLARATION OF JILL MARTIN DIAZ
## EXECUTIVE DIRECTOR, VERMONT ASYLUM ASSISTANCE PROJECT

*I, Jill Martin Diaz, make the following statements on behalf of myself and Vermont Asylum Assistance Project, I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-7) as if fully set forth hererein.

2. My name is Jill Martin Diaz (they/them), and I am the Executive Director at Vermont Asylum Assistance Project (VAAP). VAAP is a nonprofit immigration law firm dedicated to expanding access to critical legal services for noncitizens across Vermont. VAAP grew out of years of grassroots advocacy to meet low-income Vermonters' increasingly urgent and unmet needs for structured, equitable, and trauma-informed immigration representation. VAAP is the primary organization dedicated to providing legal services to indigent unaccompanied immigrant children who are not in detention in Vermont, among other immigrant youth and other subpopulations in removal proceedings.

3. Since I signed my initial declaration pertaining to this matter, the loss of funding has caused VAAP to terminate 25% of our staff. Our organization is too small to responsibly float salary liability without the surety of reimbursement and too stretched to responsibly absorb the caseloads of any furloughed legal staff. Accordingly, VAAP has had to eliminate the Paralegal Advocate/Program Coordinator position from our organization chart, reducing our staff to three Legal Advocates (including my role as a Legal Advocate/Executive Director).

4. Our reduced team of three is now carrying the work of four while the complexity of our work and conflicting demand for our time explodes. As the only organization of its kind in Vermont, VAAP staff are having to make zero-sum decisions between directly serving individual clients to whom we owe existing attorney-client duties and those whose cases are newly becoming the most legally urgent and perilous. We are torn between advancing state-based protections and participating in litigation to remedy systemic Constitutional and civil rights violations.

5. We received informal notice that next month (May 2025) the U.S. Citizenship and Immigration Services' Newark Asylum Office will resume conducting "circuit rides" to Vermont to hear affirmative asylum applicants' interviews for the first time in over eight years. The only affirmative Vermont asylum applicants who have had their cases heard in the last eight or so years are Afghan nationals, whose interviews the Newark Asylum Office

1

    completed expeditiously pursuant to the Biden Administration's *Operations Allies Welcome*.

6. Many of VAAP's "unaccompanied children" clients have affirmative asylum applications pending and, as the Court is aware, asylum is a discretionary form of relief with a very complicated *prima facie* standard requiring highly technical expertise and intensive attorney time to meet. Moreover, an adverse credibility determination by an Asylum Officer can prejudice respondents' *de novo* asylum review by the Immigration Court in ways that are virtually nonreviewable and functionally impossible to overcome.

7. VAAP staff are seriously concerned that USCIS is finally granting our years-long requests for Newark Asylum Office circuit rides just weeks after we filed numerous "unaccompanied children" applications pursuant to the *J-O-P-* settlement filing deadline and amidst lost funding.

8. VAAP pro bono attorneys typically require an intensive volume of mentorship and support and are not realistically likely to absorb any work that our team cannot maintain responsibly in-house, especially with rapidly evolving law and practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 3rd of April 2025, in Washington, D.C.

/s/ Jill Martin Diaz

**Jill Martin Diaz, Esq.**
**Executive Director**
**Vermont Asylum Assistance Project**