IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

Defendants.

Case No. 3:25-cv-2847

**SUPPLEMENTAL DECLARATION OF MELISSA MARI LOPEZ, "ESTRELLA", IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE**

**SUPPLEMENTAL DECLARATION OF MELISSA MARI LOPEZ**
**EXECUTIVE DIRECTOR, ESTRELLA DEL PASO**

*I, Melissa Mari Lopez, make the following statements on behalf of myself and Estrella del Paso. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-14) as if fully set forth herein.

2. My name is Melissa Mari. Lopez, and I am the Executive Director at Diocesan Migrant & Refugee Services doing business as Estrella del Paso ("Estrella del Paso"). Estrella del Paso is the largest provider of free immigration legal services in West Texas and New Mexico. Estrella del Paso is based out of El Paso, Texas but provides legal services to populations living anywhere in West Texas and the state of New Mexico who have removal proceedings venued in the El Paso, Texas before the El Paso Non-Detained Immigration Court, the El Paso Detained Immigration Court, or the Otero Detained Immigration Court. Estrella del Paso is the primary organization in West Texas and New Mexico providing legal services to indigent, unaccompanied immigrant children who are not in detention as well as those detained in Office of Refugee Resettlement (ORR) custody in El Paso County.

3. Despite the Temporary Restraining Order (TRO) being in effect from April 2, 2025, we are still not able to provide any legal representation, pro se assistance, or assist with pro bono referrals.

4. On Friday, April 4, 2025, at 5:39 PM, our office received an email from the Lead Case Manager at one of the El Paso ORR shelters regarding A.D.G.M.. The Lead Case Manager stated the child had been in the shelter for 19 days and had an active order of removal. She further stated, "Kindly requesting if the child will have any type of representation or assistance from Estrella del Paso." Despite receiving the email out of normal business hours, our Children's Program Director, Natasha Rosario, responded to the email within one hour and advised that despite the court granting the TRO and making it effective on April 2, 2025, Estrella del Paso still had not received further clarification or instructions allowing us to resume services as they were in place prior to the March 21, 2025 termination.

5. The shelter Associate Program Director replied to Ms. Rosario's email on Saturday, April 5, 2025, at 2:27 PM, stating Ms. Rosario needed to contact the ICE Juvenile Coordinator as the children's removal was pending and could not be stopped by ORR. The date for removal was confirmed to be Sunday, April 6, 2025.

6. Ms. Rosario asked to interview the child on Sunday, April 6, 2025, at noon, the soonest she was available, to interview the child. However, Ms. Rosario was informed that the child was to be picked up at 8:00 AM and thus would not be available at noon. We have confirmed that this child was in fact removed from the United States earlier today, Sunday, April 6, 2025.

7. A review of our records indicates that our office met with the child on Tuesday, March 18, 2025, before staff were made aware of the termination of most services under the Unaccompanied Children's Program contract by ORR, that Friday, March 21, 2025. Due to the termination of most contract services, the orientation specialist who had originally met with the child did not have sufficient time to staff the case with their supervising attorney prior to the termination which restricted our organization from providing further services to any children.

8. A further review of our records revealed that one of our attorneys, Valgina Rodriguez-Calderon, appeared as Friend of the Court for this child in 2022. Prior to the hearing, the child was detained at the Emergency Reception Center (ERC) in Pecos, Texas, located 210 miles East of our office in El Paso. All children detained at the ERC in Pecos were scheduled for immigration court before the El Paso Non-Detained Court. The child was released from the ERC and scheduled for court in El Paso following his release. Unfortunately, the child was not present for the hearing and was ordered removed in absentia. Because the child was no longer detained, we were unable to obtain contact information for the child or otherwise determine why the child did not appear. Our office did not have contact with the child again until Estrella del Paso staff met him on March 21, 2025.

9. If our office had been able to resume providing legal representation on April 2, we would have met with the child, obtained the necessary facts to file a Motion to Reopen and immediately filed a Motion to Reopen proceedings. A review of the initial intake done with the child by our orientation specialist revealed the child was aware of his removal order but indicated he had not attended his hearing because he had lost his hearing notice and could not recall when he was set for hearing. The intake also notes that at the time of his hearing the child was staying with cousins who were not his caregiver. We believe if we had more time to speak with the child, further facts were likely to reveal that the child missed his hearing through no fault of his own as the child is not licensed to drive and relied wholly on the adults in his life for transportation. We have had success before the El Paso Immigration Court in getting *in absentia* orders of removal re-opened on similar basis. Although an attorney was unable to meet with this child to assess his eligibility to file a motion to reopen or apply for legal relief, it is important to note that since the removal

order was entered *in absentia*, had a motion to reopen been filed for him, his removal would have been stayed automatically pending disposition of the motion. See INA § 240(b)(5)(C), 8 C.F.R. § 1003.23(b)(4)(ii).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 7th of April 2025, in El Paso, Texas.

Digitally signed by Melissa M. Lopez
Date: 2025.04.07 10:10:22 -06'00'

Melissa M. Lopez
Executive Director
Estrella del Paso