IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*\*pro hac vice* forthcoming
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-CV-02847-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO SHORTEN TIME**<br><br>Date:       TBD<br>Time:      TBD<br>Dept:       TBD<br>Judge:     Hon. Araceli Martínez-Olguín<br>Trial Date: TBD<br>Date Action Filed:   March 26, 2025 |

Plaintiffs' Opposition to Defendants' Motion to Shorten Time

Plaintiffs respectfully oppose Defendants' Motion to Shorten Time (Dkt. 39), filed late in the evening on Friday, April 4, 2025, which requests that the Court hear Defendants' contemporaneously filed Motion to Dissolve Temporary Restraining Order (Dkt. 38) "at the earliest available opportunity."

Defendants claim that expedited consideration of their Motion to Dissolve is needed to avoid "potential irreparable harm" from this Court's TRO Order (Dkt. 33) in light of "binding precedent" from the Supreme Court in *Dept. of Educ. v. Cal.*, No. 24A910, --- S.Ct. ---, 2025 WL 1008354 (Apr. 4, 2025). Dkt. 39 at 2.

The only irreparable harm occurring on the facts in this case is that which the Court has already recognized in its TRO Order: irreparable harm to Plaintiffs. And it is Plaintiffs' requests (for a preliminary injunction, Dkt. 37, and to enforce this Court's TRO, Dkt. 40) that should be expedited. Alleged application of a distinguishable recent Supreme Court case is not the urgent issue; the urgent issue is Defendants' refusal to comply with this Court's TRO Order. Defendants' Motion to Shorten Time (and its accompanying Motion to Dissolve TRO) is a baseless distraction from Defendants' violation of this Court's Order.

First, Defendants have utterly failed to comply with this Court's TRO Order. *See* Motion for Preliminary Injunction at 2–3, 8 (Dkt. 37); *see generally* Motion to Enforce (Dkt. 40). There simply is no irreparable harm to Defendants, potential or otherwise, and no need to expedite hearing a request for relief from an Order that Defendants have ignored for five days. Meanwhile, Plaintiffs continue to suffer significant irreparable harm from Defendants' actions, exacerbated by Defendants' failure to comply with this Court's TRO Order. *See* Motion to Enforce (Dkt. 40) (detailing the deportation of at least one child post-TRO Order who went unrepresented while Defendants refused to comply, along with the additional ongoing harm to Plaintiffs' survival).

Second, Defendants are wrong that the holding in *Dep't of Educ.* applies to this Court's TRO. That case is distinguishable for many reasons, including but not limited to the fact that the government had moved for a stay in that case, and that plaintiffs were financially able to cover the disputed funds pending the preliminary injunction determination. *Dept. of Educ.*, 2025 WL 1008354 at * 1-2. Plaintiffs will brief this issue in detail at the appropriate time in response to Defendants' Motion to Vacate; in the meantime, Defendants' self-serving claim that the case applies does not provide any basis for the expedited consideration Defendants request.

Defendants need no relief—let alone expedited—from this Court, particularly when they failed to comply with this Court's TRO Order. If they wish for expedited determinations, Defendants are welcome to file their opposition brief to Plaintiffs' Motion for Preliminary Injunction sooner than the already-short timeline this Court has ordered. Plaintiffs respectfully request that this Court deny Defendants' Motion to Shorten Time (Dkt. 39).

Respectfully submitted,

April 7, 2025

| | |
|---|---|
| */s/ Alvaro M. Huerta* | */s/ Samantha Hsieh* |
| IMMIGRANT DEFENDERS LAW CENTER<br>Alvaro M. Huerta (CA Bar No. 274787)<br>Carson A. Scott (CA Bar No. 337102)<br>Lya Ferreyra (CA Bar No. 340148)<br>Immigrant Defenders Law Center<br>634 S. Spring St., 10th Floor<br>Los Angeles, CA<br>(213) 634-0999<br>ahuerta@immdef.org<br>cscott@immdef.org<br>lferreyra@immdef.org | AMICA CENTER FOR IMMIGRANT RIGHTS<br>Adina Appelbaum (*pro hac vice*)<br>Samantha Hsieh (*pro hac vice*)<br>Peter Alfredson (D.C. Bar No. 1780258)*<br>Evan Benz (*pro hac vice*)<br>Amica Center for Immigrant Rights<br>1025 Connecticut Ave., N.W., Suite 701<br>Washington, D.C. 20036<br>(202) 331-3320<br>adina@amicacenter.org<br>sam@amicacenter.org<br>peter@amicacenter.org<br>evan@amicacenter.org |
| */s/ Karen C. Tumlin* | |
| JUSTICE ACTION CENTER<br>Esther H. Sung (*pro hac vice*)<br>Karen C. Tumlin (CA Bar No. 234691)<br>Laura Flores-Perilla (CA Bar No. 355645)*<br>JUSTICE ACTION CENTER<br>P.O. Box 27280<br>Los Angeles, CA 90027<br>(323) 450-7272<br>esther.sung@justiceactioncenter.org<br>karen.tumlin@justiceactioncenter.org<br>laura.flores-perilla@justiceactioncenter.org | **pro hac vice* forthcoming<br>*Attorneys for Plaintiffs* |