# Exhibit A.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No: 3:25-cv-2847 (AMO) |

**DECLARATION OF TOBY BISWAS**

I, Toby Biswas, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Director of the Division of Unaccompanied Alien Children (UAC) Policy for the UAC Bureau of the Office of Refugee Resettlement (ORR), within the Administration for Children and Families (ACF), a component of the U.S. Department of Health and Human Services (HHS).

2. This declaration is based upon my personal knowledge, information acquired by me in the course of performing my official duties, information contained in the records of ACF and ORR, and information conveyed to me by current agency employees and contractors. Specifically, I am aware of ORR's efforts to comply with the Court's temporary restraining order (TRO) issued on April 1, 2025. Dkt. 33.

3. I am submitting this declaration in support of the government's status report to recount the specific steps that have been taken as the government works towards full compliance with the TRO and thus in opposition to Plaintiffs' Motion to Enforce the TRO.

4. ORR learned of the TRO on the morning of April 2, 2025 and promptly initiated the formulation and implementation of a compliance plan.

5. The TRO enjoined Defendants "from withdrawing the services or funds provided by [ORR] as of March 20, 2025, under the Trafficking Victims Protection Reauthorization Act of 2008 ('TVPRA'), 8 U.S.C. § 1232(c)(5), and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), particularly ORR's provision of funds for direct legal representation services to unaccompanied children." Dkt. 33, at 7. The injunction "precludes cutting off access to congressionally appropriated funding for its duration." *Id.*

6. ORR interpreted the TRO to require Defendants to essentially restore those aspects of the contract with Acacia Center for Justice (Acacia), 140D0422C0009, that had been eliminated by the partial termination issued on March 21, 2025. Specifically, the March 21, 2025 partial termination eliminated the contract line items for (i) direct legal representation of UAC (CLIN 2), (ii) recruitment of pro bono or low-cost attorneys (CLIN 3), and (iii) direct representation expansion, including language support services (CLIN 4).

7. On April 2, 2025, ORR determined that the most efficient way to comply with the TRO would be to rescind the March 21, 2025 partial termination, thereby restoring CLINS 2 through 4 to the Acacia contract, which had been extended for six months.

8. ORR also determined that additional funding would need to be added to Acacia contract to fund the restored line items. The funding needed to comply with the TRO was drawn from the UAC Program's FY 2025 appropriation. On April 3, 2025, ORR's Division of Budget Planning and Analysis transferred the funds necessary to restore CLINS 2 through 4.

9. A contracting action of this magnitude (i.e., a multi-million dollar contract modification mandated by a court order) requires multiple layers of review and clearance before it can be implemented. These reviews and clearances can take several days and are underway.

10. As of April 8, 2025, the TRO compliance plan is currently undergoing final review and clearance. Upon completion of that review and clearance process, the necessary contracting steps will be executed, including the rescission of the March 21, 2025 partial termination. Consequently, the additional funding for CLINS 2 through 4 will become available to Acacia, and by extension, the plaintiffs in this matter, who are Acacia's subcontractors.

11. Accordingly, the government is diligently working towards full compliance with the TRO.

Executed on April 8, 2025.

Toby Biswas

Toby Biswas