IMMIGRANT DEFENDERS LAW
CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION
CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*pro hac vice* forthcoming
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:25-CV-02847-AMO<br><br>**PLAINTIFFS' RENEWED EMERGENCY MOTION TO ENFORCE TEMPORARY RESTRAINING ORDER**<br><br>Date:　　　May 22, 2025<br>Time:　　　2:00 p.m.<br>Courtroom:　10<br>Judge:　　　Hon. Araceli Martínez-Olguín<br>Trial Date:　TBD<br>Date Action Filed:　March 26, 2025 |

Plaintiffs' Emergency Motion to Enforce Temporary Restraining Order

PLEASE TAKE NOTICE, pursuant to Local Rule 7.2, Local Rule 7-13, and the Court's inherent power to enforce its own orders, on May 22, 2025 (or at the Court's earliest convenience), in the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102 that Plaintiffs Community Legal Services in East Palo Alto, Social Justice Collaborative, Amica Center for Immigrant Rights, Estrella del Paso, Florence Immigrant and Refugee Rights Project, Galveston-Houston Immigrant Representation Project, Immigrant Defenders Law Center, National Immigrant Justice Center, Northwest Immigrant Rights Project, Rocky Mountain Immigrant Advocacy Network, and Vermont Asylum Assistance Project will, and hereby do, move this Court for an order once again enforcing its temporary restraining order (Dkt. 33, issued April 1, 2025).

## DEFENDANTS CONTINUE TO VIOLATE THIS COURT'S TEMPORARY RESTRAINING ORDER

Earlier this week, Plaintiffs filed an Emergency Motion to Enforce this Court's temporary restraining order (the "Order"), which Plaintiffs incorporate by reference here. Dkt. 40. The same day, this Court promptly ordered Defendants to submit a status report "recounting the specific steps taken to comply with this injunction." Dkt. 42 at 1. The Court further noted that "Defendants' pending Motion to Dissolve does not excuse non-compliance with the Court's express orders, and the Court's April 1, 2025 Temporary Restraining Order remains in effect." *Id.* This Order enjoins Defendants "from withdrawing the services or funds provided by the Office of Refugee Resettlement ("ORR") as of March 20, 2025, under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5), and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), particularly ORR's provision of funds for direct legal representation services to unaccompanied children," and "precludes cutting off access to congressionally appropriated funding for its duration." Dkt. 33 at 7.

Defendants' status report, filed Tuesday April 8, 2025, represented to the Court that "[a]s of April 7, 2025, ORR has completed all internal steps necessary for compliance, including approval of the decision memo and funding transfer" and that "DOI is currently finalizing the contract modification to restore the terminated [contract line items]." Dkt. 45 at 2. Defendants further claimed "that they have taken all feasible steps to comply with the TRO to date and will continue to work with DOI to complete the remaining actions necessary to restore funding and services in compliance with the court's TRO." *Id.*

Instead, the only known action that Defendants have taken since then (other than filing a groundless motion to recuse) is to communicate to the Acacia Center for Justice ("Acacia"), the entity in privity with Defendants on the contract referenced above, that Acacia should start *closing out the very contract* that Defendants represented to this Court would be modified and restored to comply with the Court's Order. The email, sent by Acacia to its subcontractors, including Plaintiffs, states that "[t]he government has also instructed [Acacia] to continue with standard records return procedures under a **contract closeout**, related to the **termination** of CLINs 2 through 4." *See* Donovan-Kaloust Suppl. Decl., Ex. B (emphasis added).

Instructing Acacia to return records "under a contract closeout" related to "termination of CLINs 2 through 4" clearly contradicts Defendants' representation to this Court, through sworn declarations, that "the necessary contracting steps will be executed, including the rescission of the March 21, 2025 partial termination" and "the additional funding for CLINs 2 through 4 will become available to Acacia, and by extension, the plaintiffs in this matter, who are Acacia's subcontractors." Dkt. 45-1 ¶ 10; see also Dkt. 45-2 ¶ 10 (DOI representation that "DOI will carry out the necessary steps to reinstate contract line items 2 through 4 once the necessary internal review and approvals are complete.").

Plaintiffs' Renewed Emergency Motion to Enforce Temporary Restraining Order
2

Meanwhile, the ongoing and irreparable harms, identified by this Court in its April 1, 2025 Order, continue to mount in expected and tragic ways. Layoffs continue to occur, as providers of the services terminated by Defendants have now been without funds since March 21, 2025—and need to continue to lay off staff to preserve their ability to maintain ongoing representations of unaccompanied children with the dwindling staff and funds they have remaining. These layoffs harm Plaintiffs' ability to carry out their core missions of making sure as many unaccompanied children as possible receive legal support and representation. *See* Dkt. 37 at 30-33 (explaining the mission harms and frustration Plaintiffs are suffering and citing declarations). One plaintiff has been forced to lay off eight staff members, all while continuing to provide unfunded ongoing legal representation. *See* GHIRP Suppl. Decl. ¶ 3. Another plaintiff has continued to provide essential "Friend of Court" services and representation to detained children in reliance on the TRO, despite having no assurances that they will be compensated for this work. *See* Donovan-Kaloust Suppl. Decl. at 1-2. For new representations, the interruption of TVPRA and Foundational Rule-mandated representation continues to impact unaccompanied children and immigration courts in shocking ways. For example, in a few weeks, a baby is scheduled for an appearance in immigration court, appearing *pro se* despite being unable to speak, without the critical help of an attorney. *See* FIRRP Suppl. Decl. ¶ 2. Just recently, a child at court wished to take a voluntary departure order, but without anyone at court representing the child's interests or assuring the court that the child understood their rights and the ramifications of such a decision, the judge continued the case against the child's wishes, resulting in prolonged detention and preventing the child leaving the country. *Id.* ¶ 3; *see also* Estrella Suppl. Decl. ¶ 6 (describing Estrella's inability to assist a child who wants to seek voluntary departure).

Defendants have made clear their intent to reject this Court's Order entirely, filing a meritless motion asking the Court to dissolve the Order and a belated and meritless motion for recusal to delay, in addition to immediately contradicting their representations to the Court. For the reasons set forth in Plaintiff's Emergency Motion (Dkt. 40) and the additional considerations brought forth here, this Court should issue an order enforcing its temporary restraining order and make any additional orders necessary to ensure Defendants comply, including appropriate sanctions.

Respectfully submitted,

April 11, 2025

/s/ Alvaro M. Huerta

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

/s/ Karen C. Tumlin

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)*
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

/s/ Samantha Hsieh

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*pro hac vice* forthcoming
*Attorneys for Plaintiffs*