IMMIGRANT DEFENDERS LAW
CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION
CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

**pro hac vice* forthcoming
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | Case No. 3:25-CV-02847-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**<br><br>Date: April 23, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Araceli Martínez-Olguín<br>Trial Date: TBD<br>Date Action Filed: March 26, 2025 |

Defendants' motion to dissolve this Court's Temporary Restraining Order ("Order") fundamentally misinterprets and, at times, misrepresents the Supreme Court's order in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025). The order in *Department of Education* affirms the law underlying the Court's Order and provides no basis for the relief Defendants seek. The Court should deny Defendants' motion.

## STANDARD OF REVIEW

A party seeking the dissolution of an injunction bears the burden of establishing both that there has been (1) "a significant change in facts or law" and that (2) the change is enough to "warrant[] dissolution of the injunction." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (internal quotation marks omitted and cleaned up). To warrant dissolution, a significant change must "pertain[] to the underlying reasons for the injunction." *Earth Island Inst. v. Bird*, 2011 WL 4479802, at *2 (E.D. Cal. Sept. 26, 2011). *See also Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 831 (C.D. Cal. 2007), *aff'd sub nom. Orantes-Hernandez v. Holder*, 321 F. App'x 625 (9th Cir. 2009). Just as with a grant of an injunction, the decision to dissolve an injunction "is 'guided by' the *Winter* factors." *Morning Star, LLC v. Canter*, 2023 WL 5092764, at *1 (9th Cir. Aug. 9, 2023) (citing *Karnoski*, 926 F.3d at 1198).

## ARGUMENT

### I. There Has Been No "Significant Change in Facts or Law" Warranting Dissolution

Defendants do not identify any significant *factual* changes that warrant dissolution since this Court's Order; on the contrary, any and all factual changes reflect the continued and well-documented harms experienced by Plaintiffs due to Defendants' noncompliance. Dkt. 40 at 4–5; Dkt. 53 at 3. As a result, Defendants argue only that there has been significant change in the *law* to warrant their requested dissolution, citing (exclusively) *Department of Education*.

Defendants' argument fails for two separate reasons. First, *Department of Education* cannot constitute a "significant change in law," as its limited, fact-specific reasoning does not explicitly or implicitly overrule *any* Tucker Act caselaw and does not impact the jurisdiction or Order of this Court. Second, Defendants fundamentally misread the Supreme Court's order, claiming it stands for propositions that the decision's limited language cannot support.

*Department of Education* does not constitute a "significant change in law" sufficient to justify dissolution of a TRO. The Supreme Court's order is an extremely short, fact-specific discussion of why an emergency stay—not dissolution—was warranted. "[T]here is more judicial discretion with respect to a stay" because the court is *predicting* the outcome of a hearing on the merits. *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 660 (9th Cir. 2021). Although the Supreme Court discusses jurisdictional issues under the Tucker Act, *Department of Education* does not purport to overrule existing Tucker Act caselaw. Thus, *Bowen v. Massachusetts*—which Plaintiffs have consistently relied on in their TRO and preliminary injunction briefing before this Court—remains good law. *Dep't of Educ.*, 2025 WL 1008354, at *2 (citing *Bowen* with approval).

Where the Supreme Court has not *explicitly* overruled existing precedent, the Ninth Circuit requires more than an "intervening higher authority to cast doubt on the prior circuit precedent" for a precedent to be *implicitly* overruled. *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018). Such new authority must meet the "high standard" of "so undercut[ting] the theory or reasoning underlying the prior circuit precedent as to make the precedent clearly irreconcilable with the intervening authority." *Id.* (quotation marks omitted). And when "the court can apply . . . prior circuit precedent without running afoul of the intervening authority it must do so." *Id.*

*Department of Education* does nothing for Defendants. Rather, it cites *Bowen* as good law, acknowledging that, just because a claim may result in relief entailing disbursement of funds, that

does not bar district court jurisdiction. 2025 WL 1008354 at * 1. Thus, the Court can and should apply existing circuit precedent regarding the Tucker Act, which deprives the Court of jurisdiction only when claims are both founded upon contract-based rights *and* seek a contract-based remedy. *See United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1025–26 (9th Cir. 2023).

Even if *Department of Education* represented a change in law (it does not), that change must affect the basis of the underlying injunctive relief to meet the level of significance required to warrant dissolution. *See FTC v. Noland*, 2021 WL 4318466, at *6 (D. Ariz. Sept. 23, 2021) (despite a Supreme Court ruling changing allowable remedies under a statute, other remedies remained available and dissolution of an injunction was not warranted); *April in Paris v. Bonta*, 659 F. Supp. 3d 1114, 1124 (E.D. Cal. 2023) (regulatory changes lacked "significance" to meet the necessary standard). *Department of Education* does not affect the basis of this Court's Order.

Despite Defendants' claim that *Department of Education* focuses on agency discretion in funding decisions, the Supreme Court's decision never uses the word "discretion" at all, let alone "shift[s] the legal landscape" on agency discretion caselaw. Dkt. 38 at 3. Moreover, Plaintiffs agree that agencies retain discretion to terminate or alter funding agreements. Dkt. 37 at 10. That proposition does not impact the basis of the Court's Order and has no material effect. *See* Dkt. 30.

## II.     *Department of Education* Is Distinguishable and Not Controlling in this Case.

*Department of Education* is broadly inapplicable, factually and legally, to this case. The Supreme Court issued its order in response to an emergency request to stay a lower court's order and based its ruling on unique facts, making its reasoning inextricable from *Department of Education*'s procedural posture and specific facts, neither of which are analogous to this case.

In *Department of Education*, the government appealed a temporary restraining order and moved to stay. 2025 WL 1008354 at * 2. The Supreme Court considered the government's appeal an "application . . . seeking a stay pending appeal." *Id.* This allowed the Supreme Court to construe

Plaintiffs' Opposition to Defendants' Motion to Dissolve Temporary Restraining Order

the District Court's order in *Department of Education* as a preliminary injunction, despite being styled as a temporary restraining order, permitting review of the order. 2025 WL 1008354 at * 1.

Here, Defendants have neither appealed the Court's Order nor moved for a stay pending appeal.[1] This Court's Order was issued only nine days ago, and until Defendants' recent (and meritless) motion to recuse (Dkt. 47), was set to expire after 14 days in accordance with Federal Rule of Civil Procedure 65(b)(2). *Cf. Dept. of Educ.* 2025 WL 1008354 at * 1. The Court's subsequent brief extension of the Order results from Defendants' own request: "The Court finds that consideration of [Defendants'] motion for recusal constitutes good cause requiring extension of the [Order]." Dkt. 48 at 1. The Court's exacting briefing schedule on Plaintiffs' already-filed motion for a preliminary injunction remains in place and will be heard promptly. *See id*.

*Department of Education* is also inapplicable because the facts the Supreme Court relied on for its Tucker Act and irreparable harm findings are not present here. The Supreme Court held the government was likely to prevail on the merits of the Administrative Procedure Act claims in question because the plaintiffs there sued for payment on grant contracts—which, the Court explained, meant the requested relief was "to enforce a contractual obligation to pay money" on the grant contracts, implicating jurisdictional concerns under the Tucker Act. *Dept. of Educ.* 2025 WL 1008354 at * 1 (citation omitted).

Here, Plaintiffs have no contract with the government; are suing on rights created by statute (the TVPRA) and regulation (the Foundational Rule); and seek injunctive relief to enforce those statutory and regulatory rights, not relief sounding in contract. *See* Dkt. 37 at 15-17. In *Department of Education,* the TRO "enjoin[ed] the Government from terminating various education-related grants" and "require[d] the Government to pay out past-due grant obligations

---

[1] Just before filing of this Opposition, Defendants' counsel emailed Plaintiffs' counsel that they intend to appeal and seek a stay. This late-breaking development does not change any argument here, nor should it impact the result.

Plaintiffs' Opposition to Defendants' Motion to Dissolve Temporary Restraining Order

4

and to continue paying obligations as they accrue." 2025 WL 1008354 at *1. Here, where relief was not "contract-based" and did not require paying out of past-due obligations, the Order does not "fall within the scope of the Tucker Act." *United Aeronautical Corp.*, 80 F.4th at 1026. Instead, Plaintiffs seek injunctive, forward-looking relief that Defendants meet their obligations under the TVPRA and the Foundational Rule to provide legal representation to "all" unaccompanied children "to the greatest extent practicable." 8 U.S.C. § 1232(c)(5); 45 C.F.R. § 410.1309(a)(4). The Court correctly held it has jurisdiction, as the Tucker Act does not apply. Dkt. 33 at 3. *Department of Education* does not inform, let alone disturb, that holding.

*Department of Education* also held that the plaintiffs—state grant recipients—had not demonstrated irreparable harm sufficient to preclude a stay, because they represented "that they have the financial wherewithal to keep their programs running" without the grants, such that "any ensuing irreparable harm would be of their own making" if they declined to keep the programs running. 2025 WL 1008354 at *1. The opposite is true here. As Plaintiffs demonstrated in dozens of declarations, they will be forced to abandon much of their mission-driven work if Defendants continue to violate their obligations under the TVPRA and Foundational Rule. *See, e.g.*, Dkt. 37 at 30-33 (explaining the irreparable harms Plaintiffs face and citing declarations). Defendants' actions have forced Plaintiffs to conduct layoffs, divert funding from other programming, expend limited reserve funding, and contemplate an imminent future where they will have to withdraw from representations without other legal service providers to take over—or even be forced to shut down. *Id.* Unlike in *Department of Education*, Plaintiffs here face complete elimination. Moreover, Plaintiffs here have ongoing ethical requirements to continue representation of existing child clients and, in many cases, would require permission of the court to withdraw from their representations. FIRRP Decl. (Dkt. 7-4) ¶ 39. Unlike in *Department of Education*, "any ensuing

irreparable harm" could *not* "be of their own making." 2025 WL 1008354 at *1. On these facts, Plaintiffs clearly face irreparable harm, as the Court correctly found. Dkt. 33 at 5.

**III.    Dissolution Is Not Warranted, as the *Winter* Factors Still Favor Injunctive Relief.**

Even when there is a "significant change in facts or law" (there is not here), dissolution may not be warranted when the *Winter* factors favor continued injunctive relief. *See Morning Star, LLC*, 2023 WL 5092764 at *1 (finding dissolution was not warranted despite significant change in fact). Here, because the *Winter* factors weigh heavily in favor of injunctive relief, in addition to there being no "significant change of law," dissolution of the TRO is not warranted.

Plaintiffs continue to demonstrate a likelihood of success on the merits. *Department of Education* does not explicitly or implicitly overrule Tucker Act caselaw. This Court has jurisdiction, as Plaintiffs do not pursue claims founded in contract rights or seek contract remedies. Dkt. 33 at 3; *see United Aeronautical Corp.*, 80 F.4th at 1025-26. Defendants cannot reframe this as a Tucker Act case by misrepresenting the injury pleaded by Plaintiffs as a purely funding-related harm. Plaintiffs reiterate that their core business activities and organizational missions have been critically and irreparably harmed by Defendant's actions, as this Court noted. Dkt. 33 at 5.

Defendants have yet to show meaningful compliance with the TRO. *See* Motion to Enforce (Dkt. 40). Instead, Defendants continue to delay a hearing on the merits, with numerous motions filed over the past week. Meanwhile, Plaintiffs continue to suffer irreparable harm. *Id.* at 5–6. Given these facts, the balance of the equities weighs heavily in Plaintiffs' favor. Dkt. 33 at 5–6.

**CONCLUSION**

There is no justification to dissolve this Court's Order. *Department of Education* is based on entirely different facts and law, the legal basis underlying the Order remains undisturbed, and the balance of equities continues to weigh heavily in favor of maintaining the status quo until April 30. Accordingly, Defendants' Motion to Dissolve the TRO should be denied.

Respectfully submitted,

April 11, 2025

/s/ Alvaro M. Huerta

  IMMIGRANT DEFENDERS LAW CENTER
  Alvaro M. Huerta (CA Bar No. 274787)
  Carson A. Scott (CA Bar No. 337102)
  Lya Ferreyra (CA Bar No. 340148)
  Immigrant Defenders Law Center
  634 S. Spring St., 10th Floor
  Los Angeles, CA
  (213) 634-0999
  ahuerta@immdef.org
  cscott@immdef.org
  lferreyra@immdef.org

/s/ Esther H. Sung

  JUSTICE ACTION CENTER
  Esther H. Sung (*pro hac vice*)
  Karen C. Tumlin (CA Bar No. 234691)
  Laura Flores-Perilla (CA Bar No. 355645)
  JUSTICE ACTION CENTER
  P.O. Box 27280
  Los Angeles, CA 90027
  (323) 450-7272
  esther.sung@justiceactioncenter.org
  karen.tumlin@justiceactioncenter.org
  laura.flores-perilla@justiceactioncenter.org

/s/ Adina Appelbaum

  AMICA CENTER FOR IMMIGRANT RIGHTS
  Adina Appelbaum (*pro hac vice*)
  Samantha Hsieh (*pro hac vice*)
  Peter Alfredson (D.C. Bar No. 1780258)*
  Evan Benz (*pro hac vice*)
  Amica Center for Immigrant Rights
  1025 Connecticut Ave., N.W., Suite 701
  Washington, D.C. 20036
  (202) 331-3320
  adina@amicacenter.org
  sam@amicacenter.org
  peter@amicacenter.org
  evan@amicacenter.org

*pro hac vice* forthcoming
*Attorneys for Plaintiffs*

Plaintiffs' Opposition to Defendants' Motion to Dissolve Temporary Restraining Order

7