YAAKOV M. ROTH
Acting Assistant Attorney General
WILLIAM C. SILVIS (DCBN 485572)
Assistant Director
MICHAEL A. CELONE (MDBN 1312170145)
CHRISTINA PARASCANDOLA (DCBN 468479)
KATELYN MASETTA ALVAREZ (OHBN 97857)
JONATHAN K. ROSS (NCBN 50203)
Senior Litigation Counsel
ZACHARY A. CARDIN (MDBN 1812110052)
Trial Attorney

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 305-7662
    Jonathan.K.Ross@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *ET AL.*, | Case No. 3:25-cv-02847-AMO |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND RENEWED MOTION TO STAY TEMPORARY RESTRAINING ORDER PENDING APPEAL** |
| v. | Hearing Date: May 22, 2025 |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*, | Time: 2:00 p.m. |
| | Location: Courtroom 10 |
| Defendants. | Hon. Araceli Martínez-Olguín |
| | United States District Judge |

1

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 22, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, Courtroom 10, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants United States Department of Health and Human Services, Office of Refugee Resettlement, and Department of the Interior will and hereby do move this Court for a stay pending appeal of (1) the Court's April 1, 2025 Order granting Plaintiffs' motion for a Temporary Restraining Order ("TRO") (ECF No. 33), and (2) the Court's April 10, 2025 sua sponte Order extending the TRO pending consideration of Defendants' motion for recusal (ECF No. 48).

This motion is made pursuant to Federal Rule of Civil Procedure 62 and is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the pleadings and papers on file in this action, oral argument of counsel, and any other matters properly before the Court.

Because Defendants previously moved for a stay on April 4, 2025 (ECF No. 38 at 6), they are concurrently seeking a stay from the Ninth Circuit at the same time as this renewed motion for a stay.

1  DATED: April 11, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
KATELYN MASETTA ALVAREZ
MICHAEL A. CELONE
Senior Litigation Counsel

ZACHARY A. CARDIN
Trial Attorney

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7662
Jonathan.K.Ross@usdoj.gov

Attorneys for Defendants

# I.    **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 62, Defendants hereby respectfully move for a stay pending appeal of the Court's April 1, 2025 Order granting Plaintiffs' motion for a Temporary Restraining Order ("TRO") (ECF No. 33), as well as the Court's April 10, 2025 sua sponte Order extending the TRO pending "consideration of the motion for recusal." (ECF No. 48). Because Defendants previously moved for a stay on April 4, 2025 (ECF No. 38 at 6), they are concurrently seeking a stay from the Ninth Circuit at the same time as this renewed motion for a stay.

# II.    **BACKGROUND**

In its April 1, 2025 TRO, the Court enjoined Defendants from "withdrawing the services or funds provided by the United States Department of Health and Human Services ("HHS") Office of Refugee Resettlement ("ORR") as of March 20, 2025, under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5), and ORR Unaccompanied Children Program Foundational Rule (codified at 45 C.F.R. § 410.1309(a)(4)) ("Foundational Rule"), particularly ORR's provision of funds for direct legal representation services to unaccompanied children." TRO, 7. The Court also enjoined Defendants "from cutting off access to congressionally appropriated funding for its duration." *Id.* The TRO became effective on April 2, 2025, at 8:00 a.m. PT, through April 16, 2025, at 7:59 a.m. PT. *Id.*

On April 4, Defendants filed a motion to dissolve the TRO, citing the Supreme Court's recent decision in *Dep't of Educ. v. California*, 604 U.S. ----, 2025 WL 1008354, at 1 (Apr. 4, 2025), which rejected a similar attempt to use the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, to compel continued discretionary payments. ECF No. 38. Defendants additionally moved the Court to stay the TRO. *Id.* at 6.

On April 7, Plaintiffs moved to enforce the TRO, prompting the Court to order Defendants to file a status report on compliance. ECF No. 42. Defendants filed that report on April 8, detailing steps taken to restore funding and services in alignment with the TRO. *See* ECF Nos. 44, 45.

On April 8, Defendants also filed a motion for recusal and reassignment of the case under 28 U.S.C. § 455(a) and (b)(1). ECF No. 47.

On April 10, without any request from Plaintiffs, the Court sua sponte extended the TRO until April 30, 2025, at 7:59 a.m. PT—a full 28 days from its original effective date. ECF No. 48. In doing so, the Court did not cite any alleged noncompliance by Defendants, nor did it explain how the mere pendency

1   of a recusal motion qualifies as "good cause" to extend emergency injunctive relief beyond the time limits
2   prescribed by Rule 65. *Id*. On April 11, Defendants filed a notice of appeal of the Court's TRO, as
3   extended. ECF No. 56.

### III.   ARGUMENT

4       The Court should grant this renewed motion to stay the TRO. Courts consider four factors in
5   assessing a motion for stay pending appeal: (1) the movant's likelihood of prevailing on the merits of the
6   appeal, (2) whether the movant will suffer irreparable harm absent a stay, (3) the harm that other parties
7   will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776
8   (1987); *Humane Soc'y of U.S. v. Gutierrez*, 523 F.3d 990, 991 (9th Cir. 2008). When the government is
9   a party, its interests and the public interest "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

10      Here, Defendants previously moved to stay the TRO in their motion to dissolve it, based on the
11  Supreme Court's recent decision in *Dep't of Educ. v. California*, 2025 WL 1008354, at *1, which
12  forecloses Plaintiffs' APA claim for continued discretionary payments. ECF No. 38 at 6. As further
13  detailed in Defendants' opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 55), the
14  government satisfies all four factors favoring a stay of the TRO: it is likely to succeed on the merits,
15  particularly in light of *Dep't of Educ.*; it faces irreparable harm from the unrecoverable disbursement of
16  public funds; Plaintiffs' alleged harms are speculative and ultimately monetary; and the balance of equities
17  and public interest—particularly agency discretion to manage appropriated funds—strongly favor a stay.
18  *See Hilton*, 481 U.S. at 776; *Nken*, 556 U.S. at 435. Accordingly, a stay pending appeal is warranted here.

### IV.   CONCLUSION

19
20      For the foregoing reasons, the Court should stay the TRO.
21
22
23
24
25
26
27
28

1    DATED: April 11, 2025                    Respectfully submitted,

2                                             YAAKOV M. ROTH
                                              Acting Assistant Attorney General
3

4                                             WILLIAM C. SILVIS
                                              Assistant Director
5

6                                             CHRISTINA PARASCANDOLA
                                              KATELYN MASETTA ALVAREZ
                                              MICHAEL A. CELONE
7                                             Senior Litigation Counsel

8                                             ZACHARY A. CARDIN
                                              Trial Attorney
9

10                                            */s/ Jonathan K. Ross*
                                              JONATHAN K. ROSS
11                                            Senior Litigation Counsel
                                              U.S. Department of Justice, Civil Division
12                                            Office of Immigration Litigation
                                              General Litigation and Appeals Section
13                                            P.O. Box 878, Ben Franklin Station
                                              Washington, DC 20044
14                                            (202) 305-7662
                                              Jonathan.K.Ross@usdoj.gov
15

16                                            Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **CERTIFICATE OF COMPLIANCE**

3        The undersigned, counsel of record for Defendants certifies that this brief contains 3 pages,

4    which complies with Local Rule 7-3(a).

5

6                                             Respectfully submitted,

7                                             */s/ Jonathan K. Ross*
                                             JONATHAN K. ROSS
8                                             Senior Litigation Counsel
                                             Office of Immigration Litigation
9                                             Civil Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28