YAAKOV M. ROTH
Acting Assistant Attorney General
WILLIAM C. SILVIS (DCBN 485572)
Assistant Director
MICHAEL A. CELONE (MDBN 1312170145)
CHRISTINA PARASCANDOLA (DCBN 468479)
KATELYN MASETTA ALVAREZ (OHBN 97857)
JONATHAN K. ROSS (NCBN 50203)
Senior Litigation Counsel
ZACHARY A. CARDIN (MDBN 1812110052)
Trial Attorney

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 3514-0120
    Katelyn.Masetta.Alvarez@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *ET AL.*, <br><br>    Plaintiffs, <br><br>  v. <br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*, <br><br>    Defendants. | Case No. 3:25-cv-02847-AMO <br><br>**NOTICE OF ERRATA** <br><br><br><br>Hon. Araceli Martínez-Olguín <br>United States District Judge |

DEFENDANTS' NOTICE OF ERRATA

3:25-CV-02847- AMO                              1

Defendants respectfully submit this Notice of Errata to correct an error in Defendants' Motion For Recusal, ECF No. 47. Defendants note the following error: Ms. Esther Sung is no longer employed by the National Immigration Law Center. Defendants submit an updated Motion for Recusal with this errata corrected, *see* Attachment A, and apologize for the error.

DATED: April 11, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
JONATHAN K. ROSS
MICHAEL A. CELONE
Senior Litigation Counsel

ZACHARY A. CARDIN
Trial Attorney

/s/ Katelyn Masetta-Alvarez
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-0120
Katelyn.Masetta.Alvarez@usdoj.gov

Attorneys for Defendants

| | | |
|---|---|---|
| 1 | DATED:       April 11, 2025 | Respectfully submitted, |
| 2 | | YAAKOV M. ROTH |
| | | Acting Assistant Attorney General |
| 3 | | |
| 4 | | WILLIAM C. SILVIS |
| | | Assistant Director |
| 5 | | |
| 6 | | CHRISTINA PARASCANDOLA |
| | | MICHAEL A. CELONE |
| 7 | | JONATHAN K. ROSS |
| | | Senior Litigation Counsel |
| 8 | | |
| | | ZACHARY A. CARDIN |
| 9 | | Trial Attorney |
| 10 | | /s/ Katelyn Masetta-Alvarez |
| | | KATELYN MASETTA-ALVAREZ |
| 11 | | Senior Litigation Counsel |
| 12 | | U.S. Department of Justice, Civil Division |
| | | Office of Immigration Litigation |
| 13 | | General Litigation and Appeals Section |
| | | P.O. Box 878, Ben Franklin Station |
| 14 | | Washington, DC 20044 |
| | | (202) 514-0120 |
| 15 | | Katelyn.Masetta.Alvarez@usdoj.gov |
| 16 | | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2025, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

<u>/s/ *Katelyn Masetta-Alvarez*</u>
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation

*Attorney for Defendants*

# ATTACHMENT A

YAAKOV M. ROTH
Acting Assistant Attorney General
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
JONATHAN K. ROSS
Senior Litigation Counsels
ZACHARY A. CARDIN
Trial Attorney

    U.S. Department of Justice, Civil Division
    Office of Immigration Litigation
    General Litigation and Appeals Section
    P.O. Box 878, Ben Franklin Station
    Washington, DC 20044
    (202) 514-0120
    Katelyn.Masetta.Alvarez@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*,<br><br>    Defendants. | Case No. 3:25-cv-02847-AMO<br><br>**DEFENDANTS' MOTION FOR RECUSAL OF A DISTRICT JUDGE PURSUANT TO 28 U.S.C. § 455 AND REASSIGNMENT**<br><br>**CORRECTION OF DOCKET NO. 47**<br><br>Hearing Date: May 15. 2025<br>Time: 2:00 p.m.<br>Location: Courtroom 10 |

# DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECUSAL OF A DISTRICT COURT JUDGE PURSUANT TO 28 U.S.C. § 455 AND REASSIGNMENT

PLEASE TAKE NOTICE that on May 15, 2025, at 2:00 p.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Northern District of California, Courtroom 10, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants United States Department of Health and Human Services, Office of Refugee Resettlement, and Department of the Interior will and hereby do move for the recusal of Honorable Araceli Martínez-Olguín and for reassignment.

This motion is based upon this Notice of Motion, the accompanying memorandum of points and authorities, the pleadings and papers on file in this action, oral argument of counsel, and any other matters properly before the Court.

The basis for this motion is that there is an appearance of bias toward Plaintiffs in this case because Judge Martínez-Olguín previously worked as a managing attorney at Community Legal Services in East Palo Alto (CLSEPA)—the lead Plaintiff in this case. As explained more fully in the accompanying memorandum, a reasonable person would likely question Judge Martínez-Olguín's impartiality, and accordingly, recusal is required under 28 U.S.C. § 455(a). In addition, due to Judge Martínez-Olguín's experience as a managing attorney at CLSEPA, she likely has personal knowledge of the irreparable harm that CLSEPA is alleging, which is a disputed fact in this proceeding. Thus, recusal is also required under 28 U.S.C. § 455(b)(1).

| | |
|---|---|
| DATED: April 11, 2025 | Respectfully submitted, |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | WILLIAM C. SILVIS<br>Assistant Director |
| | CHRISTINA PARASCANDOLA<br>JONATHAN K. ROSS<br>MICHAEL A. CELONE<br>Senior Litigation Counsel |
| | ZACHARY A. CARDIN<br>Trial Attorney |
| | /s/ Katelyn Masetta-Alvarez<br>KATELYN MASETTA-ALVAREZ<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>General Litigation and Appeals Section<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>(202) 514-0120<br>Katelyn.Masetta.Alvarez@usdoj.gov |
| | Attorneys for Defendants |

**INTRODUCTION**

Fair proceedings free from impartiality are critical to the integrity and legitimacy of the judiciary and to halt the inappropriate infringements into President Trump's exercises of Executive Power. In this case, a reasonable observer may view this Court as lacking the impartiality necessary to adjudicate cases involving President Trump's determinations on the appropriate expenditure of resources related to various immigration-related priorities.

Although recusal under 28 U.S.C. § 455 is normally undertaken by a judge sua sponte, counsel may bring the issue to a Judge's attention by formal motion or raise it informally.[1] Local Civil Rule 3–14 Commentary. Recusal is required in this case for at least three reasons. First, Judge Martínez-Olguín was previously employed as a managing attorney by the lead Plaintiff in this case, Community Legal Services in East Palo Alto (CLSEPA), so a reasonable person would likely question her impartiality. 28 U.S.C. § 455(a). Second, Judge Martínez-Olguín has made various statements critical of President Trump's immigration agenda, further underscoring the appearance of partiality in this case. And third, given Judge Martínez-Olguín's likely knowledge about CLSEPA's budget and organization, she presumably has personal knowledge regarding the irreparable harm that CLSEPA alleges it will suffer absent federal funding, an issue that is contested in this case. Because she likely has personal knowledge about a disputed fact, 28 U.S.C. § 455(b)(1) mandates recusal.

Defendants therefore respectfully request that Judge Martínez-Olguín recuse herself from presiding over this case, vacate the injunctive relief entered, and reassign the case to a different judge whose impartiality would not be questioned.

**STATEMENT OF RELEVANT FACTS**

From 2017 to 2018, Judge Martínez-Olguín was an attorney at CLSEPA. *See* Araceli Martínez-Olguín, Questionnaire for Judicial Nominees, at 2,

---

[1] Additionally, under California Rule of Professional Conduct 8.4(f), a lawyer engages in "professional misconduct" if she "knowingly assist[s], solicit[s], or induce[s] a judge or judicial officer in conduct that is a violation of an applicable code of judicial ethics or code of judicial conduct, or other law." Cal. Rules of Prof'l Conduct R. 8.4(f). Because no disclosures about possible conflicts of interest were made at the start of litigation, counsel for Defendants bring these issues to the Court's attention now.

DEFENDANTS' MOTION FOR RECUSAL AND REASSIGNMENT
3:25-CV-02847- AMO                                              1

https://www.judiciary.senate.gov/imo/media/doc/Martínez-Olguín%20SJQ%20Public%20Final.pdf (last accessed Apr. 8, 2025). Specifically, in 2017, she was employed as a Senior Immigrants' Rights Attorney and, in 2018, she was the "Managing Attorney" of CLSEPA's Immigrant Rights' Project. *Id.* In 2018, Judge Martínez-Olguín began her career at the National Immigration Law Center, where she was a staff attorney from 2018 to 2020 and then a Supervising Attorney from 2020 until her nomination to the federal judiciary. *Id.* Notably, during her time at National Immigration Law Center, Judge Martínez-Olguín represented a class of individuals who were eligible for Deferred Action for Childhood Arrivals (DACA). *Id.* at 31. One of her co-counsel for that case was Karen C. Tumlin. *Id.* In February 2023, Judge Martínez-Olguín was confirmed as Judge for the Northern District of California.

On March 26, 2025, Plaintiff CLSEPA and other similar organizations filed this lawsuit challenging the government's decision to withhold funding for direct legal services for unaccompanied alien children. *See* ECF No. 1. Plaintiffs are represented by Judge Martinez-Olguín's former colleagues, Esther Sung and Karen Tumlin, among others. The following day, Plaintiffs moved for a Temporary Restraining Order (TRO). ECF No. 7. The Court ordered the government to file a response to the TRO motion by noon on March 31, 2025. ECF No. 17. The government filed its opposition accordingly. ECF No. 24. The next day, hours after a hearing on the TRO motion, the Court granted Plaintiffs' TRO Motion. ECF No. 33.

## LEGAL STANDARD

Recusal is mandatory where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (explaining that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). Recusal under this subsection is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be in question." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). That standard is an objective one; the "reasonable person" for this inquiry is not "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland,* 519 F.3d 909, 913 (9th Cir. 2008) (citations omitted). Whether a reasonable person would question a judge's impartiality is not based on one single factor, but on the "totality of the circumstances." *See Yagman*, 987 F.2d at 626 (impartiality might be reasonably questioned considering "all the facts."); *see also Doe*

*v. Cabrera*, 134 F. Supp. 3d 439, 450 (D.D.C. 2015) (looking to the "totality of the circumstances" to determine whether a reasonable person would question the judge's impartiality).

The touchstone for recusal under Section 455(a) is "not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "any doubts must be resolved in favor of recusal." *Id.*; *see also Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) ("It has been stated on numerous occasions that when a judge harbors any doubts concerning whether his disqualification is required he should resolve the doubt in favor of disqualification.").

A judge also "shall" recuse where she has "personal knowledge of disputed evidentiary facts concerning the proceeding" or "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Unlike 455(a), if one of the provisions of section 455(b) applies, then disqualification is mandatory regardless of whether a reasonable person would question the judge's impartiality. *Liljeberg*, 486 U.S. at 859 n. 8. Section 455(b) applies a subjective standard for the judge to determine whether he or she can be truly impartial when trying the case. If the judge believes there is a risk of prejudice, it is "incumbent on him to recuse himself from the case as failure to do so would amount to an abdication of duty" and would be "in clear derogation of the solemn promise he made when he took his oath of office." *United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2008).

**DISCUSSION**

There is little doubt that a reasonable person would question Judge Martínez-Olguín's impartiality in this case. CLSEPA is the lead Plaintiff in the case, yet Judge Martínez-Olguín served as CLSEPA's managing attorney within Plaintiff's organizations from 2017-2018. In this role, Judge Martínez-Olguín established and ran the Immigration Rights project where she "identified issues for local or state policy advocacy and impact litigation, engaged in community education, and provided advice and counsel to community groups." Araceli Martínez-Olguín, Questionnaire for Judicial Nominees, at 24, https://www.judiciary.senate.gov/imo/media/doc/Martínez-Olguín%20SJQ%20Public%20Final.pdf (last accessed Apr. 8, 2025). Additionally, Judge Martínez-

DEFENDANTS' MOTION FOR RECUSAL AND REASSIGNMENT
3:25-CV-02847- AMO                                3

Olguín was part of CLSEPA's management team, where she set and implemented policies and practices. *Id.* at 48.

The conflicts created by Judge Martínez-Olguín's affiliation with the lead Plaintiff are unavoidable. Judge Martínez-Olguín held senior roles for at least one of the litigating parties; her connection to the Plaintiffs is too substantial for a reasonable person to ignore or minimize the risk of impropriety. Further underscoring the close entwinement between CLSEPA and Judge Martínez-Olguín, upon her elevation to the bench in 2023, CLSEPA posted a public Facebook post celebrating that "former CLSEPA attorney Araceli Martínez-Olguín ha[d] been confirmed as a U.S. district judge." Community Legal Services in East Palo Alto, Facebook (Mar. 6, 2023), https://tinyurl.com/58nhrsna. Indeed, at least one media outlet has noted the previous employment relationship between Judge Martínez-Olguín and CLSEPA and has suggested that her recusal may be necessary. *See* Chuck Ross, Federal Judge Orders Trump Admin To Resume Funding Left-Wing Immigration Groups—Including Her Former Employer, The Washington Free Beacon, Apr. 2, 2025, https://freebeacon.com/trump-administration/federal-judge-orders-trump-admin-to-resume-funding-left-wing-immigration-groups-including-her-former-employer ("Martínez-Olguín's work for one of the plaintiffs in the litigation could lead to calls for her recusal from the case."). Recusal is thus warranted because the public would reasonably question her ability to be impartial. The responsibility of the Court is not only to be fair and impartial but to appear fair and impartial to the public.

Beyond her affiliation with CLSEPA, Judge Martínez-Olguín has not kept her disdain for President Trump quiet. Instead, she has voiced her political views both inside and outside the courtroom. In various past statements made in her capacity as an immigrant-rights advocate, Judge Martínez-Olguín described President Trump's immigration policies implicating minor aliens as "unlawful and cruel," National Immigration Law Center, Facebook (Nov. 12, 2019), https://tinyurl.com/5c8jjmr3, and she further rebuked President Trump for his views on various immigration issues, *e.g.*, *Trump admin proposal would hike fees for immigration applications, impose asylum charge*, CBS News (Nov. 17, 2019), https://tinyurl.com/cnp7urvt. In other public fora, Judge Martínez-Olguín criticized Trump "administration efforts to chip away at DACA" and disclaimed the INA's various jurisdictional

boundaries to judicial review of President Trump's immigration efforts. ACS Los Angeles 2019-2020 Supreme Court Review (Aug. 11, 2020), https://tinyurl.com/2kxe8jcc.

Those statements are directly germane to the issues Judge Martínez-Olguín is presiding over and therefore would give a reasonable person pause as to whether she can be impartial. The instant case involves the government's decision to discontinue providing direct legal services to unaccompanied alien children. Plaintiffs filed a Motion for a TRO citing irreparable harm to their organization if the funding stops. *See* Decl. of Marth Ruch, Lead Immigration Managing Attorney, CLSEPA, ECF No. 7-16 ¶ 5 (attesting that "[w]ith [HHS] funding, CLSEPA employs six staff members dedicated to providing legal services to unaccompanied immigrant children," and that representation of unaccompanied children makes up a significant portion of the six staff members' case work). And Defendants raised jurisdictional defects with Plaintiffs' claims that the court rejected outright. *See* Def's Opp, ECF 24, at 1, 10–12. (Mar. 31, 2025).

In addition to her prior role as managing attorney for a party in this case and her professional background, Judge Martínez-Olguín also has a relationship with the attorneys representing Plaintiffs in this case. One of the attorneys representing Plaintiffs is Esther Sung, who previously worked at the National Immigration Law Center, where Judge Martínez-Olguín worked as an attorney up until her confirmation as a district-court judge. In her Senate Questionnaire for Judicial Nominees, she noted that "potential conflicts of interest could be presented in matters being litigated before me by the lawyers from the National Immigration Law Center. If a conflict were to arise, I would immediately recuse myself from the matter." Araceli Martínez-Olguín, <u>Questionnaire for Judicial Nominees</u>, at 50, https://www.judiciary.senate.gov/imo/media/doc/Martínez-Olguín%20SJQ%20Public%20Final.pdf (last accessed Apr. 8, 2025). This is a matter being litigated before Judge Martínez-Olguín by at least one lawyer who was previously her colleague at the National Immigration Law Center. *See* ECF No. 27 (approving Motion for Pro Hac Vice as to Esther Hsiao-In Sung ). In addition , Judge Martínez-Olguín has also served as co-counsel with Karen Tumlin, an attorney for Plaintiffs in this case, in previous cases involving child migrants and their ability to seek immigration relief. Judge Martínez-Olguín and Ms. Tumlin represented a class of individuals who qualified for DACA, challenging the first Trump Administration's decision to restrict the DACA program. *See Batalla Vidal v. Wolf*, No.

16CV4756NGGVMS, 2020 WL 7121849, at *1 (E.D.N.Y. Dec. 4, 2020) (explaining the background of the case). Similarly, Judge Martínez-Olguín represented DACA recipients alongside Ms. Tumlin in *Arizona Dream Act Coalition v. Brewer*, 12-cv-2546 (D. Ariz.). While her representation alongside Plaintiff's counsel in other cases involving foreign-national children may not be sufficient to create an appearance of bias by itself, considering the totality of the circumstances—including her previous employment with Plaintiff CLSEPA and relationship with National Immigration Law Center—a reasonable person would question Judge Martínez-Olguín's impartiality here. *See Yagman*, 987 F.2d at 626; *see also Doe*, 134 F. Supp. 3d at 450 (looking to the "totality of the circumstances" to determine whether a reasonable person would question the judge's impartiality).

Overall, a reasonable person would question whether a former managing attorney could be impartial when deciding whether her previous employer, represented by her former co-counsel, will be irreparably harmed by a President's policies that the Judge has criticized in the public square as an advocate. That appearance of impropriety mandates recusal.

Beyond positional conflicts, Judge Martínez-Olguín should recuse because she, as a former managing attorney at Plaintiff CLSEPA, very likely has personal knowledge of the organization's budget and operations and therefore has personal knowledge about CLSEPA's allegations regarding irreparable harm—a disputed fact in this case. Judge Martínez-Olguín presumably has personal knowledge about how CLSEPA obtains funding, its budget considerations, and its financial dependency upon funding from the federal government. ECF 7-16 at 6. If Judge Martínez-Olguín does, in fact, possess such knowledge based on her previous experience, her recusal is required by law. 28 U.S.C. § 455(b)(1).

**CONCLUSION**

Defendants deserve a court proceeding free from concerns about impartiality. To remove the possibility of any impartiality to these proceedings and to maintain the public's confidence in the judicial system, Defendants respectfully request that this Court recuse itself and return this matter to assignment before a judge who does not have a personal connection to a party or counsel in this case. Moreover, given the partiality identified in this filing, Defendants request immediate dissolution of the Court's temporary

DEFENDANTS' MOTION FOR RECUSAL AND REASSIGNMENT
3:25-CV-02847- AMO                                6

1  restraining order, based on concerning conflicts of interest that have created a serious appearance of
2  impropriety. *See Liljeberg*, 486 U.S. at 870 (holding the vacatur was proper remedy for violation of 28
3  U.S.C. § 455).

1  DATED: April 11, 2025                    Respectfully submitted,

                                            YAAKOV M. ROTH
                                            Acting Assistant Attorney General

                                            WILLIAM C. SILVIS
                                            Assistant Director

                                            CHRISTINA PARASCANDOLA
                                            JONATHAN K. ROSS
                                            MICHAEL A. CELONE
                                            Senior Litigation Counsel

                                            ZACHARY A. CARDIN
                                            Trial Attorney

                                            /s/ Katelyn Masetta-Alvarez
                                            KATELYN MASETTA-ALVAREZ
                                            Senior Litigation Counsel
                                            U.S. Department of Justice, Civil Division
                                            Office of Immigration Litigation
                                            General Litigation and Appeals Section
                                            P.O. Box 878, Ben Franklin Station
                                            Washington, DC 20044
                                            (202) 514-0120
                                            Katelyn.Masetta.Alvarez@usdoj.gov

                                            Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, I electronically filed the foregoing Notice of Motion for Recusal and Reassignment and accompanying points and authorities with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*s/ Katelyn Masetta-Alvarez*
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel