IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (*pro hac vice*)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>Defendants. | CASE NO. 3:25-CV-02847-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION TO STAY TEMPORARY RESTRAINING ORDER PENDING APPEAL**<br><br>Date:    May 22, 2025<br>Time:    2:00 p.m.<br>Judge:   Hon. Araceli Martínez-Olguín<br>Trial Date: TBD<br>Date Action Filed: March 26, 2025 |

# INTRODUCTION

Defendants brazenly ask this Court to stay an order with which they have done nothing to comply. As Defendants know, a stay of proceedings pending appeal is the exception, not the rule. It is hard to imagine a less appropriate case for the requested relief than here, where Defendants continue to defy this Court at every turn. Defendants utterly fail to meet the burden they must satisfy, and their motion should be denied.

On April 1, 2025, this Court entered a Temporary Restraining Order ("TRO" or "Order") and set a briefing schedule for Plaintiffs' Motion for a Preliminary Injunction. Dkt. 33. In the nearly two weeks since this Court's Order, Defendants have: (1) moved to dissolve it, Dkt. 38; (2) asked the Court to hear that motion on an expedited timeline, Dkt. 39; (3) filed a Recusal Motion, Dkt. 47 (and a subsequent Corrected Recusal Motion, Dkt. 59); (4) appealed this Court's Order, Dkt. 56; and (5) filed this Renewed Motion to Stay. Dkt. 57. What Defendants have *not* done is comply *in any way* with the TRO. Defendants' Renewed Motion to Stay ("Motion")—another delay tactic in a string of transparent attempts to defy the Court's rulings, avoid consequences for that defiance, and divert resources and attention from proceeding on the merits—should be denied.

# ARGUMENT

In evaluating a motion to stay an order pending appeal, a court, in its discretion, evaluates the same factors governing the request for injunctive relief: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34. In the Ninth Circuit, courts take a "sliding scale" approach, such that "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).

Defendants do not offer any evidence for why this Court should reconsider its decision to issue its Order, where the Court found that these same factors all favored Plaintiffs. *See* Dkt. 33 at 5-6. Even under the Ninth Circuit's sliding scale, not a single factor favors Defendants; Plaintiffs refer the Court to their Motion for Preliminary Injunction (Dkt. 37); Opposition to Motion to Dissolve (Dkt. 54); and the Court's own Order (Dkt. 33) for the extensive evidence favoring Plaintiffs on each of these factors.

In the absence of any evidence in their favor, Defendants claim a stay is justified under the Supreme Court's recent decision in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (Apr. 4, 2025). Dkt. 57 at 2. But that decision is an extremely short, fact-specific discussion that rests on inapposite facts and does not implicate the Court's reasoning underlying its Order. *See* Dkt. 54 at 2. As Plaintiffs explain in their Opposition to Motion to Dissolve, the Supreme Court's decision in *Department of Education* relies on the unique facts before it, which are not analogous to those here. Dkt. 54 at 3-4.

For example, in *Department of Education*, the Supreme Court held the government was likely to prevail on the merits of the APA claims because the plaintiffs there sued for payment on grant contracts. Because the requested relief was "to enforce a contractual obligation to pay money" on the grant contracts, plaintiffs' claims implicated jurisdictional concerns under the Tucker Act. *Dept. of Educ*. 2025 WL 1008354 at * 1 (citation omitted). In contrast, Plaintiffs here have no contract with the government; are suing on rights created by statute (the TVPRA) and regulation (the Foundational Rule); and seek injunctive relief to enforce those statutory and regulatory rights, not relief sounding in contract. *See* Dkt. 54 at 4; Dkt. 37 at 15-17.

Finally, Plaintiffs note that Defendants' instant Motion seeks a stay of a *temporary* restraining order, which expires by its terms no later than April 30, 2025. Defendants' Motion audaciously ignores this Court's careful and prompt briefing schedule on Plaintiffs' preliminary injunction motion, set for a hearing a week earlier, on April 23, 2025. It also ignores the fact that the TRO originally was set to expire on April 16, 2025, and was extended the day before Defendants' instant Motion *only because Defendants filed a Motion for Recusal*, Dkt. 47, which

itself is both untimely and unjustified.  *See* Dkt. 33 at 7; Dkt. 48 at 1.  And, of course, Defendants' Motion fails to note that Defendants have done *nothing* to comply with the Court's Order while the parties brief the request for preliminary injunctive relief on an expedited schedule.

Defendants apparently have taken it upon themselves to substitute their judgment for this Court's reasoned Order as to Plaintiffs' need for temporary injunctive relief.  Defendants should not be rewarded for ignoring this Court's Order and causing Plaintiffs ongoing and continued irreparable harm.  *See* Dkt. 54 at 6.

## CONCLUSION

Defendants fail to carry their burden that the circumstances here justify this Court's discretion to order a stay.  Plaintiffs respectfully request this Court deny Defendants' Motion.

                                        Respectfully submitted,

April 14, 2025

| */s/ Alvaro M. Huerta* | */s/ Karen C. Tumlin* |
|---|---|
| IMMIGRANT DEFENDERS LAW CENTER | JUSTICE ACTION CENTER |
| Alvaro M. Huerta (CA Bar No. 274787) | Esther H. Sung (pro hac vice) |
| Carson A. Scott (CA Bar No. 337102) | Karen C. Tumlin  (CA Bar No. 234691) |
| Lya Ferreyra (CA Bar No. 340148) | Laura Flores-Perilla (CA Bar No. 355645) |
| Immigrant Defenders Law Center | JUSTICE ACTION CENTER |
| 634 S. Spring St., 10th Floor | P.O. Box 27280 |
| Los Angeles, CA | Los Angeles, CA 90027 |
| (213) 634-0999 | Telephone: (323) 450-7272 |
| ahuerta@immdef.org | esther.sung@justiceactioncenter.org |
| cscott@immdef.org | karen.tumlin@justiceactioncenter.org |
| lferreyra@immdef.org | laura.flores-perilla@justiceactioncenter.org |

*/s/ Samantha Hsieh*

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (*pro hac vice*)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org