YAAKOV M. ROTH
Acting Assistant Attorney General
WILLIAM C. SILVIS (DCBN 485572)
Assistant Director
MICHAEL A. CELONE (MDBN 1312170145)
CHRISTINA PARASCANDOLA (DCBN 468479)
KATELYN MASETTA ALVAREZ (OHBN 97857)
JONATHAN K. ROSS (NCBN 50203)
Senior Litigation Counsel
ZACHARY A. CARDIN (MDBN 1812110052)
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7662
Jonathan.K.Ross@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *ET AL.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*,<br><br>Defendants. | Case No. 3:25-cv-02847-AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISSOLVE (OR ALTERNATIVELY STAY) THE TEMPORARY RESTRAINING ORDER**<br><br>Hearing Date: April 23, 2025<br>Time: 2:00 p.m.<br>Location: Courtroom 10<br><br>Hon. Araceli Martínez-Olguín<br>United States District Judge |

## I. INTRODUCTION

Plaintiffs' opposition fails to rebut the core premise of Defendants' motion to dissolve: the Supreme Court's decision in *Department of Education v. California*, 604 U.S. ----, 2025 WL 1008354 (U.S. Apr. 4, 2025) ("*Dep't of Education*"), is binding, intervening authority that fundamentally reshapes, directly contradicts, and squarely forecloses the legal basis for this Court's temporary restraining order, as extended (ECF Nos. 33, 48) ("TRO"). *See* Mot., ECF No. 38. While Plaintiffs attempt to confine *Dep't of Education* to its facts or procedural posture, the opinion addresses the precise legal defect at issue here: the Administrative Procedure Act's ("APA") limited waiver of immunity does not extend to orders to enforce a contractual obligation to pay money.

Because Plaintiffs' claims arise from contractual expectations and seek monetary relief, they fall outside the APA's limited waiver of sovereign immunity and lie within the exclusive jurisdiction of the United States Court of Federal Claims. *Dep't of Education* makes clear that such claims cannot be repackaged as statutory to proceed in district court.

Pursuant to this Court's April 7, 2025 Order, ECF No. 42, Defendants respectfully submit this reply in support of their motion to dissolve the TRO, ECF No. 38. However, on April 12, 2025, the Court of Appeals for the Ninth Circuit docketed Defendants' appeal from the TRO, *see* Docket No. 25-2358 (9th Cir.), thereby divesting this Court of jurisdiction to decide the instant motion under Fed. R. Civ. P. 60(b) to dissolve the TRO absent a remand from the Ninth Circuit. The Court may nonetheless issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1, granting Defendants' dissolution motion.[1]

## II. ARGUMENT

### A. *Dep't of Education* is a Material Change in Law.

As Defendants argued in their motion to dissolve (Mot. at 4–6), *Dep't of Education* is a material change in law that confirms the Court lacks jurisdiction to compel payment under government contracts through APA litigation. Plaintiffs do not meaningfully dispute that the relief they seek—continuation of previously funded services through terminated contractual terms—amounts to compelled monetary

[1] *See* Fed. R. Civ. P. 62.1(c); *Yurok Tribe v. Bureau of Reclamation*, 319 F. Supp. 3d 1168, 1174 (N.D. Cal. 2018) (Orrick, J.) (observing that district court lacked jurisdiction to rule on party's request for relief from preliminary injunction, following party's timely notice of appeal from said injunction, and that under Fed. R. Civ. P. 62.1, court would issue indicative ruling); *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (construing federal defendants' request for an indicative ruling under Rule 62.1 as a motion to dissolve the preliminary injunction for which the district court did not have jurisdiction because of pending appeal, and stating that under Rule 62.1(a)(3) district court would grant the motion to dissolve if the Ninth Circuit remands for that purpose).

disbursement. Nor do they deny that their asserted entitlement flows from agreements governed by federal appropriation mechanisms. As in *Dep't of Education*, the question is not how Plaintiffs style their claims, but what they seek in substance. The Supreme Court was clear: "The APA's limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money.'" 2025 WL 1008354, at *1 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

Contrary to Plaintiffs' suggestion that *Dep't of Education* "does not impact the jurisdiction or Order of this Court" (Opp'n, ECF 54 at 2), the Supreme Court's opinion did not merely parse procedural nuances. Rather, the Supreme Court addressed the jurisdictional scope of the APA and held that sovereign immunity bars injunctive relief compelling contract-based payments. *Id.* Plaintiffs' reliance on *Bowen v. Massachusetts* is likewise misplaced; *Dep't of Education* acknowledged *Bowen* but reaffirmed its limits. 2025 WL 1008354, at *1. Like the plaintiffs in *Dep't of Education*, Plaintiffs here seek "relief along the lines of what the District Court ordered" in that case—restoration of terminated grants or funding. *Id.* (cleaned up).

Plaintiffs' reliance on *United Aeronautical Corp. v. USAF*, 80 F.4th 1017 (9th Cir. 2023), is misplaced, as that decision involved proprietary interests in surplus military property rather than the compelled disbursement of appropriated funds under multi-agency financial contracts at issue here. *See* Opp'n at 5–6. Unlike *United Aeronautical*, Plaintiffs here seek reinstatement of expired contracts and continued federal payments—precisely the relief barred under the APA as clarified by the Supreme Court in *Dep't of Education*.

**B. Plaintiffs Cannot Establish Irreparable Harm or Equitable Basis to Maintain the TRO.**

As Defendants raised in their principal motion (Mot. at 4–6), Plaintiffs still have not met their burden to show irreparable harm or a compelling equitable basis to justify continued injunctive relief. *Dep't of Education* makes clear that the cessation of federal grant funding does not constitute irreparable harm where other forums exist for monetary relief. *See* 2025 WL 1008354, at *2. As the Supreme Court explained, where a plaintiff "can recover any wrongfully withheld funds through suit in an appropriate forum," a TRO compelling payment is improper. *Id.*

Plaintiffs' assertion that the funding termination has already caused layoffs, strained their limited reserves, and jeopardized their ability to carry out their mission (Opp'n at 5) fails to overcome this principle. These are economic harms—allegedly arising from a terminated contract—and any claim for

redress belongs in the Court of Federal Claims under the Tucker Act. Plaintiffs may disagree with the administrative decision, but they cannot transform it into equitable relief via the APA.

Meanwhile, the government's harm is unrebutted and irreparable: "no grantee promised to return withdrawn funds should its grant termination be reinstated," and this Court declined to impose a bond (TRO at 7). *Dep't of Education*, 2025 WL 1008354, at *2. The Supreme Court found that such asymmetry, combined with speculative claims of harm, tilts the equitable analysis decisively in the government's favor. *Id.*at **1–2.

*Dep't of Education* also rejected claims of irreparable harm similar to those raised here, including by state governments alleging abrupt funding cuts to public programs. *Id*. Plaintiffs' policy arguments cannot override statutory limits on judicial review. As *Dep't of Education* reaffirmed, "self-imposed costs" do not warrant equitable relief. *Id*. (quoting *Cuomo v. NRC*, 772 F.2d 972, 977 (D.C. Cir. 1985)).

**C. The TRO Bears All the Hallmarks of a Preliminary Injunction—and is Subject to the Same Limits.**

Like the TRO at issue in *Dep't of Education*, the TRO here carries "many of the hallmarks of a preliminary injunction." 2025 WL 1008354, at *1 (citing *Sampson v. Murray*, 415 U.S. 61, 87 (1974)). This Court's TRO directs the continued disbursement of appropriated funds, imposes specific obligations on the Executive Branch, and now stretches nearly four weeks—well beyond the presumptive 14-day limit in Federal Rule of Civil Procedure 65(b)(2). These features render the TRO functionally indistinguishable from the one invalidated in DOE and make clear that it cannot stand in light of that decision.

Plaintiffs also claim the TRO's "brief extension" was Defendants' doing, citing the recusal motion. Opp'n at 3. But that premise is both inaccurate and unsupported. The Court sua sponte extended the TRO by an additional 14 days—doubling its lifespan—without new findings of irreparable harm and without any request from Plaintiffs. *See* ECF No. 48. The recusal motion raised distinct concerns unrelated to the legal propriety of the TRO. Respectfully, the notion that a procedural motion justifies ongoing emergency relief compelling expenditure of federal funds reflects a misunderstanding of Rule 65's limits and *Dep't of Education*'s holding.

**D. The Public Interest and Balance of Equities Favor Dissolution**

As Defendants explained in their motion to terminate (ECF NO. 38 at 5–6), compelling ongoing payments under terminated contracts not only contravenes the APA's jurisdictional limits, but also

disrupts federal program administration and imposes unrecoverable fiscal harm. Plaintiffs offer no meaningful rejoinder to *Dep't of Education*'s holding that the government faces irreparable harm when compelled to disburse funds without clear statutory authority. Continuing to enforce the TRO now—after the Supreme Court has clarified that such relief is beyond the APA's reach—threatens not just the public fisc but also constitutional principles governing the separation of powers.

Dissolving the TRO not only prevents the unlawful expenditure of appropriated funds, it reaffirms the proper roles of Congress in appropriating funds, and the Executive Branch in administering such funds through federal programs. Plaintiffs' disagreement with the government's policy decision does not authorize judicial intervention on an emergency basis.

## III. CONCLUSION

Plaintiffs offer no persuasive distinction from *Dep't of Education*, and no valid justification for continued injunctive relief that no longer rests on a tenable legal foundation. The Supreme Court has clarified that claims of this nature must be pursued, if at all, in the Court of Federal Claims, and that the APA cannot be used to compel payment of federal funds under terminated contracts. Because Plaintiffs cannot establish likelihood of success, irreparable harm, or an equitable basis for continued relief, the TRO should be dissolved. In the alternative, it should be stayed pending appeal.[2]

[2] Plaintiffs assert that Defendants "misrepresent" the Supreme Court's order in *Dep't of Education* and the nature of the injury at issue (Opp'n at 1, 6), but they cite no specific language from the opinion that contradicts Defendants' position. A disagreement over interpretation does not amount to misrepresentation and should not distract from the legal issues properly before the Court.

DATED: April 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

CHRISTINA PARASCANDOLA
KATELYN MASETTA ALVAREZ
MICHAEL A. CELONE
Senior Litigation Counsel

ZACHARY A. CARDIN
Trial Attorney

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 305-7662
Jonathan.K.Ross@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants certifies that this brief contains 4 pages, which complies with the Court's April 7, 2025 Order (ECF No. 42) and Local Rule 7-3(a).

Respectfully submitted,

*/s/ Jonathan K. Ross*
JONATHAN K. ROSS
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division