IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
Telephone: (323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (*pro hac vice*)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Avenue NW, Suite 701
Washington, DC 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,

Defendants.

CASE NO. 3:25-CV-02847-AMO

**PLAINTIFFS' MOTION TO FILE SUPPLEMENT TO REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Date: April 23, 2025
Time: 2:00 p.m.
Judge: Hon. Araceli Martínez-Olguín
Trial Date: TBD
Date Action Filed: March 26, 2025

Plaintiffs in the above-captioned action hereby request the Court to permit them to supplement the record on their Motion for a Preliminary Injunction filed on April 4, 2025 (ECF 37) with additional facts as set forth in the Second Supplemental Declaration of Laura Nally (Amica Center) In Support of Plaintiffs' Motion for a Preliminary Injunction ("Amica Second Supplemental Declaration"), attached here as Exhibit A.

The Court has the discretion to consider a supplemental declaration. *See Ctr. for Biological Diversity v. United States Bureau of Land Mgmt.*, 675 F. Supp. 3d 1112, 1117 (D. Idaho 2023), *appeal dismissed sub nom. Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, No. 23-2810, 2023 WL 11055085 (9th Cir. Oct. 26, 2023), *and appeal dismissed sub nom. Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, No. 23-2819, 2024 WL 4564282 (9th Cir. Sept. 12, 2024) (permitting a supplemental declaration because it "falls squarely within [the] Court's discretion" and "equity is best served by having all possible information at its disposal," and granting the request to supplement).

Plaintiffs move to file the Amica Second Supplemental Declaration, which includes information regarding events that have occurred after Plaintiffs filed their: (1) Reply in Support of Motion for a Preliminary Injunction on April 14, 2025 (ECF 63) and (2) Reply in Support of Motions to Enforce the Temporary Restraining Order on April 28, 2025 (ECF 84). The Amica Second Supplemental Declaration is relevant because it describes the status of Defendants' modification of a contract with Acacia Center for Justice ("Acacia") as of the time of this filing.

Because Defendants purport to be complying with this Court's Temporary Restraining Order ("TRO") vis-à-vis their contract with Acacia, the status of this contract is relevant to the TRO and any subsequent injunctive relief related to the same issues, including Plaintiffs' Motion for Preliminary Injunction. *See* ECF 74 at 1 (noting that Defendants are working "to comply with

the TRO by entering into a bilateral contract modification with the contractor, Acacia Center for Justice.”). The Amica Second Supplemental Declaration attaches an email (Exhibit 1 to Amica Second Supplemental Declaration) from Acacia to subcontractors, including Plaintiff Amica Center, noting that Defendants sent a modification agreement to Acacia to reinstate Contract Line Item Numbers (“CLINs”) 2, 3, and 4, which include funding for legal representation of unaccompanied children, effective on April 30, 2025—the same date that the TRO expires in this action. *See* ECF 48 at 1. In that email, Acacia cautioned that “[i]f the TRO expires, and the Court does not either extend the TRO or grant the preliminary injunction on the same date, the government may terminate CLINs 2, 3, and 4 once again, or place us under a stop-work order, even if they have executed this bilateral modification reinstating the terminated CLINs.” Ex. 1 to Ex. A, Amica Second Supp. Decl. This document is relevant because it bears on timing and enforcement issues for any Preliminary Injunction issued by this Court, as well as the appropriate scope of any injunctive relief.

The Court should consider this additional evidence in determining Plaintiffs’ request for a preliminary injunction and the proper scope of any injunctive relief. *Brinton Bus. Ventures, Inc. v. Searle*, 248 F. Supp. 3d 1029, 1032 (D. Or. 2017) (citing *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009)) (“[I]n deciding a motion for a preliminary injunction, the Court has broad discretion to consider all arguments and evidence, including hearsay and other inadmissible evidence, declarations from interested parties, and arguments raised for the first time in a reply.”) Doing so ensures “the greatest possible accuracy in judicial decision-making,” which is particularly important given that this Court’s adjudication of this matter “affects the broad public interest.” *See Consumers Union of U. S., Inc. v. Fed. Power Comm’n*, 510 F.2d 656, 662 (D.C. Cir. 1974).

Plaintiffs reached out to Defendants to assess their position on this Motion promptly after learning the attached information, which came after Plaintiffs filed yesterday's Reply Brief (Dkt. 84). Defendants, despite knowing this information and not sharing it with Plaintiffs when they sought an update on Friday, April 25, 2025, or sharing it as part of Defendants' response on Monday, April 28, 2025 (*see id*. at 2-3; Dkt. 84-1 at 5), requested additional time to consider Plaintiffs' request to this Court to supplement with the attached evidence. Because Plaintiffs wish to get this information before the Court as soon as possible and before the expiration of this Court's TRO, Plaintiffs asked to file sooner. Defendants asked that Plaintiffs let this Court know that Defendants oppose the requested relief on the basis that Defendants were not provided sufficient time to review the anticipated filing or to confer meaningfully with Plaintiffs.

Respectfully submitted,

April 29, 2025

*/s/ Alvaro M. Huerta*
IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

*/s/ Karen C. Tumlin*
JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027

*/s/ Samantha Hsieh*
AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (*pro hac vice*)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., N.W., Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org