BRETT SHUMATE
Assistant Attorney General
GLENN M. GIRDHARRY
Acting Deputy Director
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
JONATHAN K. ROSS
Senior Litigation Counsels
ZACHARY A. CARDIN
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*,<br><br>Defendants. | Case No. 3:25-cv-02847-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Conference Date: June 26. 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 10<br><br>Request for appearance by videoconference pending |

The parties to the above-entitled action jointly submit this Joint Case Management Statement And [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California, dated November 30, 2023, and Civil Local Rule 16-9. Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-10(b), the parties respectfully request that the Court adopt the non-disputed provisions of this Order as the Case Management Order in this action.

On June 12, 2025, the parties met and conferred. Each party had the opportunity to discuss its positions regarding each topic. The parties provide their positions below.

1. **Jurisdiction and Service:**

**Plaintiffs' Position**

The Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, as Plaintiffs' claims arise under federal law, including the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232, and the 2024 Unaccompanied Children Program Foundational Rule (the "Foundational Rule"), 89 Fed. Reg. 34384. The Court has repeatedly reaffirmed its jurisdiction over Plaintiffs' claims, denying Defendants' arguments listed below multiple times. *See, e.g.,* Dkt. 33 at 3; Dkt. 87 at 13; Dkt 107 at 1. The Ninth Circuit has also confirmed this Court's jurisdiction. *See Cmty. Legal Servs. in East Palo Alto v. Dep't of Health and Human Servs.*, No. 25-2808, Dkt. 103 (9th Cir. May 14, 2025).

Plaintiffs have served all Defendants.

**Defendants' Position**

The Court lacks jurisdiction to decide Plaintiffs' claims, for several reasons. These reasons are set forth in Defendants' motion to dismiss, which is pending before the Court. ECF No. 110. To summarize, first, Plaintiffs' claims are based on the partial termination of a federal government contract. Through the Tucker Act, Congress has specified that the U.S. Court of Federal Claims has exclusive jurisdiction over such claims. 28 U.S.C. § 1491(a)(1). Second, Plaintiffs seek relief under the APA, but the APA does not waive sovereign immunity for claims in which a party seeks monetary relief or specific performance of contractual funding obligations. *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025) (citing 5 U.S.C. § 702). Nor does the waiver apply to claims seeking "money damages." *Id*. Third, the government's decision to partially terminate the contract at issue was committed to agency

discretion by law and therefore not subject to judicial review. *See* 5 U.S.C. § 701(a)(2). If the Court determines that it has jurisdiction and that Plaintiffs have stated cognizable claims under the APA, then Defendants' position is that Defendants' decision to partially terminate the Acacia contract was not arbitrary nor capricious, nor otherwise contrary to law, and that Plaintiffs are unable to demonstrate irreparable harm absent an injunction or that the balance of equities weigh in their favor in order to support injunctive relief.

2. **Facts:**

No material facts are in dispute. On March 29, 2022, DOI awarded Contract 140D0422C0009 to Acacia Center for Justice ("Acacia") to provide legal representation to unaccompanied alien children (UAC, through funding from HHS and ORR as a part of an Interagency Agreement for acquisition services. The contract has four funded line items: (1) Work in ORR shelter facilities, including "know your rights" presentations, intakes to connect detained children with attorneys, and initial screenings with detained children; (2) Full legal representation for children in and out of ORR custody and non-representation services such as "friend of court" services in hearings for unaccompanied alien children appearing in immigration court or preparing forms without attorneys; (3) Immigrant Justice Corps fellows who represent unaccompanied alien children not covered by the second line item; and (4) Spanish language tutoring for organizational staff who work with UACs. On March 21, 2025, DOI notified Acacia that Contract Line Items 2 – Direct Representation, 3 – Recruitment, and 4 – Direct Representation Expansion, are terminated for the Government's convenience.

On March 26, 2025, Plaintiffs, eleven organizations that are subcontractors to Acacia, brought this action. Plaintiffs raise three claims for which they seek relief under the Administrative Procedure Act that authorizes courts to set aside agency action that is arbitrary and capricious or not in accordance with the law. *See* 5 U.S.C. § 706(2)(A). First, Plaintiffs claim that Defendants' termination of contract line items that fund direct representation is not in accordance with 8 U.S.C. § 1232(c)(5). Second, Plaintiffs claim that Defendants' cancellation of funding for counsel to represent unaccompanied alien children violates HHS's regulations. Third, Plaintiffs claim that the cancellation order is arbitrary and capricious.

3. **Legal Issues:**

**Plaintiffs' Position**

Despite Defendants repeatedly contesting this Court's jurisdiction, this Court has repeatedly and correctly reaffirmed its jurisdiction over Plaintiffs' claims. *See, e.g.,* Dkt. 33 at 3; Dkt. 87 at 13; Dkt 107 at 1. The Ninth Circuit has also confirmed this Court's jurisdiction. *See Cmty. Legal Servs. in East Palo Alto v. Dep't of Health and Human Servs.*, No. 25-2808, Dkt. 103 (9th Cir. May 14, 2025).

On the merits of Plaintiffs' claims, the Court has twice ruled that Plaintiffs are likely to succeed on their claims. *See* Dkts. 33, 87. Defendants' action of terminating funding for legal representation for unaccompanied children is reviewable under the APA. *See* Dkt. 87 at 18; 8 U.S.C. § 1232(c)(5) (describing standard for review under the TVPRA); 45 C.F.R. § 410.1309(a)(4) (describing standard for review under ORR's Foundational Rule); *Jajati v. United States Customs & Border Prot.*, 102 F.4th 1011, 1014 (9th Cir. 2024) (holding that actions are only unreviewable under the APA if "there is truly no law to apply"). Defendants' actions are "unlawful" under the APA because they violated the express mandate of the TVPRA to "ensure, to the greatest extent practicable" that all unaccompanied children receive legal "counsel to represent them in legal proceedings" and to "protect them from mistreatment, exploitation, and trafficking." 8 U.S.C. § 1232(c)(5); Dkt. 87 at 18-19 ("The Government violates the TVPRA by withholding funding for direct legal representation entirely"). Defendants' actions violate the APA's *Accardi* doctrine because they violate the Foundational Rule's requirement that ORR "shall fund" direct representation so long as funds remain available and pro bono legal services are not secured. 45 C.F.R. § 410.1309(a)(4); Dkt. 87 at 20-22. Plaintiffs expect the administrative record to confirm Defendants' actions also violate the APA as "arbitrary and capricious," because " the agencies have failed to identify any reasoned policy with which Plaintiffs could disagree." Dkt. 87 at 24; *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 212 (2016).

**Defendants' Position**

The Court lacks jurisdiction to decide Plaintiffs' claims, for several reasons. These reasons are set forth in Defendants' motion to dismiss, which is pending before the Court. ECF No. 110. First, Plaintiffs' claims are based on the partial termination of a federal government contract. Through the Tucker Act, Congress has specified that the U.S. Court of Federal Claims has exclusive jurisdiction over

such claims. 28 U.S.C. § 1491(a)(1). Second, Plaintiffs seek relief under the Administrative Procedure Act ("APA"), but the APA does not waive sovereign immunity for claims in which a party seeks monetary relief or specific performance of contractual funding obligations. *Dep't of Educ. v. California*, 145 S. Ct. 966, 968 (2025) (citing 5 U.S.C. § 702). Nor does the waiver apply to claims seeking money damages. *Id*. Third, the government's decision to partially terminate the contract at issue was committed to agency discretion by law and therefore not subject to judicial review. *See* 5 U.S.C. § 701(a)(2). Finally, Plaintiffs lack standing, because a favorable decision would not necessarily redress Plaintiffs' claimed injuries.

4. **Motions:**

On March 27, 2025, Plaintiffs moved for a temporary restraining order (TRO) and preliminary injunction. ECF No. 7. On April 1, the Court granted the motion for a TRO. ECF No. 33.

On April 4, Plaintiffs moved for a preliminary injunction. ECF No. 37.

On April 4, Defendants moved to dissolve the TRO, ECF No. 38, and to shorten the time to hear the motion to dissolve the TRO, ECF No. 39. On April 7, the Court granted the latter motion. ECF No. 41.

On April 7, Plaintiffs filed an emergency motion to enforce the TRO. ECF No. 40.

On April 9, Defendants moved to recuse the judge. ECF No. 47.

On April 11, Plaintiffs filed a second motion to enforce the TRO, ECF No. 53, and Defendants moved to stay the TRO, ECF No. 57.

On April 17, the Court denied Defendants' motion to recuse the judge. ECF No. 69.

On April 21, the Court denied Defendants' motions to dissolve the TRO and to stay the TRO. ECF No. 75.

On April 29, the Court granted Plaintiffs' motion for a preliminary injunction. ECF No. 87.

On May 5, Defendants moved to stay the preliminary injunction. ECF No. 93.

On May 8, Plaintiffs moved to withdraw both of their motions to enforce the TRO. ECF No. 96.

On May 30, the Court denied Defendants' motion to stay the preliminary injunction. ECF No. 107.

On June 6, 2025, Defendants moved to dismiss the case. ECF No. 110. The motion is pending.

The parties anticipate that each side will move for summary judgment.

5. **Amendment of Pleadings:**

**Plaintiffs' Position**

Plaintiffs do not currently anticipate amending their pleadings, but reserve the right to do so by right or by motion for leave to amend, should a need to amend arise, particularly after reviewing the administrative record in this case.

**Defendants' Position**

Defendants have not answered the complaint and therefore do not anticipate amendments.

6. **Evidence Preservation:**

The parties have reviewed the ESI Guidelines. The parties agree that if the Court does not dismiss this case, then the Court must decide Plaintiffs' claims on motions for summary judgment based on a certified administrative record. This would obviate the need for discovery, including discovery of electronically stored information, so long as the administrative record or developments in the case show the case does not warrant extra-record discovery.

7. **Disclosures:**

The parties agree that if the Court does not dismiss this case, then the Court must decide Plaintiffs' claims on motions for summary judgment based on a certified administrative record, which Defendants would produce in lieu of initial disclosures. An action for review on the administrative record is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i).

8. **Discovery:**

The parties agree that if the Court does not dismiss this case, then the Court must decide Plaintiffs' claims on motions for summary judgment based on a certified administrative record, which would obviate the need for discovery, so long as the administrative record or developments in the case show the case does not warrant extra-record discovery.

9. **Class Actions:**

This action is not a class action.

10. **Related Cases:**

There are no related cases.

11. **Relief:**

**Plaintiffs' Position**

As this Court has recognized, "Plaintiffs seek "declaratory and injunctive relief" under the APA to prevent the Government from refusing to fund counsel for unaccompanied children. Their action does not seek money damages to compensate them for losses." Dkt. 87 at 13. Specifically, Plaintiffs seek (1) a declaration that Defendant's actions violate the APA because they are "arbitrary, capricious, an abuse of discretion, or otherwise in violation of the law;" (2) a declaration that Defendants are required to continue funding legal representation to unaccompanied children, consistent with the TVPRA and ORR's Foundational Rule; (3) that the Court set aside Defendants' actions that violate the APA; (4) a nationwide injunction enjoining Defendants from ceasing to fund counsel to represent unaccompanied children in violation of the TVPRA and the Foundational Rule; (5) an award of Plaintiffs' reasonable attorneys' fees under the Equal Access to Justice Acts and any other applicable statute or regulation; and (6) any other such relief this Court may deem just and proper. *See* Dkt. 1 at 39.

**Defendants' Position**

Defendants' position is that Plaintiffs' claims involve a federal government contract and therefore damages, if any, to which Plaintiffs are entitled must be determined by the Court of Claims. Even if this Court finds that it has jurisdiction over Plaintiffs' claims, Defendants do not believe that Plaintiffs are entitled to declaratory or injunctive relief because Defendants' decision to partially terminate the Acacia contract was reasonable and is supported by the administrative record.

12. **Settlement and ADR:**

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook and discussed it with their counsel. The parties do not believe that participation in ADR would lead to resolution of any of the issues in this case.

13. **Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues:**

**Plaintiffs' Position**

Plaintiffs welcome production of the administrative record so that this case can be expeditiously determined on the merits. After reviewing the administrative record, Plaintiffs will be in a position to evaluate whether any briefing on extra-record discovery will be necessary, should such discovery be appropriate in light of the record's contents.

**Defendants' Position**

Defendants' position is that the Court lacks jurisdiction to decide the claims in this action. If the Court does not dismiss this case, then the Court must decide Plaintiffs' claims based on the certified administrative record. Defendants anticipate the parties would submit briefing in support of motions for summary judgment to resolve the three claims for which Plaintiffs seek relief.

15. **Scheduling:**

The parties agree that if the Court does not dismiss this case, then the Court must decide Plaintiffs' claims on motions for summary judgment based on a certified administrative record. The parties agree that the certified administrative record will be due within 30 days of either of the following possible events, whichever is sooner, so long as the preliminary injunction remains in place in the interim: (a) the Court denies Defendants' motion to dismiss; or (b) the preliminary injunction, ECF No. 87, is stayed, dissolved, or otherwise modified. However, if Defendants are granted a stay pending appeal or other extraordinary relief from the preliminary injunction after July 7, 2025, the administrative record will be due 14 days after such relief is granted. If the Court grants Defendants' motion to dismiss, the parties agree that no administrative record is necessary.

The parties request a briefing schedule for cross-motions for summary judgment, with due dates to be set after the Court disposes of Defendants' motion to dismiss, ECF No. 110, based on the following intervals:

Plaintiffs to file motion for summary judgment;

Defendants' opposition to Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment is due 21 days later;

Plaintiffs' opposition and reply in support of their motion for summary judgment is due 21 days later; and

Defendants' reply in support of their cross-motion for summary judgment is due 14 days later.

16. **Trial:**

**Plaintiffs' Position**

The case can be decided on summary judgment.

**Defendants' Position**

The Court lacks jurisdiction to decide Plaintiffs' claims. Defendants' position is that if the Court does not dismiss this case, then the Court would decide Plaintiffs' claims based on a certified administrative record. Because this case involves review of an agency decision under the APA, the resolution of the issues does not require factfinding by the Court. Therefore, if the Court concludes that it has jurisdiction to review Plaintiffs' claims, this case can be decided on summary judgment.

17. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs filed a Certification of Conflicts and Interested Entities Or Persons Pursuant to Civil Local Rule 3-15. Dkt. 3. Plaintiffs restate the contents of their certification: "Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties) to report."

18. **Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The parties are not aware of any matters that may facilitate the just, speedy and inexpensive disposition of this matter that have not been discussed above.

Dated: June 20, 2025

Respectfully submitted,

By: */s/ Laura M. Sturges**

GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (CO Bar No. 36843) (*pro hac vice*)
Patricia M. Herold (CO Bar No. 54552) (*pro hac vice*)
Caelin Moriarity Miltko (CO Bar No. 56721) (*pro hac vice*)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (*pro hac vice*)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org

karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)*
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

By: BRETT SHUMATE
Assistant Attorney General
Civil Division

GLENN M. GIRDHARRY
Acting Deputy Director

WILLIAM C. SILVIS
Assistant Director

*/s/ Christina Parascandola*
CHRISTINA PARASCANDOLA
MICHAEL A. CELONE
KATELYN MASETTA-ALVAREZ
JONATHAN K. ROSS
Senior Litigation Counsel
ZACHARY A. CARDIN
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

*Attorneys for Defendants*

**In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that, as authorized by attorneys for Plaintiffs, all signatories have concurred in the filing of this document.*

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

______________________________
Hon. Araceli Martínez-Olguín
UNITED STATES DISTRICT JUDGE