UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | Case No. 25-cv-02847-AMO <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 110 |

Defendants Department of Health and Human Services ("HHS"), the Office of Refugee Resettlement ("ORR"), and the Department of the Interior ("DOI") (collectively, the "Government") move to dismiss the Complaint challenging the termination of funding for counsel representing unaccompanied children in immigration proceedings. The motion is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for July 31, 2025, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion for the following reasons.

This Order assumes familiarity with the factual allegations and extensive procedural history of this case. In this round of argument, the Government requests dismissal of Plaintiffs' Administrative Procedure Act ("APA") claims on grounds similar to those it previously raised, this time framed as challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Court takes up the arguments in the order presented in the Government's opening brief. *See generally* Mot. (ECF 110).

First, the Government argues that the Tucker Act precludes this Court's jurisdiction over Plaintiffs' claims. This Court rejected this argument three times already, and the Ninth Circuit agreed. *See* TRO (ECF 33); Prelim. Inj. Order (ECF 87); Ninth Cir. Op. (ECF 103) at 8; Order Denying Mot. Stay (ECF 107) at 1. Plaintiffs bring APA claims and seek declaratory and injunctive relief to "enforce compliance with statutes and regulations, not any government contract." *See id.* Accordingly, the Tucker Act does not apply. The Government's first argument fails.

Second, the Government argues that the APA does not waive sovereign immunity for the relief Plaintiffs seek. This argument, as the preceding one, relies on a similar mischaracterization of the relief Plaintiffs pursue and thus fails on similar grounds. Plaintiffs do not seek contract-based remedies or monetary relief. Instead, they seek to enforce compliance with statutes and regulations through declaratory and injunctive relief to prevent the Government from refusing to fund counsel for unaccompanied children. *See, e.g.*, Compl. ¶¶ 15-16. The Court's earlier rulings, affording preliminary relief in this case, do not reflect any kind of contract-based relief. *See* Prelim. Inj. Order at 28 (enjoining Defendants from generally "withdrawing the services or funds provided by [ORR] as of March 20, 2025, under [the TVPRA and Foundational Rule], particularly ORR's provision of funds for direct legal representation services to unaccompanied children"); TRO at 7 (same). As the Ninth Circuit recognized, "Seeking to ensure compliance with statutory and regulatory commands is a matter beyond the scope of the Tucker Act's exclusive jurisdiction," and such a matter falls within the purview of the APA, reviewable by district courts. *See* Ninth Cir. Op. (ECF 103) at 6. The Government's second argument fails.

Third, the Government argues that the APA does not waive sovereign immunity because HHS's funding decisions are committed to agency discretion. As this Court and the Ninth Circuit have repeatedly concluded, the Government's actions are reviewable because the language of the TVPRA and Foundational Rule both offer "a clear standard to assess the Government's actions." Prelim. Inj. Order at 18. The TVPRA and the Foundational Rule establish affirmative obligations against which this Court can judge the Government's actions – the TVPRA "plainly imposes a mandatory duty on HHS," and the Foundational Rule similarly establishes a mandatory duty to

1  fund legal service providers, subject to available appropriations and ORR's discretion with respect
2  to the way those funds are allocated.  Ninth Cir. Op. at 15.  Though the TVPRA and Foundational
3  Rule afford the Government some discretion in how they meet the goals stated therein, such
4  discretion does not encompass authority to withhold resources entirely, with no supplemental plan
5  to ensure unaccompanied children have legal counsel "to the greatest extent practicable."  *See*
6  Prelim. Inj. Order at 19; *see also* Ninth Cir. Op. at 15 ("Whatever discretion the agency may have
7  in evaluating what 'the greatest extent practicable' may be, this phrase certainly is not the same as
8  'to no extent at all.' ").  Ultimately, whether the Government's actions violate the law is a question
9  of statutory and regulatory construction that remains appropriate for APA review.  *See id.*  The
10  Government's third argument fails.

11  Fourth and finally, the Government argues anew that Plaintiffs lack Article III standing.
12  The Government here, as elsewhere in its briefs, willfully misreads Plaintiffs' arguments, as well
13  as the judicial reasoning provided so far in this case, mischaracterizing the relief sought by
14  Plaintiffs as entirely financial.  The Court recognized in earlier Orders that Plaintiffs have
15  organizational standing under Article III based on (1) frustration of their shared mission to ensure
16  legal representation for unaccompanied children in immigration proceedings and (2) diversion of
17  resources to ensure that unaccompanied children have such representation.  *See* Prelim. Inj. Order
18  at 7-9; *see also E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 766 (9th Cir. 2018).
19  Plaintiffs, contrary to the Government's arguments, satisfy the redressability element of standing
20  based on their allegations that the reinstatement of funding for legal representation of
21  unaccompanied children in any form would significantly increase the likelihood that Plaintiffs will
22  obtain relief – unaccompanied children will have legal representation in immigration proceedings
23  and the organizations will not have to divert resources to ensure such representation.  Compl.
24  ¶¶ 98-126.  The Government's fourth argument fails.
25  //
26  //
27
28

1  In sum, and for the same reasons already explained in other orders entered in this case, the
2  Government's challenge to the Court's subject matter jurisdiction fails.  The Court therefore
3  **DENIES** the Government's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 17, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**