BRETT A. SHUMATE
Assistant Attorney General
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsels
ZACHARY A. CARDIN
DEAN PHILLIP DE LAS ALAS
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(771) 202-1393
Dean.Delasalas@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, *ET AL.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*,<br><br>Defendants. | Case No. 3:25-cv-02847-AMO<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COME NOW Defendants, U.S. Department of Health and Human Services, Office of Refugee Resettlement, and U.S. Department of the Interior, and hereby answer Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1). The numbered paragraphs and headings of this Answer correspond to the numbered paragraphs and headings of Plaintiffs' Complaint for Declaratory and Injunctive Relief. Any allegation that Defendants do not specifically admit is denied.

## INTRODUCTION

1. Admit in part; Defendants admit that by operation of law, any unaccompanied alien child sought to be removed by the Department of Homeland Security, except some unaccompanied alien children (UAC) from contiguous countries, are placed in removal proceedings by operation of law. *See* 8 U.S.C. 1232(a)(5)(D). Furthermore, by definition, an unaccompanied alien child is "a child who—(A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. 279(g)(2). Defendants lack sufficient information to admit or deny the linguistic capabilities and financial means of the "vast majority" of UAC.

2. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

3. Admit.

4. Admit in part. Defendants admit that Congress enacted special protections for unaccompanied alien children via the TVPRA, which this paragraph of the Complaint selectively quotes; the quoted provision states in full that "The Secretary of Health and Human Services shall ensure, to the greatest extent practicable **and consistent with section 292 of the Immigration and Nationality Act (8 U.S.C. 1362)**, that all unaccompanied alien children who are or have been in the custody of the Secretary or the Secretary of Homeland Security, and who are not described in subsection (a)(2)(A), have counsel to represent them in legal proceedings or matters and protect them from mistreatment, exploitation, and trafficking. To the greatest extent practicable, the Secretary of Health and Human Services **shall make every effort to utilize the services of pro bono counsel who agree to provide representation to such children without charge.**" 8 U.S.C. 1232(c)(5) (emphasis added).

5. Admit in part. Defendants admit the first sentence of this paragraph. The section of the Foundational Rule that this paragraph selectively quotes states in full that "To the extent ORR determines that appropriations are available, and insofar as it is not practicable for ORR to secure pro bono counsel, ORR shall fund legal service providers to provide direct immigration legal representation for certain unaccompanied children, subject to ORR's discretion and available appropriations…" 45 C.F.R. § 1309(a)(4).

6. Admit.

7. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they are not fulfilling their obligations under the TVPRA. Defendants lack sufficient information to admit or deny whether "only a small number of [UAC] can afford paid representation or are able to independently retain a pro bono attorney." Defendants further deny that government-funded legal representation for UAC is necessary to the proper functioning of immigration courts.

8. Admit in part. Defendants admit in the allegation in the first sentence of this paragraph that Plaintiffs are legal service providers who have represented UAC in various proceedings. The remainder of this paragraph constitutes argument and legal conclusions to which no response is required.

9. Defendants lack sufficient information to admit or deny the allegations in this paragraph, which pertain to Plaintiffs' activities and mission. To the extent a response is required, Defendants deny that Plaintiffs have suffered a legally cognizable harm.

10. Defendants lack sufficient information to admit or deny the allegations in this paragraph, which pertain to the specifics of Plaintiffs' clients.

11. Admit in part; Defendants admit that DOI sent a termination notice on March 21, 2025. The second sentence of this paragraph constitutes argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation in the third sentence of this paragraph that the termination notice was contrary to law. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to Plaintiffs' clients.

12. This paragraph contains argument and legal conclusions to which no response is required.

13. This paragraph contains argument and legal conclusions to which no response is required.

14. This paragraph contains argument and legal conclusions to which no response is required.

15. This paragraph contains argument and legal conclusions to which no response is required.

16. This paragraph contains argument and legal conclusions to which no response is required.

**JURISDICTION AND VENUE**

17. The allegations contained in Paragraph 17 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

18. The allegations contained in Paragraph 18 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

19. The allegations contained in Paragraph 19 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

20. The allegations contained in Paragraph 20 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

21. The allegations contained in Paragraph 21 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

22. The allegations contained in Paragraph 22 consist of Plaintiff's legal conclusions relating to jurisdiction and characterizations of legal authorities, to which no response is required.

**PARTIES**

23. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that Plaintiffs are nonprofit organizations that have received funding from ORR to provide legal representation and other services to unaccompanied alien children. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to Plaintiffs' organizational missions.

24. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that Plaintiff Community Legal Services in East Palo Alto is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

25. Defendants lack sufficient information to admit or deny whether Plaintiff Social Justice Collaborative received funding from ORR to provide legal services for unaccompanied alien children,

based on its review of legal service providers as of March 2025. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

26. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Amica Center for Immigrant Rights is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

27. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Estrella del Paso is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

28. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Florence Immigrant and Refugee Rights Project is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

29. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Galveston-Houston Immigrant Representation Project is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

30. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Immigrant Defenders Law Center is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

31. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff National Immigrant Justice Center is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

32. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Northwest Immigrant Rights Project is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

33. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Plaintiff Rocky Mountain Immigrant Advocacy Network is a non-profit organization that has provided legal services to UAC. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

34. Defendants lack sufficient information to admit or deny whether Vermont Asylum Assistance Project received funding from ORR to provide legal services for unaccompanied alien children, based on its review of legal service providers as of March 2025. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the geographic scope of the identified Plaintiff's practice and the number of its UAC clients.

35. The first sentence of this paragraph constitutes argument and legal conclusion to which no response is required. To the extent a response is required, Defendants deny that their actions are contrary to law. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph which pertain to Plaintiffs' case load and resource-allocation decision-making.

36. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, which pertain to the Plaintiffs' personnel actions.

37. Admit in part. The statutory provision cited in this paragraph provides that the Secretary of HHS "shall ensure, to the greatest extent practicable **and consistent with section 292 of the Immigration**

**and Nationality Act (8 U.S.C. 1362)**, that all unaccompanied alien children who are or have been in the custody of the Secretary or the Secretary of Homeland Security, and who are not described in subsection (a)(2)(A), have counsel to represent them in legal proceedings or matters and protect them from mistreatment, exploitation, and trafficking. To the greatest extent practicable, the Secretary of Health and Human Services shall **make every effort to utilize the services of pro bono counsel who agree to provide representation to such children without charge.**" 8 U.S.C. 1232(c)(5) (emphasis added).

38. Admit.

39. Admit.

**STATEMENT OF FACTS**

40. Admit in part. An unaccompanied alien child is defined as "a child who—(A) has no lawful immigration status in the United States; (B) has not attained 18 years of age; and (C) with respect to whom—(i) there is no parent or legal guardian in the United States; or (ii) no parent or legal guardian in the United States is available to provide care and physical custody." 6 U.S.C. 279(g)(2). Defendants lack sufficient information to admit or deny the allegation in the second sentence of this paragraph that designation as "unaccompanied" applies throughout an individual's time "navigating U.S. immigration law," as neither HHS, ORR, nor DOI are parties to nor have authority over immigration enforcement or adjudication of immigration cases. Rather, the Department of Homeland Security and the Department of Justice, Executive Office for Immigration Review have authority over such processes.

41. Admit in part. Defendants admit that, in fiscal year 2024, nearly 100,000 children were referred to ORR by other agencies and departments as unaccompanied alien children and that a majority of unaccompanied alien children referred to ORR in any given year are from El Salvador, Guatemala, Honduras, and Mexico. Defendants admit that there are many reasons unaccompanied alien children enter the United States, but lack sufficient information to admit or deny the commonality of the reasons cited in this paragraph.

42. This paragraph constitutes argument and legal conclusions to which no response is required.

43. Admit in part; deny in part. Defendants admit that, prior to 2002, UAC were placed in the custody of the INS. Defendants deny that UAC were treated similarly to detained adult aliens prior to 2002. *See* Stipulated Settlement Agreement, *Flores v. Ren*o, No. CV 85-4544-RJK(Px) at 3 (C.D. Cal.

Jan. 17, 1997, as amended Dec. 7, 2001) ("WHEREAS, on November 30, 1987, the parties reached a settlement agreement requiring that minors in INS custody in the Western Region be housed in facilities meeting certain standards, including state standards for the housing and care of dependent children, and Plaintiffs' motion to enforce compliance with that settlement is currently pending before the court").

44. This paragraph contains argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Homeland Security Act of 2002 "transferred to the Director of the Office of Refugee Resettlement of the Department of Health and Human Services functions under the immigration laws of the United States with respect to the care of unaccompanied alien children that were vested by statute in, or performed by, the Commissioner of Immigration and Naturalization…" 6 U.S.C. 279(a).

45. Admit in part; 8 U.S.C. 1232(c)(5), states in full that "The Secretary of Health and Human Services shall ensure, to the greatest extent practicable and consistent with section 292 of the Immigration and Nationality Act (8 U.S.C. 1362), that all unaccompanied alien children who are or have been in the custody of the Secretary or the Secretary of Homeland Security, and who are not described in subsection (a)(2)(A), have counsel to represent them in legal proceedings or matters and protect them from mistreatment, exploitation, and trafficking. To the greatest extent practicable, the Secretary of Health and Human Services shall make every effort to utilize the services of pro bono counsel who agree to provide representation to such children without charge."

46. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the cited statutes speak for themselves.

47. This paragraph contains argument and legal conclusions to which no response is required. To the extent a reply is required, Defendants note that the TVPRA requires HHS to ensure to the greatest extent practicable and "consistent with [8 U.S.C. 1362]" that unaccompanied alien children have counsel to represent them in legal proceedings or matters, as described at 8 U.S.C. 1232(c)(5).

48. This paragraph contains argument and legal conclusions to which no response is required.

49. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

50. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the cited document speaks for itself.

51. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

52. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

53. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

54. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the cited statute speaks for itself.

55. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted statute speaks for itself. Defendants deny that they are required to spend all appropriated funding.

56. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the cited statutes speak for themselves.

57. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

58. Admit.

59. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

60. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

61. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

62. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

63. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

64. Defendants lack sufficient information to admit or deny the allegations in this paragraph, which pertain to Plaintiff organizations.

65. Admit in part. As the March 2025, the contract with the Acacia Center for Justice ("Acacia") described four contract line items (CLINs): (1) Know Your Rights Presentations and Legal Screenings; (2) Representation, Other Legal Assistance, Data Collection & Analysis, And Services at Emergency Facilities; (3) Attorney Recruitment Project; (4) Spanish Language Support and Technical Assistance Training. Defendants admit that CLIN 1 covered work in ORR shelter facilities, including "know your rights" presentation, intakes to connect detained children with attorneys, and initial screenings with detained children. Defendants admit that CLIN 2 covered non-representation services such as "friend of court" services in hearings for unaccompanied alien children appearing in immigration court or preparing forms without attorneys, as well as direct representation to children in or released from ORR custody, so long as representation is initiated prior to the child's 18th birthday and before immigration relief is granted. However, Defendants lack sufficient information to admit or deny that CLIN 2 covered "full legal representation," because it is unclear what Plaintiffs mean by that term. Defendants admit that CLIN 3 covered ongoing recruitment, placement, and support of new attorneys to the field, including building out a fellowship recruitment pipeline to introduce attorney fellows to represent released unaccompanied children over the contract period. Defendants lack sufficient information to admit or deny that CLIN 4 specifically covered tutoring. However, Defendants admit that CLIN 4 covered providing interpretation and translation services in Spanish as well as support for legal service providing in implementing their own language program to strengthen the Spanish language ability of staff, including Spanish language courses or other educational resources.

66. Defendants lack sufficient information to admit or deny the allegations in this paragraph, which pertain to the number of clients of Plaintiffs' and other attorneys.

67. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny that paid legal representation by Plaintiffs for UAC increases the efficiency of immigration courts.

68. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

69. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

70. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

72. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

74. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

75. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

76. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

77. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

78. Admit. Upon information and belief, Defendants believe Plaintiffs intended to cite 45 C.F.R. pt. 410, rather than "4 C.F.R. pt. 410."

79. Admit that the title of Section 410.1309 is "Legal Services." To the extent a further response is required, the quoted portions of 45 C.F.R. § 1309 speaks for themselves.

80. Admit.

81. Deny. 45 C.F.R. 410.1309(a)(4) states, "To the extent ORR determines that appropriations are available, and insofar as it is not practicable for ORR to secure pro bono counsel, ORR shall fund legal service providers to provide direct immigration legal representation for certain unaccompanied children, **subject to ORR's discretion** and available appropriations" (emphasis added).

82. Admit in part. Defendants admit the quotations provided in this paragraph are taken from the Foundational Rule at 45 C.F.R. § 410.1309(d)(1) and (2). However, Plaintiffs have omitted relevant text. 45 C.F.R. § 410.1309(d)(1) "prescribes requirements concerning grants or contracts to legal service providers to ensure that all unaccompanied children who are or have been in ORR care have access to counsel to represent them in immigration legal proceedings or matters and to protect them from mistreatment, exploitation and trafficking, to the greatest extent practicable, **in accordance with the TVPRA [at 8 U.S.C. § 1232(c)(5)] and 292 of the Immigration and Nationality Act [at 8 U.S.C. § 1362]**" (emphasis added). To the extent a further response is required, the other quotation in this paragraph, from 45 C.F.R. § 410.1309(d)(2), speaks for itself.

83. Admit in part. Defendants admit that the quoted language from the Further Consolidated Appropriations Act pertains to funding legal representation pursuant to 8 U.S.C. § 1232(c)(5); however, Section 1232(c)(5) explicitly makes HHS responsible for ensuring access to legal services consistent with 8 U.S.C. § 1362 (describing a right to counsel "at no expense to the Government").

84. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

85. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, the quoted document speaks for itself.

86. Admit.

87. Admit.

88. This paragraph contains argument and legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegation in the second sentence of this paragraph that DOI issued a stop work order to Acacia on February 18, 2025.

89. Admit that the stop-work order was rescinded on February 21, 2025.

90. Admit.

91. The quoted language of the March 2, 2025, letter speaks for itself. No response is required to any argument or legal conclusions by Plaintiffs or contained in the letter.

92. This paragraph contains argument and legal conclusions by Plaintiffs and/or the authors of the March 2, 2025, letter referenced in this paragraph, to which no response is needed.

93. The quoted language of the March 2, 2025, letter referenced in this paragraph speaks for itself. No response is required to any argument or legal conclusions by Plaintiffs or contained in the letter.

94. Defendants lack sufficient information to admit or deny the allegation in this paragraph, which is based on Plaintiffs' own knowledge.

95. This paragraph contains argument and legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that on March 21, 2025, DOI sent a "Notice of Partial Termination for the Government's Convenience," terminating contract line items 2 (Direct Representation), 3 (Recruitment), and 4 (Direct Representation Expansion), and further instructing Acacia to immediately stop all work under those line items.

96. Admit.

97. Admit in part. Defendants admit the allegation in the first sentence of this paragraph that the Notice of Partial Termination instructed Acacia to stop work on contract line items 2, 3, and 4 effective the close of business March 21, 2025. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

98. This paragraph contains argument and legal conclusions to which no response is required.

99. This paragraph contains argument and legal conclusions to which no response is required.

100. The allegation in the first sentence about the legality of the Defendant's actions contains argument and legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny the remaining allegations in the paragraph.

101. Defendants lack sufficient information to admit or deny the allegations in the paragraph.

102. This paragraph contains argument and legal conclusions to which no response is required.

103. This paragraph contains argument and legal conclusions to which no response is required.

104. This paragraph contains argument and legal conclusions to which no response is required.

105. This paragraph contains argument and legal conclusions to which no response is required.

106. This paragraph contains argument and legal conclusions to which no response is required.

107. This paragraph contains argument and legal conclusions to which no response is required.

108. This paragraph contains argument and legal conclusions to which no response is required.

109. This paragraph contains argument and legal conclusions to which no response is required.

110. This paragraph contains argument and legal conclusions to which no response is required.

111. This paragraph contains argument and legal conclusions to which no response is required.

112. This paragraph contains argument and legal conclusions to which no response is required.

113. This paragraph contains argument and legal conclusions to which no response is required.

114. This paragraph contains argument and legal conclusions to which no response is required.

115. This paragraph contains argument and legal conclusions to which no response is required.

116. This paragraph contains argument and legal conclusions to which no response is required.

117. This paragraph contains argument and legal conclusions to which no response is required.

118. This paragraph contains argument and legal conclusions to which no response is required.

119. This paragraph contains argument and legal conclusions to which no response is required.

120. This paragraph contains argument and legal conclusions to which no response is required.

121. This paragraph contains argument and legal conclusions to which no response is required.

122. This paragraph contains argument and legal conclusions to which no response is required.

123. This paragraph contains argument and legal conclusions to which no response is required.

124. This paragraph contains argument and legal conclusions to which no response is required.

125. This paragraph contains argument and legal conclusions to which no response is required.

126. This paragraph contains argument and legal conclusions to which no response is required.

**FIRST CLAIM FOR RELIEF**

**Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

**Not in Accordance with Law**

127. This paragraph is a statement of re-incorporation, to which no response is required. To the extent a response is required, Defendants restate their answers to all the paragraphs above as if fully set forth herein.

128. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

129. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

130. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

131. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

132. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

133. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

**SECOND CLAIM FOR RELIEF**

**Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

***Accardi* Doctrine**

134. This paragraph is a statement of re-incorporation, to which no response is required. To the extent a response is required, Defendants restate their answers to all the paragraphs above as if fully set forth herein.

135. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

136. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

137. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

138. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

139. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

140. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

**THIRD CLAIM FOR RELIEF**

**Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

**Arbitrary and Capricious**

141. This paragraph is a statement of re-incorporation, to which no response is required. To the extent a response is required, Defendants restate their answers to all the paragraphs above as if fully set forth herein.

142. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

143. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

144. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

145. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

146. The allegations in this paragraph constitute legal argument and conclusion to which no response is required.

**PRAYER FOR RELIEF**

1. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

2. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

3. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

4. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

5. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

6. This paragraph consists of Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to raise any of the affirmative defenses set forth in the Federal Rules of Civil Procedure, should subsequent facts supporting those defenses become known during the course of this litigation. Defendants further reserve the right to prepare and plead any and all defenses that may become applicable during the course of this litigation.

DATED: July 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director

MICHAEL A. CELONE
CHRISTINA PARASCANDOLA
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel

ZACHARY A. CARDIN
DEAN PHILLIP DE LAS ALAS
Trial Attorney

*/s/ Dean Phillip De Las Alas*
DEAN PHILLIP DE LAS ALAS
Trial Attorney
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(771) 202-1393
Dean.Delasalas@usdoj.gov

Attorneys for Defendants