GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (pro hac vice)
Patricia M. Herold (pro hac vice)
Caelin Moriarity Miltko (pro hac vice)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

IMMIGRANT DEFENDERS LAW
CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (pro hac vice)
Samantha Hsieh (pro hac vice)
Peter Alfredson (pro hac vice)
Evan Benz (pro hac vice)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al., <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | CASE NO. 4:25-CV-02847-AMO <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT** <br><br> Date: October 1, 2026 <br> Time: 2:00 PM PT <br> Judge: Hon. Araceli Martínez-Olguín <br> Date Action Filed: March 26, 2025 |

Gibson, Dunn &
Crutcher LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY
INJUNCTION
CASE NO. 4:25-CV-02847-AMO

PLEASE TAKE NOTICE that, on October 1, 2026 at 2:00 PM PT, or as soon as the matter be heard, in the United States District Court for the Northern District of California, 1301 Clay St., Oakland, CA 94612, that Plaintiffs Community Legal Services in East Palo Alto, Social Justice Collaborative, Amica Center for Immigrant Rights, Estrella del Paso, Florence Immigrant and Refugee Rights Project, Galveston-Houston Immigrant Representation Project, Immigrant Defenders Law Center, National Immigrant Justice Center, Northwest Immigrant Rights Project, Rocky Mountain Immigrant Advocacy Network, and Vermont Asylum Assistance Project ("Plaintiffs"), will, and hereby do, move this Court for an order directing Defendants United States Department of Health and Human Services, Office of Refugee Resettlement, and Department of the Interior ("Defendants") to show cause why they should not be held in civil contempt as a result of their failure to provide payment due for direct legal representation services to unaccompanied children since December 2025 in violation of this Court's April 29, 2025 order.

On April 29, 2025, this Court issued a preliminary injunction, which enjoined Defendants "from withdrawing the services or funds provided by the Office of Refugee Resettlement ('ORR') as of March 20, 2025, under the Trafficking Victims Protection Reauthorization Act of 2008 ('TVPRA'), 8 U.S.C. § 1232(c)(5), and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), particularly ORR's provision of funds for direct legal representation services to unaccompanied children," and precluded Defendants from "cutting off access to congressionally appropriated funding for its duration." Dkt. 87 at 28. Since April 29, 2025, Defendants have repeatedly represented to this Court that they are complying with this injunction. Dkts. 91, 98, 104, 127, 137, 142, 146, 148, 150, 151, 153, 156. But since December 2025, Defendants have withheld all funds owed to Plaintiffs and other providers "for direct legal representation services to unaccompanied children." Dkt. 87 at 28. This withholding of funds is in direct violation of this Court's April 29, 2025 order, and Plaintiffs now move for an order directing Defendants to show cause why they should not be held in civil contempt as a result of their failure to provide payment due for direct legal representation services to unaccompanied children since December 2025, in violation of this Court's April 29, 2025 order.

The motion is based upon this notice of motion; the memorandum of points and authorities in

2

Gibson, Dunn & Crutcher LLP

support thereof that follows; the declarations of Marion Donovan-Kaloust and Laura Sturges, filed concurrently herewith; the proposed order filed concurrently herewith; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

Respectfully submitted,

July 1, 2026

/s/ Laura M. Sturges

GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (CO Bar No. 36843) (*pro hac vice*)
Patricia M. Herold (CO Bar No. 54552) (*pro hac vice*)
Caelin Moriarity Miltko (CO Bar No. 56721) (*pro hac vice*)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

/s/ Alvaro M. Huerta

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

/s/ Karen C. Tumlin

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

/s/ Samantha Hsieh

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY INJUNCTION
CASE NO. 4:25-CV-02847-AMO

Gibson, Dunn & Crutcher LLP

**INTRODUCTION**

In direct contravention of this Court's April 29, 2025 order, Defendants the United States Department of Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR") and the United States Department of the Interior (collectively, "Defendants") have withheld all funding due to Plaintiffs and other providers for the provision of direct legal representation services rendered to unaccompanied children since December 2025. Because Defendants are demonstrably aware of this Court's April 29, 2025 order and because the withholding of congressionally appropriated funds is a direct violation of the same, this Court should issue an order directing Defendants to show cause why they should not be held in civil contempt as a result of their failure to provide payment due for direct legal representation services to unaccompanied children since December 2025 in violation of this Court's April 29, 2025 order.[1]

**LEGAL STANDARD**

Courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). "A *prima facie* showing of civil contempt is established by clear and convincing evidence showing that a party had notice of the terms of the court's order and violated that order." *Hi-Tek Bags, Ltd. v. Bobtron Int'l, Inc.*, 144 F.R.D. 379, 383 (C.D. Cal. 1992). A court may issue a contempt order if the moving party shows "(1) that [Defendants] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. v. Los Angeles Cnty. Metro. Transp. Auth.*, 564 F.3d 1116, 1123 (9th Cir. 2009).

**ARGUMENT**

In March 2025, Defendants sent a letter to Acacia Center for Justice ("Acacia"), "terminating the contract line items through which HHS and ORR provided funding for counsel for unaccompanied children in immigration proceedings," (the "Cancellation Order"). Dkt. 87 at 3. Plaintiffs are legal

---

[1] Plaintiffs are noticing this motion to be heard at the earliest available hearing date pursuant to the Court's scheduling requirements. However, Plaintiffs request this motion be heard on an expedited basis given the ongoing harm suffered by Plaintiffs.

Gibson, Dunn & Crutcher LLP

services organizations that, prior to March 20, 2025, "received funding for their work from ORR disbursed through Acacia Center for Justice." *Id.* at 4. Plaintiffs filed the present lawsuit, alleging that the Cancellation Order violated the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(c)(5), and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), and that it was an "arbitrary and capricious" agency in action. *Id.* at 5.

On April 29, 2025, this Court issued a preliminary injunction, which enjoined Defendants "from withdrawing the services or funds provided by the Office of Refugee Resettlement ('ORR') as of March 20, 2025, under the [TVPRA] and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), particularly ORR's provision of funds for direct legal representation services to unaccompanied children," and precluded Defendants from "cutting off access to congressionally appropriated funding for its duration." Dkt. 87 at 28. Defendants have repeatedly established their awareness of this Court's order, including by filing regular status reports as required by this Court's order. *See* Dkts. 91, 98, 104, 127, 137, 142, 146, 148, 150, 151, 153, 156.

However, since December 2025, Defendants have withheld funding due to Plaintiffs and other provider organizations to support direct legal representation services to unaccompanied minors and have instead withheld payment of invoices submitted by Acacia. Donovan-Kaloust Decl. ¶ 3. After nearly five months of non-payment, ORR sent a request to Acacia on April 27, 2026, requesting additional information that ORR claimed was required to facilitate payment. *Id.* Before April 2026, including during the months of payments from April through November 2025, ORR had never requested any of the information identified in its April 2026 information request or suggested such information was required to provide funding for legal representation services. *Id.* ¶ 4. On May 21, 2026, Defendants represented to this Court that ORR "continues to abide by the Court's Preliminary Injunction." Dkt. 156 at 2. At that time, in response to Plaintiffs' inquiry, Defendants indicated that they were "investigating" an issue "that has delayed the payment of certain invoices." *Id.* Defendants never followed up with Plaintiffs.[2] Instead, on June 18, 2026, Plaintiffs reached out to counsel for

---

[2] Rather than provide payment, law enforcement agents visited certain Plaintiff organizations and other provider organizations in June 2026, ostensibly seeking this information. See Rebecca Santana

Gibson, Dunn & Crutcher LLP

Defendants, indicating their intent "to ask the Court to issue an order to show cause why Defendants' withholding of payments is not a violation of [the Court's] injunction," unless Defendants could provide information "that would preclude [Plaintiffs'] need for relief from the Court." Sturges Decl. Ex. A. Counsel for Defendants responded on June 24, 2026, confirming that payments had been withheld and reiterating ORR's request for new data before the invoices could be paid. *Id.* On June 30, 2026, Acacia informed Plaintiffs that Defendants indicated they will not approve the invoice for payment pending receipt and review of the additional requested data. Donovan-Kaloust Decl. ¶ 3.

Defendants' withholding of funding directly contravenes this Court's order, and meets the elements for civil contempt. *See Labor/Cmty. Strategy Ctr.*, 564 F.3d at 1123. Defendants cannot show that they have either substantially complied with the order or that their withholding of funds since December 2025 is based on a good faith and reasonable interpretation of the order. The plain language of this Court's order prohibits Defendants from "withdrawing the services or funds provided by [ORR] as of March 20, 2025" and "precludes cutting off access to congressionally appropriated funding for its duration." Dkt. 87 at 28. Defendants have now withheld funds for nearly six months under the guise of seeking information that Defendants have never previously requested, provided notice of needing, or sought from Acacia, Plaintiffs, or other provider organizations regarding the provision of direct legal representation services to unaccompanied children, including on or before March 20, 2025 and between March 2025 and November 2025. Donovan-Kaloust Decl. ¶¶ 4–5. This information is difficult, if not impossible, for Plaintiffs to recreate retroactively. *Id.* Defendants do not deny that they have withheld these funds. Sturges Decl. Ex. A. Because this Court's order does not allow Defendants to withhold funds for any reason, including on the basis of new "contractual requirements" that did not exist prior to March 20, 2025, this Court should issue an order directing Defendants to show cause as to why their withholding of funds does not violate this Court's order. This long-delayed payment is impeding Plaintiffs' and other providers' abilities to provide legal

& Valerie Gonzalez, *Legal groups that help migrant children say law enforcement visits were attempt at intimidation* (AP News June 12, 2026), https://apnews.com/article/border-immigration-children-legal-services-homeland-security-investigations-035cd451ecc8449ad0919a02dc141555.

Gibson, Dunn &
Crutcher LLP

representation services, as they are forced to find other resources to support their work or consider furloughs or other staffing changes. *See* KIND, *KIND Severs Current Federal Legal Service Provider Subcontract* (June 30, 2026), https://supportkind.org/press-releases/kind-severs-current-federal-legal-service-provider-subcontract/. Some organizations, including Estrella del Paso, have already begun limiting the services they are providing to unaccompanied children in the area and are at serious risk of losing staff due to the limited resources available to them. At the Court's request, Plaintiffs can provide additional declarations illustrating the irreparable harm suffered by Plaintiffs as a result of Defendants' ongoing violation of the Court's order.

## CONCLUSION

Because Defendants have withheld funding in violation of this Court's order, Plaintiffs respectfully request that this Court issue an order to show cause directing Defendants to show cause why they should not be held in civil contempt as a result of their failure to provide payment due for direct legal representation services to unaccompanied children since December 2025 in violation of this Court's April 29, 2025 order.

Respectfully submitted,

July 1, 2026

*/s/ Laura M. Sturges*                          */s/ Karen C. Tumlin*

GIBSON, DUNN & CRUTCHER LLP          JUSTICE ACTION CENTER
Katherine Marquart (CA Bar No. 248043)   Esther H. Sung (CA Bar No. 255962)
Ariana Sañudo (CA Bar No. 324361)        Karen C. Tumlin (CA Bar No. 234691)
Arthur Halliday (CA Bar No. 347620)       Laura Flores-Perilla (CA Bar No. 355645)
333 South Grand Avenue                    JUSTICE ACTION CENTER
Los Angeles, CA 90071-3197                P.O. Box 27280
(213) 229-7000                            Los Angeles, CA 90027
kmarquart@gibsondunn.com                  (323) 450-7272
asanudo@gibsondunn.com                    esther.sung@justiceactioncenter.org
ahalliday@gibsondunn.com                  karen.tumlin@justiceactioncenter.org
                                          laura.flores-
Laura M. Sturges (CO Bar No. 36843) (*pro hac vice*)   perilla@justiceactioncenter.org
Patricia M. Herold (CO Bar No. 54552) (*pro hac vice*)
Caelin Moriarity Miltko (CO Bar No. 56721) (*pro hac vice*)
1900 Lawrence Street, Suite 3000

Gibson, Dunn &
Crutcher LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY INJUNCTION
CASE NO. 4:25-CV-02847-AMO

Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

*/s/ Alvaro M. Huerta*

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

*/s/ Samantha Hsieh*

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

## ATTESTTATION

In accordance with Civil Local Rule 5-l(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other Signatories, which shall serve in lieu of their signatures on the document.

Dated: July 1, 2026

By: */s/ Laura M. Sturges*
Laura M. Sturges
Attorney for Plaintiffs

8

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR VIOLATING THE PRELIMINARY
INJUNCTION
CASE NO. 4:25-CV-02847-AMO

Gibson, Dunn &
Crutcher LLP