GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (pro hac vice)
Patricia M. Herold (pro hac vice)
Caelin Moriarity Miltko (pro hac vice)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

IMMIGRANT DEFENDERS LAW
CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT
RIGHTS
Adina Appelbaum (pro hac vice)
Samantha Hsieh (pro hac vice)
Peter Alfredson (pro hac vice)
Evan Benz (pro hac vice)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al., <br><br> Plaintiffs, <br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> Defendants. | CASE NO. 4:25-CV-02847-AMO <br><br> **DECLARATION OF MARION DONOVAN-KALOUST ISO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT** <br><br> Date:        October 1, 2026 <br> Time:        2:00 PM PT <br> Judge:       Hon. Araceli Martínez-Olguín <br> Date Action Filed:   March 26, 2025 |

**DECLARATION OF MARION DONOVAN-KALOUST**
**DIRECTOR OF LEGAL SERVICES AT IMMIGRANT DEFENDERS LAW CENTER**

*I, Marion Donovan-Kaloust, make the following statements on behalf of myself and Immigrant Defenders Law Center. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 7-8) and my Supplemental Declaration in Support of a Plaintiff's Motion for Preliminary Injunction (Dkt. 37-7) as if fully set forth herein.

2. I am the Director of Legal Services of the Children's Representation Project ("CRP") at Immigrant Defenders Law Center ("ImmDef"), where I have been employed for almost ten years. ImmDef is a non-profit organization headquartered in Los Angeles, California, with additional offices in Santa Ana, Riverside and San Diego. ImmDef believes in providing universal representation so that no immigrant is forced to face removal proceedings without an attorney or accredited representative at their side. ImmDef is the largest provider of legal services to unaccompanied children in California and currently provides legal services to children housed in seventeen Office of Refugee Resettlement ("ORR") facilities throughout Southern California. ImmDef also represents thousands of unaccompanied children who have been released from ORR custody and are residing with sponsors in the Greater Los Angeles area.

3. As of the date of this declaration, ImmDef has not received payment for the December 2025 through April 2026 invoice period from Acacia, the primary contractor with the federal government. On April 27, 2026, Acacia received a request for additional data for payment on

2

December 2025 invoices from ORR. For the first time, ORR is asking Acacia to have each legal services provider ("LSP") submit detailed information retroactively, including timesheet information A-number and staff member and case-type descriptions (e.g., SIJS, affirmative or defensive asylum). On June 30, 2026, Acacia informed ImmDef via email to the Acacia network of LSPs that the Government is refusing to pay for the December 2025 through April 2026 invoice period pending receipt of this additional information.

4. It is impossible for ImmDef to accurately provide the requested data. ImmDef has historically provided substantiation of labor hours by labor category and material costs incurred. The level of detail that ORR now demands has never previously been requested or required during prior invoicing periods dating back over ten years to ImmDef's founding. Because this information has never been required as a precondition of payment, and because such information has never previously been requested, ImmDef has not systematically collected or maintained this data because there was no need to.

5. It is impossible for ImmDef to retroactively provide the information requested. Even if ImmDef could create the data points retroactively, there is no way to fully capture the full number of hours worked and would thus likely lead to a payment of much less than the actual value of the work performed. Further, it would pull resources away from, and strain, ImmDef's day-to-day operations. For example, attempting to retroactively create the data would completely consume my job for weeks if not months, and individual attorneys would be pulled away from representing their unaccompanied child clients to recreate their time from December 2025 onward. For example, Acacia recently requested ImmDef provide additional substantiation regarding work completed on our approximately 2,000 open cases in the months of January and February. One staff member dropped nearly all other duties to work full-time

3

on the request for a week. Dozens of other staff also had to drop what they were doing to provide additional information, amounting to dozens of additional hours and taking away from our direct representation of clients. On the day we requested staff drop what they were doing to provide the substantiation ORR required, we were also planning for detained juvenile "rocket dockets." In recent months, Immigration Courts have scheduled detained juvenile dockets multiple times a week, often with less than 24 business hours' notice. Immigration Judges are limiting continuances in children's immigration cases to a maximum of 21 days and refusing to consider immigration relief that is pending outside Immigration Court.  This is creating a fast-tracked, high-pressure environment in which legal staff are having to work faster than ever, often on short notice, to defend their child clients.  Instead, we had to request staff drop this lifesaving work to provide substantiation of work that occurred months ago—substantiation we had never been told previously we would need to provide. Staff I supervise expressed frustration, stress and feeling overwhelmed at having this task added to their plates at a time when they are already in triage mode trying to defend their clients from deportation.

6.  Due to the lack of payment, ImmDef is utilizing limited emergency financial reserves to float the costs of the legal services provided between December 2025 and April 2026. These costs include payroll for staff working under the contract and case stipends (e.g., filing fees). The contract prohibits ImmDef from having clients pay for their filing fees, so the only option is for ImmDef to float the costs for the newly implemented filing fees (e.g., for the following applications for asylum (I-589), Special Immigrant Juvenile States (I-360), and initial employment authorization documents (I-765) which used to be covered under the contract and free of charge to child clients). ImmDef is increasingly attempting to rely on alternative funding sources for unaccompanied child clients to try to ensure security in future funding for

4

the provision of their legal representation. However, these other funding sources do not cover necessary costs such as filing fees; even with these alternatives, ImmDef is suffering financial harm by having to cover additional costs from its emergency funds.

7. Unaccompanied children are entitled to legal services and, to be effective, those legal services should be independent and done in keeping with the ethical responsibilities of loyalty, confidentiality, and zealousness. ORR's refusal to pay LSPs for the work they have done absent a disclosure of the requested information compromises those ethical obligations. The request by ORR creates serious attorney-privilege and confidentiality concerns, as it includes children's identifying information. The requested documents would provide A-number-level information as to details within the child's representation service, revealing legal strategy information, which is not permitted under ethics rules. Under California Ethics Rule 1.6, an attorney shall not disclose confidential information unless the client gives informed consent, or to prevent a crime the lawyer reasonably believes is likely to result in great bodily injury or death.  Because our clients are children and we ourselves do not know what the government intends to do with the information it is requesting, it is impossible for our clients to give informed consent.

8. For example the level of detail ORR is requesting could be used in ways that harms unaccompanied children and creates an even greater need for the provision of legal services to that population. For example, in *LGML v. Noem*, a lawsuit seeking to stop the Trump administration from unlawfully expelling hundreds of Guatemalan unaccompanied children overnight, DHS only promised not to remove children with pending I-589s. There is concern that DHS could use the data requested by ORR to attempt to remove more unaccompanied children in care who do not have an I-589 pending, but who should still be afforded the

5

DECLARATION OF MARION DONOVAN-KALOUST ISO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT
CASE NO. 4:25-CV-02847-AMO

opportunity to seek other forms of relief provided for in the Trafficking Victims Protection Reauthorization Act ('TVPRA") and the Immigration and Nationality Act. These threats are ongoing. For example, on June 24, 2026, I was alerted to a letter sent by Senator Ron Wyden to the Department of Health and Human Services ("HHS"), the umbrella agency that houses ORR. Senator Wyden explained that he had received credible information that ORR intended to immediately repatriate approximately 500 "Category 4" children in ORR custody. (Category 4 is the ORR term for a child with no identified sponsor in the United States). While I do not know the contours of any such plan, the fact that a U.S. Senator is raising the alarm about it indicates that it, or similar threats, are ongoing and attorneys for children must strictly adhere to their duties of loyalty and confidentiality when it comes to sharing child-level information with the government.

9. To prevent harm to its clients, ImmDef must receive the unpaid funds quickly. The safety and due process rights of unaccompanied children are increasingly under attack. Thus, the amount of advocacy needed and the time frame within which legal services must be provided to a single unaccompanied child has greatly increased as a result of this administration's changes to immigration policy, including shortened timelines for unaccompanied children in removal proceedings. ImmDef made staffing and operational decisions based on its reliance that ORR would pay the invoices. If ORR fails to pay the December through April invoices, ImmDef would essentially be worse off than when this lawsuit was filed because it is currently floating five months of reserves to cover the costs it relied on ORR to cover. ImmDef is already having to limit the number of new clients we take on in light of the nonpayment of these funds, and anticipates that layoffs would begin as early as August if funding is not restored.

I declare under penalty of perjury that the foregoing is true and correct.

6

DECLARATION OF MARION DONOVAN-KALOUST ISO PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT
CASE NO. 4:25-CV-02847-AMO

Executed on the 1 of July 2026, in Riverside, CA.

_____

**Marion ("Mickey") Donovan-Kaloust**
**Immigrant Defenders Law Center**
**634 S. Spring Street, 10th Floor**
**Los Angeles, CA 90014**
**Tel: (213) 674-9438**
**Fax: (213) 282-3133**
mickey@immdef.org

DECLARATION OF MARION DONOVAN-KALOUST ISO PLAINTIFFS' MOTION FOR AN ORDER TO
SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT
CASE NO. 4:25-CV-02847-AMO