IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Case No. 4:25-CV-02847-AMO<br><br>**DECLARATION OF SUI CHUNG (AMERICANS FOR IMMIGRANT JUSTICE) IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION** |

**DECLARATION OF SUI CHUNG**

**EXECUTIVE DIRECTOR, AMERICANS FOR IMMIGRANT JUSTICE**

*I, Sui Chung, make the following statements on behalf of myself and Americans for Immigrant Justice ("AI Justice").  I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience.  If called to do so, I could and would competently testify to these matters under oath.

2. I am the Executive Director of AI Justice. In that capacity, I oversee AI Justice's programs, finances, and operations, including its Children's Legal Program. I am familiar with the federal funding that supports that program, the services the program provides, and the consequences of the delayed payments described below.

3. AI Justice previously joined a brief filed by Legal Services Providers as *amici curiae* in the Ninth Circuit in Opposition to Rehearing *En Banc* and incorporates that Brief here by reference. (Dkt. 37.1).

4. AI Justice serves approximately 5,000 people in Florida each year. In 2025, AI Justice's Children's Legal Program served approximately 400 unaccompanied children detained in an Office of Refugee Resettlement (ORR) facility in Miami, Florida, as well as unaccompanied children released to their sponsors in Monroe, Miami-Dade, Broward, Palm Beach, Lee, and Collier Counties. We are the sole legal provider for detained children in South Florida. We provide legal orientations and legal screenings, and offer court assistance. We also offer direct representation to unaccompanied children detained and released within our service area.

5. AI Justice currently employs 13 Acacia-funded attorneys, and 13 Acacia-funded legal support staff.  These attorneys are currently handling over 300 unaccompanied minor cases. In addition, our attorneys and other legal staff help support several active pro bono cases involving unaccompanied children, in partnership with pro bono attorneys from outside AI Justice.

6. Our team of attorneys provide child-centered, trauma-informed services to unaccompanied children. The attorneys regularly travel to the shelter to meet with detained children or to their client's county of residence to conduct face-to-face meetings. Our team represents children in removal proceedings in immigration court and before the Board of Immigration Appeals. Many unaccompanied children qualify for several forms of immigration relief, and our team is knowledgeable on the various forms of relief for this vulnerable population. Our attorneys file applications before USCIS, such as asylum, Special Immigrant Juvenile Status (SIJS), U-visas, and T-visas. If a minor qualifies for SIJS, they also appear in state court to obtain a Best Interest Order needed to file an I-360 petition with USCIS. Their specialized training enables them to build trust with children who have experienced trauma and to identify and pursue the legal protections for which those children may qualify.

7. Under the federally funded Unaccompanied Children Program (UCP), AI Justice provides legal services to unaccompanied children as a subcontractor to the Acacia Center for Justice (Acacia). Following payment delays, AI Justice has continued providing covered services which caused AI Justice to incur associated personnel and operating expenses. We understand that these payment delays result from HHS's failure to provide Acacia with the federal funding necessary to reimburse legal service providers such as AI Justice. Now, AI Justice has not received payment for covered services from January 2026 to present.

8. UCP funding represents approximately 49% of AI Justice's overall 2026 annual budget, and 92% of AI Justice's Children's Legal Program's annual budget. The prolonged payment delay has therefore substantially affected AI Justice's Children's Legal Program and its ability to serve unaccompanied children.

9. Because of the payment delays AI Justice has been forced to furlough 15 staff members who serve unaccompanied children, effective July 31, 2026. As a result of these furloughs, the Children's Legal Program will no longer have the capacity to offer representation to detained children or accept new cases at its previous level. Children who otherwise could have received representation through AI Justice may instead be required to appear in immigration proceedings without counsel, materially increasing the risk that they will be

unable to identify or effectively pursue legal relief for which they may qualify. Children will go unrepresented in court and will be at risk of removal, including removal to countries they have never known.

10. AI Justice has utilized other sources of funding to cover some of the program's expenses temporarily, but those funds are not enough to mitigate the impact of these payment delays. AI Justice was owed approximately $1,668,417 for services performed during the first six months of 2026.

11. In addition to the ordinary reporting required by AI Justice's agreement with Acacia, AI Justice has recently been asked to compile and provide additional historical case-level information. AI Justice understands that these requests originate with ORR and that the requested information is being sought as part of ORR's review of payments for services that AI Justice has already performed.

12. Based on AI Justice's review, some of the requested information was not previously required to be collected or reported under its agreement with Acacia. AI Justice does not maintain some of this information in a form that can be readily retrieved. Responding therefore is burdensome as it requires staff to conduct time-consuming, individualized reviews of case files at a time when the program is already operating with reduced staffing. There are no mechanisms in place to capture much of the information ORR is requesting on short notice.

13. There are also significant ethical and confidentiality concerns with providing additional data. Some of the requested information may implicate attorney-client confidentiality, attorney work-product protections, and AI Justice's ethical obligations to its clients. This is particularly concerning when a request seeks case-level information about pending matters that may reveal confidential communications, litigation strategy, or other protected information. AI Justice is working to satisfy all applicable contractual reporting requirements while also protecting its clients' confidential and privileged information.

14. If payments do not resume promptly, AI Justice anticipates that it will be forced to consider additional furloughs or layoffs, and further reduce the legal services it provides to

unaccompanied children. The resulting loss of capacity may disrupt existing attorney-client relationships and leave additional children without legal assistance or representation in pending immigration proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd of July 2026, in Miami, Florida.

_____
Sui Chung
Executive Director
Americans for Immigrant Justice

4