IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Case No. 4:25-CV-02847-AMO<br><br>**DECLARATION OF KATRINA LOGAN (CLSEPA) IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION** |

**DECLARATION OF KATRINA LOGAN**

**EXECUTIVE DIRECTOR, COMMUNITY LEGAL SERVICES IN EAST PALO ALTO**

*I, Katrina Logan, make the following statements on behalf of myself and Community Legal Services in East Palo Alto ("CLSEPA").  I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. § 1746.*

1.  I am over the age of 18 and make this declaration based upon my personal knowledge and experience.  If called to do so, I could and would competently testify to these matters under oath.

2.  I am the Executive Director at CLSEPA, a plaintiff in the above-captioned case.  I incorporate my Declaration in Support of Plaintiffs' Motion to Enforce the Preliminary Injunction (Dkt. #165) as if fully set forth herein.  CLSEPA previously submitted declarations in support of the Motion for a Temporary Restraining Order (Dkt. #7-16) and the Motion for a Preliminary Injunction (Dkt. #37-3), and I incorporate those declarations by reference.

3.  CLSEPA's mission is to provide transformative legal services that enable diverse communities in East Palo Alto and beyond to achieve a secure and thriving future.  In 2025, CLSEPA served 1,386 individuals and reached 4,746 household members, primarily in San Mateo and Santa Clara Counties. Of those reached, 1,494 were children.  Since 2014, we have served unaccompanied immigrant children ("UAC") in removal proceedings in immigration court after they are released from ORR custody to sponsors living in the Greater San Francisco Bay Area.

4.  While CLSEPA has not been reimbursed since November 2025, U.S. Department of Health and Human Services ("HHS") funding obligates us to continue to provide legal services and accept referrals from ORR partners.  In 2026, seven CLSEPA staff members continue to provide direct representation to UAC.   Specifically, we have four attorneys working on UAC removal defense cases in immigration court and three non-attorney paralegals assisting CLSEPA's immigration attorneys in the representation of our youth and child clients.   These attorneys are currently handling roughly 33 active cases representing

UAC.  As a major part of this work, we represent UAC who are in foster care and who are receiving social work services from another organization, Catholic Charities of Santa Clara County ("CCSCC").  CCSCC assists UAC with obtaining guardianship orders and placement with foster parents or guardians upon their release from ORR custody.  CLSEPA represents these UAC in their removal proceedings in immigration court, and in affirmative relief cases like asylum before USCIS, Special Immigrant Juvenile Status ("SIJS") in state court, and humanitarian visas like the T visa, U visa, or VAWA.  We prioritize referrals from CCSCC, and we also have received referrals through the Unaccompanied Child Online Referral Database ("UCORD") database.

5.  In 2026, 8 of the 9 referrals we've received have been in removal proceedings.  We have increased our HHS funded caseload and now are actively representing 33 children, and have four potential additional clients pending intakes. This would bring our caseload to 37. One recent referral from CCSCC involved a child with a master calendar hearing in Concord, California scheduled within 8 days of their release from an ORR facility in Texas, illustrating how compressed the timeline can be between a child's release and their first required court appearance, and how quickly our attorneys have to mobilize to respond to these referrals.

6.  In this case, and in many others, staff travel throughout the Greater Bay Area, including to meet new referrals in Salinas, California.  Salinas lacks the density of immigration nonprofits and infrastructure that exists in San Mateo, Santa Clara, and other urban Bay Area counties. Our willingness to accept referrals from Salinas is filling a major service gap.

7.  CLSEPA fills service gaps in other ways, providing crucial services to vulnerable UAC who might not otherwise find a legal representative. CLSEPA has accepted cases where there have been major language access issues, and our attorneys have mobilized with other known partner organizations to secure appropriate indigenous interpreters for their needs. For instance, CLSEPA received a referral for a 14-year-old client whose best language is Chatino, an indigenous language from Oaxaca, Mexico. CLSEPA worked with the client's

ORR-appointed advocate and secured a Chatino interpreter based in Oaxaca, Mexico to conduct an initial intake and a case conference with the family.

8. CLSEPA currently represents seven UAC located in Salinas, California, which is about 78 miles and two counties away from CLSEPA's main office.  We provide these services because there is a lack of service providers in the area. Salinas, located in Monterey County, is a legal desert where there are few, if any, providers available to provide pro bono representation to children. Six of the aforementioned cases are for children who qualify for SIJS, but who are unable to find an attorney or a nonprofit organization to represent them in state court to obtain the predicate orders necessary to qualify for SIJS.  All of the children have parents who are farmworkers and who are unable to pay a retainer to private attorneys in larger cities to represent them.  The majority also lack access to transportation, making it difficult for them to meet with their attorneys outside of where they reside.  Our CLSEPA attorneys travel to Salinas about once per month to meet with these clients and provide the critical in-person meetings and services that they deserve with dignity and respect.

9. Unaccompanied Children Program ("UCP") funding from ORR represents approximately 15% of CLSEPA's immigration direct services budget.

10. November 2025 is the last month we were paid for our work.  It is no exaggeration to state that the delay in payments has dealt a significant blow to CLSEPA, our mission, and the unaccompanied children we serve. To date, CLSEPA hasn't been paid $62,656. If we continue to carry out our mission and accept these cases based on the promise of compensation for our work, we will need to reduce services, withdraw from representations, and reduce staff given our inability to pay them with the money from the government.  Even if we were able to find other funding to cover the work, we would still need to turn away other potential clients who would benefit from our services.

11. ORR is currently seeking case-related data for details of children who have had active representation during the December 2025 through July 2026 timeframe. CLSEPA diligently reports case-related data on a monthly basis, but these reports kept in the usual course of business do not include the type of information that is now being requested.

3

Retrospectively compiling additional case-specific information that was not compiled in our regular course above and beyond what has already been reported is extremely resource intensive and requires us to divert time away from the effective representation of the most vulnerable populations – unaccompanied children and minors. Collecting, compiling, transmitting and then re-transmitting such data to the government also raises significant privacy and confidentiality concerns.

12. If we do not soon receive the payment owed for the services we have been providing unpaid for over six months, the harm to us, our ongoing work, our mission, our staff, and our clients will be, in a word, devastating.   These vulnerable unaccompanied immigrant children risk losing continuity of representation at critical junctures in their immigration proceedings.   Lack of representation can jeopardize time-sensitive filings, exposing children to orders of removal, and threatening their ability to obtain the protection from abuse, neglect, or abandonment that SIJS and humanitarian visas were designed to provide.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd of July, 2026, in East Palo Alto, California.

_____

Katrina Logan

Executive Director

Community Legal Services in East Palo Alto

4