IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,<br><br>                  Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br>                  Defendants. | CASE NO. 4:25-CV-02847-AMO<br><br>**DECLARATION OF VANESSA GUTIERREZ (NORTHWEST IMMIGRANT RIGHTS PROJECT) IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE THE PRELIMINARY INJUNCTION** |

**DECLARATION OF VANESSA GUTIERREZ**

**DEPUTY DIRECTOR, NORTHWEST IMMIGRANT RIGHTS PROJECT**

*I, Vanessa Gutierrez, make the following statements on behalf of myself and Northwest Immigrant Rights Project. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.

2. I am a Deputy Director at Northwest Immigrant Rights Project (NWIRP), a plaintiff in the above-captioned case. I incorporate my Declaration in Support of Plaintiffs' Motion to Enforce the Preliminary Injunction and Supplemental Declaration in Support of Plaintiffs' Motion for a Preliminary Injunction as if fully set forth herein.

3. NWIRP provided immigration legal services to over 15,000 individuals throughout Washington state in 2025 and served an additional 25,000 with education and outreach services. Specifically, NWIRP serves unaccompanied children by representing them in removal proceedings in immigration court, state court proceedings, affirmative applications for immigration relief before USCIS, and by providing them with social services coordination.

4. NWIRP currently has 109 attorneys, including 15 (about 10 FTEs) in its UCP program.  These UCP attorneys are currently handling approximately 624 active cases representing unaccompanied children.  In addition, our attorneys and other staff help support over 50 active pro bono cases representing unaccompanied children in partnership with pro bono attorneys.

5. NWIRP's UCP Program supports NWIRP's overall mission by representing: (1) Unaccompanied children and youth who have been released from ORR custody to sponsors in Washington State in immigration proceedings and (2) All children and youth entering the Unaccompanied Refugee Minor ("URM") programs in Kennewick, WA and Spokane, WA. As part of our UCP contract, NWIRP has also committed to providing educational services in the form of legal education "know your rights" ("KYR") presentations and conducting individual

consultations (intakes) with all unrepresented children and youth released from emergency ORR facilities to sponsors in our geozones. We also currently host an Immigrant Justice Corps (IJC) fellow to represent unaccompanied children and youth in removal proceedings, provide Spanish-language tutoring for staff representing unaccompanied children and youth, and have a UCP-specific social services advocate who helps connect NWIRP clients with needed social services.

6. NWIRP UCP staff represent unaccompanied children and youth in removal proceedings in immigration court, BIA appeals, affirmative relief before USCIS (including asylum, Special Immigrant Juvenile (SIJ) classification, Adjustment of Status, T visas and U visas), and state court cases (including dependencies, minor guardianships, parenting plans, and vulnerable youth guardianships). Staff must regularly travel to the Seattle Immigration Court, and occasionally the Portland Immigration Court, as well as state courts throughout Washington for court filings and hearings. Staff also travel to the USCIS office in Tukwila in order to represent clients during their asylum interviews and to ICE offices around the state to accompany clients to their appointments. Our UCP contract's geozones cover 25 of Washington's 39 counties.

7. NWIRP's UCP Program provides critical legal services to unaccompanied children and youth, who are not guaranteed appointment of counsel in removal proceedings. Most unaccompanied children and youth in our state lack the financial resources to be able to hire private immigration attorneys. There are not many attorneys in Washington state who provide representation in removal proceedings for unaccompanied children and youth or in state court for SIJ-eligible children and youth, especially on a low bono or pro bono basis. Due to their young age (we have represented UCP clients as young as 1 year old), the trauma they may have experienced, language barriers, and the complexity of immigration law, it is not realistic to expect unaccompanied children and youth to attempt to apply for immigration relief before USCIS, pursue state court cases, or advocate for themselves in immigration court without an attorney.

8. UCP funding from ORR represents approximately 11% of NWIRP's overall annual budget.

9. The last month for which we received payment from ORR for our UCP legal services was

November 2025. The delay in payments of well over $1.87 million has had a devastating impact upon NWIRP and our work. While NWIRP has received assistance from private funders to ensure cashflow, the delay in payments has prevented filling key positions in our UCP Program and has very negatively impacted overall agency planning and operations during a time when services are urgently needed.

10. While we have tried to utilize other sources of funding to the extent possible, those are not enough to mitigate the impact of these payment delays.

11. NWIRP has diligently complied with all data collection and reporting requirements agreed to by Acacia and the government. Upon award of the contract, we established a reporting system that ensured collection of the required data. We did not collect information in theformat that the government is now retroactively requesting, making it nearly impossible to retroactively provide. As a legal services organization we must also comply with our ethical obligations to maintain the confidentiality of our representation and have concerns that the information sharing being asked by ORR would violate those ethical obligations.

12. In addition, if the ORR payments do not resume soon, NWIRP will face imminent and catastrophic harm. We have already frozen program operations, meaning that vacant positions have not been filled. Some staff have already transitioned out of the UCP Program, leaving caseloads to be managed by fewer and fewer UCP designated staff. We are also only taking emergency cases, leaving many children in our region without representation. Without payment, we will take the following steps beginning in August 2026: NWIRP will begin moving all UCP staff into other NWIRP programs and distributing cases among staff under alternative funding sources. Having to use non-UCP funding to continue to meet the needs of children and youth also severely impacts NWIRP's ability to meet other community needs due to limited resources and high demand for NWIRP services more broadly.

13. If the payments are not promptly resumed, the harm to us, our work, our staff, and most importantly, to our clients will be catastrophic and potentially irreversible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd of July 2026, in Wenatchee, Washington.

_____
Vanessa Gutierrez
Deputy Director
Northwest Immigrant Rights Project