

**DEFENSE CONTRACT AUDIT AGENCY**
8725 JOHN J. KINGMAN ROAD, SUITE 2135  FT.
BELVOIR, VA  22060-6219

OIS 850.3

June 15, 2026

MEMORANDUM FOR THE OFFICE OF REFUGEE RESETTLEMENT ADMINISTRATION
FOR CHILDREN AND FAMILIES UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES; SWITZER BUILDING 330 C. ST. SW,
WASHINGTON, DC 20416

ATTENTION: ANGIE SALAZAR, ACTING DIRECTOR/DEPUTY ASSISTANT
SECRETARY

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
MOA Agreement Number DCAA-0001-26
DCAA Assignment No. 11201-20264990000288

We received your request dated May 4, 2026, for forensic auditing and advisory services
for a thorough analysis of invoices related to costs associated with provision of services to
provide assistive legal services for Unaccompanied Alien Children (UAC) for the Administration
of Children and Families (ACF) Office of Refugee Resettlement (ORR) in accordance with the
Performance Work Statement, entitled "UAC Legal Services".

### DCAA Analysis of Prime Contactor's December 2025 CLIN 2 Invoice

We performed a 100% review of the Other Direct Costs portion of the December 2025
CLIN 2 Prime Contractor Invoice and its substantiating documentation. However, this consisted
of $516,862.26 or 3.46% of the total $14,938,000.96 invoiced. DCAA could not effectively
review the documentation related to Labor which represented the remaining $14,421,138.70. The
review included an assessment of the allowability, allocability, reasonableness, and adequacy of
supporting documentation for all billed cost elements. The deficiencies of Labor's substantiating
documentation prevented our ability to verify those costs. In addition, calculations were
evaluated for mathematical accuracy and consistency with the amounts claimed on the invoice;
no determination of allowability was considered.

The cost elements on the invoice:

| Labor Category | UCP Total Current Period | % Per Cost Element |
|---|---|---|
| Case Stipends | $256,567.77 | 1.72% |
| Consultants | $20,831.83 | 0.14% |
| Database Licenses | $6,788.67 | 0.05% |
| Recruitment | $1,557.45 | 0.01% |
| Subcontractors | $217,239.06 | 1.45% |
| Travel | $13,877.48 | 0.09% |
| **Total Other Direct Cost** | **$516,862.26** | **3.46%** |
| Labor | $14,421,138.70 | 96.54% |
| **Grand Totals CLIN 2 UCP IPP Item  110** | **$14,938,000.96** | **100.00%** |

OIS 850.3                                                                                                   June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

### Cost Elements Analysis

For each cost element, we performed both qualitative and quantitative procedures. Qualitative procedures assessed the adequacy and reliability of supporting documentation, while quantitative procedures evaluated the mathematical accuracy of billed amounts. The following sections describe the cost element review, the procedures performed, and the results of our analysis.

### Cost Element - Case Stipends

Case Stipends are money awarded or reimbursed for legal costs, attorney's fees, and expenses incurred in certain court cases. The documentation provided by the Prime's subcontractors are digital scans of Form I-797C, Notice of Action, Shipping receipts, invoices, and Form G-1450 to cite examples. Below is a summary of the quantity of forms we reviewed:

| December 2025 Case Stipends Documentation | |
| --- | --- |
| Form | No. of Forms |
| I-360 | 205 |
| I-765 | 197 |
| I-589 | 146 |
| G-1450 | 93 |
| G-28 | 23 |
| I-693 | 4 |
| I-821 | 2 |
| G-1055 | 1 |

The case stipend documentation was hard to calculate a total that matched the costs billed to the government. There is heavy redaction and this has made it difficult to evaluate the costs as allowable. Due to the extent of redactions and the inability to identify the individual or entity that performed the work, the documentation did not provide sufficient audit evidence to support the costs claimed.

Case Stipends consisted of $256,567.77, or 1.72%, of the total $14,938,000.96 invoiced for December 2025.

The audit team reviewed 1,255 supporting documents associated with 66 Legal Service Providers (LSPs) included in the December 2025 Case Stipends population. Review procedures included reconciling claimed amounts to supporting documentation, evaluating the sufficiency of documentation provided, identifying duplicate or unsupported charges, assessing the consistency of claimed amounts with supporting records, and evaluating whether documentation was

2

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

sufficient to substantiate costs billed under CLIN 2. 60 LSP's documents reconciled and 6 do not.

During the review, the team identified recurring issues including:
1. Insufficient supporting documentation;
2. Apparent duplicate documentation;
3. Unsupported adjustments to claimed amounts;
4. Missing receipts and invoices;
5. Lack of detailed explanations supporting charges;
6. Absence of sufficient identifying information to verify services were provided to eligible UACs; and
7. Inconsistencies between claimed amounts and supporting documentation.

While certain providers submitted documentation that mathematically reconciled to amounts reported on the December 2025 summary, mathematical reconciliation alone does not establish that costs are allowable, allocable, reasonable, or adequately supported.

Based on the results of our review, the team proposed adjustments where appropriate and identified costs requiring additional support or clarification before allowability could be determined.

## 2025.12 Case Stipends Part 1

███ Supporting documentation for ███ totals $4,600, which reconciled to the amount reported on the "Summary - 2025.12 Case Stipends" document.

The documentation supporting the $4,600 consisted of I-765 Application for Employment Authorization, UPS receipts, Form G-1450 Authorization for Credit Card Transactions, Form I-797C, Notice of Action, I-589 Application for Asylum and for Withholding of Removal.

For all the forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted, redactor is unknown. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

As a result, the costs cannot be verified as allowable per FAR 31.201-2, Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ███████████████████████, all made highlights on this 26-page document. Additionally, this document was heavily redacted. The details are necessary to validate ███ December 2025 CLIN 2 claimed costs.

3

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288


      ██████  Supporting documentation for ██████ $3,768.50 which reconciled to the amount reported on the "Summary - 2025.12 Case Stipends" document.

      The documentation supporting $3,768.50 consisted of I-589 Application for Asylum and Withholding of Removal, ████████████ Invoice, I-765 Application for Employment Authorization, USPS shipping receipt, G-1450 Authorization for Credit Card Transactions.

      For all the forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. ████████████ submitted an invoice for attorney fees, court costs and publication fee; however, there are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

      As a result, the costs cannot be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████ ████████████████████████████████, all made highlights to this 18-page document. The documents were heavily redacted, and the details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

      ██████ Supporting documentation for ██████ totals $4,101.53, compared to the amount of $4,092.43 listed on the 'Summary - 2025.12 Case Stipends' document.

      The documentation supporting $4,101.53 consisted of I-765 Application for Employment Authorization, G-1450 Authorization for Credit Card Transactions, State of ████████ E-filing, G-1650 Authorization for ACH Transactions, ████████████████ Probate court, I-797C Notice of Action, I-360 Petition for Amerasian, Widow(er) or Special Immigrant, ████████████ ████████████████, G-28 Notice of Entry of Appearance as Attorney or Accredited Representative.

      For all the G-28 forms and I797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. There is a ████████████████ court filing fee receipt, and a USPS priority shipping receipt; however, there are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

CUI

OIS 850.3                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

As a result, the costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. The 61-page document was heavily redacted as well as highlighted by an unknown source. The details are necessary to validate ▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮▮▮▮ Supporting documentation for ▮▮▮▮▮ totals $4,600 which reconciled to the amount reported on the "Summary - 2025.12 Case Stipends" document.

The documentation supporting $4,600 consisted of I-797C I-765 Application for Employment Authorization, and I-360 Petition for Amerasian Widow(er) or Special Immigrant.

For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.

As a result, the costs cannot be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. The 10-page document was heavily redacted making it difficult to identify the details necessary to validate ▮▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮ Supporting documentation for ▮▮ totals $1,050 which reconciled to the amount reported on the "Summary - 2025.12 Case Stipends" document.

The documentation supporting $1,050 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization.

For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

As a result, the costs cannot be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. The 6-page document was heavily redacted as well as highlighted; these details are necessary to validate ▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮ Supporting documentation for ▮▮ totals $5,593 compared to $5,467 the amount listed on the 'Summary - 2025.12 Case Stipends' document.

The documentation supporting $5,593 consisted of ▮▮▮▮▮ Invoice, Form I797 I-360 Petition for Amerasian Widow(er) or Special Immigrant, Form I-797C I-589

5

CUI

OIS 850.3                                                                 June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

Application for Asylum and for Withholding of Removal, USPS shipping receipt, G-1450
Authorization for Credit Card Transactions, ███████████████████████████████
Criminal Information and Identification Section form with a  copy of a money order, email
identifying payment verification from FBI, and UPS store receipts.

      For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully
or partially redacted. Also, other pertinent UAC information, such as name, date of birth or
country of origin, was redacted. Receipts were provided with no reference information as to the
UAC that received services. ████████████ submitted an invoice; however, there are not
sufficient details to determine what the services provided consist of, why they were necessary,
and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services
rendered are allowable only when supported by evidence of the nature and scope of the service
furnished. There should be a complete or itemized listing of what was done and justification to
claim against CLIN 2. Pursuant to FAR 52.216-7, Allowable Cost and Payment, the Government
is only obligated to reimburse costs that are allowable under FAR Subpart 31.2 and the specific
terms of this contract. Because a portion of the services on the ████████████ Invoice, listed
under the notes section with a date of November 12, 2025, they violated the contract's authorized
Period of Performance, making the associated costs for November unallowable for payment.

      As a result, the remaining costs cannot be verified as allowable per FAR 31.201-2
Determining allowability because we are not able to trace the supporting documents to a
qualified UAC. All the documentation is heavily redacted as well as highlighted by Linda
Ebueku. The details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

      ██████ Supporting documentation for ██████ $5,483 totals which reconciled to the
amount reported on the "Summary - 2025.12 Case Stipends" document.

      The documentation supporting $5,483 consisted of Form I-797C I-765 Application for
Employment Authorization, Form I-797C I-360 Petition for Amerasian Widower or Special
Immigrant, FBI email- identification request, Form G-1450 Authorization for Credit
Transactions, Court receipt, FedEx shipping labels, ████████████ invoice, and ██████
██████ Invoice.

      For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or
partially redacted. Also, other pertinent UAC information, such as name, date of birth or country
of origin, was redacted. Receipts were provided with no reference information as to the UAC
that received services. ████████████ submitted an invoice for trial prep and trial
standby, and ████████████ submitted an invoice for Expert Witness Work ████████
██████, there are not sufficient details to determine what the services provided consist of, why
they were necessary, and the qualified UAC the report supported. According to FAR 31.205-
33(f) Fees for services rendered are allowable only when supported by evidence of the nature
and scope of the service furnished. There should be a complete or itemized listing of what was
done and justification to claim against CLIN 2.

CUI

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288



As a result, the costs cannot be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ████████████████████████ both made significant highlights on these documents. Additionally, the documents are heavily redacted, and the details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

███████ Supporting documentation for ███████ totals $5,699.18 which reconciled to the amount reported on the "Summary - 2025.12 Case Stipends" document.

The documentation supporting $5,699.18 consists of ██████████ invoice, ██████████████████████████████ invoice, ████████████████████ Invoice, Daycare Translations, Criminal History Conviction Name Search receipt, DOJ Payment receipt, ████████████ handwritten receipt and credit card payment receipt, ████████████████, I-360 Petition for Amerasian, Widow(er) or Special Immigrant, emails from ████████████████ and a payment receipt stating the amount due, email ████ receipt for order, I-797C I765 Application for employment authorization, ████████ medical report for USCIS Form I-693 Immigration Medical Examination.

For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.



The following invoices were submitted for Spanish interpretation, ██████████ - description Spanish to English Interpretation for $500, ████████████████████ ██████████ - description Spanish interpretation for $286.89, and ████████ ████████ invoice- description Spanish to English translation for $30. These costs total $816.89 and are for services that belong under CLIN 4: Spanish Language Support and Technical Assistance Training (FFP) which covers Spanish language support & technical assistance training. 1. Provide Interpretation (in-person and remote) and translation services in Spanish for children in and released from ORR custody, not billed under CLIN 2: Representation, Other Legal Assistance, Data Collection & Analysis, and Services at Emergency Facilities (T&M). Therefore, those costs are unallowable per FAR 31.201-2, Determining Allowability. The remaining documents do not provide sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

As a result, the costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. The

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

documents are heavily redacted, making it difficult to validate █████ December 2025 CLIN 2 claimed costs. Additionally, ████████ made highlights throughout the document.

████████████ Supporting documentation for █████████ totals $1,050.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $1,050.00 consisted of I-797C I-765 Application for Employment Authorization and I-797C I-360, Petion for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile).

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

As a result, the costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details are necessary to validate ████████ December 2025 CLIN 2 claimed costs. █████████ made highlights throughout the documents.

████ Supporting documentation for █████ totals $3,868.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $3,868.00 consisted of I-797C I-589 Application for Asylum and for Withholding of Removal, Receipt printed from www.pay.gov/tcsonline/payment.do?execution=e1s3 ,Email from Criminal Justice Info Service, I-797C I-765 Application for Employment Authorization, I-797C I- 360 Petition for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile).

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts provided noting "Identity History Summary Request" with no reference information as to the UAC that the history summary request is for. There are not sufficient details to determine why this was necessary, and the qualified UAC the report supported.

As a result, the remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate

8

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

█████████ December 2025 CLIN 2 claimed costs. █████████ made highlights throughout the documents.

█████████ Supporting documentation for █████████ totals $2,430.69, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $2,430.69 consisted of I-797C I-765 Application for Employment Authorization, I-797C I-360, Petion for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile), Court I-797C I-589, Application for Asylum (Initial Fee) Payment Receipt, Email Receipt from Customer Service at █████, Form G-1055 Edition 12/16/25, █████ Shipping Label, Attorney Letter to USCIS for I-797C I-360 Petition for Special Immigrant Juvenile Status, G-1450 Authorization for Credit Card Transactions, G-28 Notice of Entry of Appearance as Attorney or Accredited Representative.

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts provided noting "Criminal Background Check" with no reference information as to the UAC that the background check is for. There are not sufficient details to determine why this was necessary, and the qualified UAC the report supported.

As a result, the remaining costs are not able to be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate █████ December 2025 CLIN 2 claimed costs.

█████ Supporting documentation for █████ totals $500.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $500.00 consisted of I-797C I-360 Petition for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile).

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. One of the I-360 documents submitted was a photocopy and not a scanned document and should not be accepted as an "original" for invoice payment.

As a result, the remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate █████ December 2025 CLIN 2 claimed costs. █████████ made highlights throughout the documents.

9

CUI

OIS 850.3                                                                                   June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

██████  Supporting documentation for ██████ totals $1,000.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $1,000.00 consisted of I-797C I-360, Petion for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile).

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

As a result, the costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate ██████ December 2025 CLIN 2 claimed costs. ████████████ made highlights throughout the documents.

████████████  Supporting documentation for ████████ totals $3,155.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $3,155.00 consisted of Invoice to ████████████ ████████████, Receipt from the ████████████, Screen shot of ████████████ ████████████ Request for Records, Court-Motion to Reopen/ Reconsider Before the IJ Receipt, I-797C I-360, Petion for Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile), I-765 Application for Employment Authorization.

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

Receipts were provided with no reference information as to the UAC that received services. ████████████ provided a rush ████████████ of Asylum Seeker report that cost $1,300; while it lists the services provided there are not sufficient details to determine why this was necessary, and the qualified UAC the report supported and it notes a contract period of November 24, 2025 – December 20, 2015.  This should have been corrected before payment for adequate record keeping.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished.

As a result, the remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate CCS

10

OIS 850.3                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

███████ December 2025 CLIN 2 claimed costs.  ████████ made highlights throughout the documents.

████ Supporting documentation for ████ totals $646.18, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $646.18 consisted of Receipt from ██████████████, Receipt from ████████████████████████████, Filing Submission Receipt, DHHS Central Registry - Payment Receipt, Criminal History Record Check Receipt - ████████ ████████, Payment History from ████████████████████████████.

Receipts were provided with no reference information as to the UAC that received services. ████████████████████████████████ provided a payment history report with a payment amount of $447.00 and ████████████████████████████████ provided an order summary in the amount of $55.00; however, there are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report/ class supported.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

As a result, the remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate ████ December 2025 CLIN 2 claimed costs. ████████ made highlights throughout the documents.

████ Supporting documentation for ████ totals $100.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $100.00 consisted of I-797C I-589 Application for Asylum and for Withholding of Removal, G-1450 Authorization for Credit Card Transactions, G-28 Notice of Entry of Appearance as Attorney or Accredited Representative, ████████ Shipping label.

For the I-797C form provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

As a result, the costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An

11

CUI

OIS 850.3                                                                                          June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

unknown redactor heavily redacted the documents, and the details necessary to validate ████
December 2025 CLIN 2 claimed costs.  ████████████ made highlights throughout the documents.

████  Supporting documentation for ████ totals $2,500.00, which is equal to the amount
listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $2,500.00 consisted of ███████████████████████
Invoice/ Billed to ██████████████████, ███████████ Payment Receipt to ████████
██████████.

Receipts were provided with no reference information as to the UAC that received
services. ████████████████. provided an invoice in the amount of $2,500.00; however,
there are not sufficient details to determine what the services provided consist of, why they were
necessary, and the qualified UAC the report supported.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when
supported by evidence of the nature and scope of the service furnished. The costs cannot be
verified as allowable per 31.201-2 Determining allowability because we are not able to trace the
supporting documents to a qualified UAC. An unknown redactor heavily redacted the
documents, and the details necessary to validate ████ December 2025 CLIN 2 claimed costs.

████████ Supporting documentation for ██████████ totals $2,232.00, which is
equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $2,232.00 consisted of I-797C I-360, Petition for
Amerasian, Widow(er) or Special Immigrant (Special Immigrant Juvenile), I-797C I-765
Application for Employment Authorization, Receipt from ████████████████████████
████████████████████, I-797C I-589 Application for Asylum and Withholding of Removal.

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or
partially redacted. Also, other pertinent UAC information, such as name, date of birth or country
of origin, was redacted. Receipts were provided with no reference information as to the UAC
that received services.

████████████ provided a receipt from the comptroller of ████████████████; however,
there are not sufficient details to determine what the services provided consist of, why they were
necessary, and the qualified UAC the receipt supported.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when
supported by evidence of the nature and scope of the service furnished. The remaining costs
cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to
trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the

12

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

documents, and the details necessary to validate ████████ December 2025 CLIN 2 claimed costs. ████████████ made highlights throughout the documents.

████████ Supporting documentation for ████████ totals $1,100.00, which is equal to the amount listed on the 'Summary - 20025.12 Case Stipends' document.

The documentation supporting $1,100.00 consisted of I-797C I-765 Application for Employment Authorization, ████████████████████████ Receipt, ████████████████████ in ██████████: Application for Initial Employment Authorization Based on (C)(8) Category, G-28 Notice of Entry of Appearance as Attorney or Accredited Representative.

For all the I-797C forms provided the USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

Furthermore, we identified in our analyzing from https://www.uscis.gov/g-1055 that form G-1450 does not have a filing fee. It is a payment authorization form that allows USCIS to charge a credit card or debit card for the filing fee associated with another immigration form.

As a result, the remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. An unknown redactor heavily redacted the documents, and the details necessary to validate ████████ December 2025 CLIN 2 claimed costs. ████████████ made highlights throughout the documents.

**2025.12 Case Stipends Part 2**

████████ Supporting documentation for ████████ was provided in two separate files, Part 1 and Part2. Part 1 totaled $8,276.37 and Part 2 totaled $13,398.46, for a combined total of $21,674.83, which reconciled to the amount reported on the "Summary - 20025.12 Case Stipends" document.

The supporting documentation included passport photo receipts, e-file fees, FBI background checks, ████████ Passport Photo charges, fingerprint cards, Form I-797C I-360 Petition for Amerasian Widow(er) or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal, Form I-797C I-765 Application for Employment Authorization, and ████████████ Passport Photo receipts.

For all I-797C forms provided, the 'USCIS Alien Number was either blank or fully or partially redacted. Iin addition, other pertinent UAC identifying information, including name,

CUI

OIS 850.3                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
            MOA Agreement Number DCAA-0001-26
            DCAA Assignment No. 11201-20264990000288

date of birth, and country of origin, was redacted by ███████████. The receipts provided contained no reference information linking the services to a specific UAC.

Documentation also included a country conditions report prepared by ███████████, totaling $1,500. However, the documentation did not contain sufficient detail to determine the qualified UAC supported by the report. Pursuant to FAR 31.205-33(f), fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. An itemized description of the work performed and justification for charging the costs to CLIN 2 should be provided.

As a result, the remaining costs could not be verified as allowable under FAR 31.201-2 because the supporting documentation could not be traced to a qualified UAC.

███████ Supporting documentation for the invoices submitted totals $4,500.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $4,500.00 consisted of form I-797C I-765, Application for Employment Authorization, Form I-797C I-589 Application for Asylum, and Withholding of Removal and I-797C I-360, Petition for Amerasian, Widower or Special Immigrant.

For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.  These costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ███████ heavily redacted the documents, and the details are necessary to validate ███████ December 2025 CLIN 2 claimed costs.

███████ Supporting documentation for the invoices submitted totals $2,700.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $2,700.00 consisted of form I-797C I-765, Application for Employment Authorization, I-797C I-589 Application for Asylum Withholding of Removal and I-797C I-360, Petition for Amerasian, Widower or Special Immigrant.

For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.  These costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC.

███████ Supporting documentation for the invoices submitted totals $657.34 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

14

OIS 850.3                                                                                    June 15, 2026

SUBJECT: Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
MOA Agreement Number DCAA-0001-26
DCAA Assignment No. 11201-20264990000288

The documentation supporting $657.34 consisted of an ███████████████, an Invoice for ███████████████ and two Filings for Juvenile Immigration Case-Miscellaneous Petition.

There are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. ████████████ heavily redacted the documents, and the details are necessary to validate ████ December 2025 CLIN 2 claimed costs.

████ Supporting documentation for the invoices submitted totals $800.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $800.00 consisted of I-797C I-589 Application for Asylum and I-797C I-360, Petition for Amerasian, Widower or Special Immigrant.

For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. These costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ████████ heavily redacted the documents, and the details are necessary to validate ██ December 2025 CLIN 2 claimed costs.

████████ Supporting documentation for the invoices submitted totals $380.63 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $380.63 consisted of two invoices from ███████████████. The first invoice amounts to $302.52 for Custody Petition ██████████, ██████████████, I-589 Application for Asylum, █████████, I-765 Application for Work Authorization, I-360 SIJS (UCP) and the second invoice is for $78.11 pertaining to a Custody Petition ███████████ (UCP Case). The description for each invoice is for Service and Notes are Publication. However, there is not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The invoices do not specify the nature of legal services provided. Therefore, allowability of cost cannot be verified.

CUI

OIS 850.3                                                                                          June 15, 2026

SUBJECT:   Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
           MOA Agreement Number DCAA-0001-26
           DCAA Assignment No. 11201-20264990000288

███████    Supporting documentation for the invoices submitted totals $1,800.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $1,800.00 consisted of Form I-797C I-765, Application for Employment Authorization, and I-797 I-360, Petition for Amerasian, Widower or Special Immigrant.  For all the I-797C forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. These costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ heavily redacted the documents, and the details are necessary to validate █████ December 2025 CLIN 2 claimed costs.

█████    Supporting documentation for the invoices submitted totals $305.20 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $305.20 consisted of an invoice from █████████████. The invoice lists law office hours and administrative fees. However, there is not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the invoice supported. According to FAR 31.205-33(f), Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

█████    Supporting documentation for the invoices submitted totals $750.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $750.00 consisted of a letter written from █████ to USCIS in █████████. The forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. The costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ heavily redacted the documents, and the details are necessary to validate █████ December 2025 CIN 2 claimed costs.

█████    Supporting documentation for the invoices submitted totals $12,541.03 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $12,541.03 consisted of Payment Receipt from US DOJ for Immigration Review and filing of I-589, Invoice from ███████████████████ and ███████████████████, Invoice from █████████ for ENG<>SPA Interpreting Services, Invoice from ██████████████ for 'Report on Risks in █████████████, especially ████████████████, I-797C I-765, Application for Employment Authorization, Form I-

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

797C I-589 Application for Asylum and or Withholding of Removal and I-797C I-360, Petition for Amerasian, Widower or Special Immigrant.

For all of the forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ heavily redacted the documents, and the details are necessary to validate ██ December 2025 CIN 2 claimed costs.

██████ Supporting documentation for the invoices submitted totals $2,650.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $2,650.00 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization. For all forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ heavily redacted the documents, and the details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

██████ Supporting documentation for the invoices submitted totals $1,350.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $1,350.00 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant and Form I-797C I-765 Application for Employment Authorization. For all the forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ heavily redacted the documents, and the details are necessary to validate ██ December 2025 CLIN 2 claimed costs.

██████ Supporting documentation for the invoices submitted totals $6,314.92 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

CUI

OIS 850.3                                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

The documentation supporting $6,314.92 consisted of payment receipt for US DOJ Immigration Review, letter to ███████████ requesting copies of UAC traffic charges, Petition for Declaratory Judgment and Findings, Purchase of Court Certified Copy of ██████ █████████████, payment receipt for Court – Motion to Reopen/Reconsider Before the IJ, USCIS I-765 PDF Upload, Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization. Receipts were provided with no reference information as to the UAC that received services. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ███████ heavily redacted the documents, and the details are necessary to validate █████ December 2025 CLIN 2 claimed costs.

█████  Supporting documentation for the invoices submitted totals $3,870.50 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $3,878.50 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal and three invoices from ██████████████ ████████████. However, there are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

The remaining costs cannot be verified as allowable per 31.201-2 Determining █████ allowability because we are not able to trace the supporting documents to a qualified UAC. ██████ heavily redacted the documents, and the details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

███  Supporting documentation for the invoices submitted totals $3,997.38 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $3,997.38 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal, Form I-797C I-360 Petition for Amerasian Widower and Special Immigrant, Invoice from ██████████ for Law Office Hours and Fees, ██████████ receipt for photofinishing, ██████████ receipt for passport photos and invoice from ████████████ for In-person interpretation █████████. Receipts were provided with no reference information as to the UAC that received services. There are not sufficient details to determine what the services provided consist of, why they were necessary, and the qualified UAC the report supported. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮▮▮▮ heavily redacted the documents, and the details are necessary to validate ▮ December 2025 CLIN 2 claimed costs.

**2025.12 Case Stipends Part 3**

▮▮▮: Supporting documentation for the invoices submitted totals $450.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $450.00 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮▮▮▮ heavily redacted the documents, and the details are necessary to validate ▮▮ December 2025 CLIN 2 claimed costs. ▮▮▮▮▮▮ heavily redacted the documents, and the details are necessary to validate ▮▮ December 2025 CLIN 2 claimed costs.

▮▮: Supporting documentation for the invoices submitted totals $650.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $650.00 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮ heavily redacted the documents, and the details are necessary to validate ▮ December 2025 CLIN 2 claimed costs.

▮▮▮▮: Supporting documentation for the invoices submitted totals $28,036.00 which is equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation supporting $28,036.00 consisted of Identification Record Request to and Confirmation from FBI Criminal Justice Information Services, Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization. For all forms provided the 'USCIS Alien Number' was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. Costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. Han Jun heavily redacted the documents, and the details are necessary to validate ▮▮▮▮ December 2025 CIN 2 claimed costs.

19

OIS 850.3                                                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                    MOA Agreement Number DCAA-0001-26
                    DCAA Assignment No. 11201-20264990000288

**2025.12 Case Stipends Part 4**

███    The supporting documentation for LSP ███ amounts to $14,116.64 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document.

The documentation provided to support the total amount of $14,116.64 consisted of: I589- Application For Asylum And For Withholding Of Removal, ████████████ ████████, USCIS Form G-1450: Authorization For Credit Card Transactions, I-360 Petition For Amerasian, Widow(Er), I-765 Application For Employment Authorization (C8), Form I-797C Notice Of Action, I-765 Application For Employment Authorization, USCIS Fee Schedule Form, ████ Tracking Form For Proof Of Delivery Of I-765 (C8), Form G-28 Cover Page With All Documents Pertaining To UAC (Redacted), ████████████████████████, Email From ████████████ To ████████████, Invoice From ████████ ████, Psychological Evaluation, ████████ Statement Of Open Invoices, Invoice ████████████, and ████████████ Invoice To ████████████ ████████. The court filing forms either did not provide the 'USCIS Alien Number, the field was blank, or it was fully redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. There were receipts and invoices provided that did not provide any reference information as to the UAC that received the services or a particular court filing that the receipts should be attached to.

████████████████ invoiced the ████, amounting to $340.00, for providing an interpreter for an in-person asylum interview. Due to the description of services not detailing a translation of court documents or filings this invoice/billing should be allocated to CLIN 4 FFP not CLIN 2.

The ████ authorized an $11.00 charge with ████████████████████ ████████ to obtain a background check report for a state court proceeding. This document was provided as an email and does document a specific court filing this action is pertaining to.

████████████████████████████, invoiced the ████ for $1,100.00 for a psychological evaluation and written report for a clients' immigration relieve application. However, there are not sufficient details to determine what court filing this evaluation pertained to, why it was necessary, and the qualified UAC the report supported.

The invoices from ████████████████ ($500.00), and ████████████ ████████ ($105.00) did not provide sufficient details to determine what court filing the services provided pertained to, why they were necessary, and the qualified UAC the report supported.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because

CUI

OIS 850.3                                                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                    MOA Agreement Number DCAA-0001-26
                    DCAA Assignment No. 11201-20264990000288

we are not able to trace the supporting documents to a qualified UAC. The support provided has been heavily redacted the details are necessary to validate ▓ December 2025 CLIN 2 claimed costs. We could not determine who redacted every page of the LSP package. However, ▓▓▓▓ created text boxes over UAC information with the intent to redact.



▓ The supporting documentation for LSP ▓ amounts to $654.80 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document. The documentation provided to support the total amount of $654.80 consisted of: I-360-Petition for Amerasian, Widow(er) Or Special Immigrant, Receipt from ▓▓▓▓▓▓▓▓▓▓ ▓▓, Civil Division, Transaction Receipt from ▓▓▓, Goods or Services, I-589-Application for Asylum and For Withholding of Removal. For all the forms provided, the USCIS Alien number was either blank, not provided, or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

The receipts from ▓▓▓▓▓▓▓▓ of Courts Civil Division and the receipt from ▓▓▓ did not provide specific court filings that the receipts are pertaining to and the substantiating UAC information was not provided.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. This LSP package was heavily redacted, but we are unable to determine who did the redactions. We were able to see ▓▓▓▓▓▓ did highlight dates, amounts, and text boxes pertaining to the amount billed.

▓ The supporting documentation for LSP ▓ amounts to $500.00 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document. The documentation provided to support the total amount of $500.00 consisted court filing I-360-Petition for Amerasian, Widow(er) or Special Immigrant documentation. For all the I-360C forms provided the 'USCIS Alien Number' was either not provided or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. This LSP package was heavily redacted, but we are unable to determine who did the redactions. We were able to determine ▓▓▓▓▓ did highlight dates and amounts pertaining to the amount billed.

CUI

OIS 850.3                                                                          June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
              MOA Agreement Number DCAA-0001-26
              DCAA Assignment No. 11201-20264990000288

 The supporting documentation for LSP ▆▆▆ amounts to $620.99 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document. The documentation provided to support the total amount of $620.99 consisted of Form G-28 Cover page with all documents pertaining to UAC (Redacted), G-1450 Authorization for Credit Card Transactions, Invoice ▆▆▆▆▆▆▆▆. The forms provided in this LSP package show the 'USCIS Alien Number was either not provided or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

The invoice for the ▆▆▆▆▆▆▆▆ is pertaining to legal advertising. This documentation does not provide any information on how this expense correlates to a specific court filing.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. This LSP package was heavily redacted, but we are unable to determine who did the redactions. We were able to determine ▆▆▆▆▆▆ did highlight dates and amounts pertaining to the amount billed.

▆▆▆ The supporting documentation for LSP ▆▆▆ amounts to $200.00 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document. The documentation provided to support the total amount of $200.00 consisted of court filing I-589-Application for Asylum and For Withholding of Removal. For all the I-589 forms provided the 'USCIS Alien Number was either not provided or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. This LSP package was heavily redacted, but we are unable to determine who did the redactions. We were able to see ▆▆▆▆▆▆ did highlight dates and amounts pertaining to the amount billed.

▆▆▆▆▆▆ The supporting documentation for LSP ▆▆▆▆▆▆ amounts to $750.00 which is listed and equal to the amount on the 'Summary-2025.12 Case Stipends' document. The documentation provided to support the total amount of $750.00 consisted court filing I-360-Petition for Amerasian, Widow(er) or Special Immigrant documentation. For all the I-360C forms provided the 'USCIS Alien Number' was either not provided or partially redacted.

CUI

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs cannot be verified as allowable per 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. This LSP package was heavily redacted, but we are unable to determine who did the redactions. We were able to determine ███████████ did highlight dates and amounts pertaining to the amount billed.

██████ Supporting documentation totaled $22,991.40, compared to the summary amount of $23,014.40, resulting in a $23.00 difference, which did not reconcile to the amount reported on the "Summary - 20025.12 Case Stipends" document.

The supporting documentation included Form G-1450, Form I-797C I-765 Employment Authorization, USCIS I-589 Annual Fee, Form I-797C I-360 Petition For Amerasian Widow(er) Or Special Immigrant, payment receipt for a USDOJ Immigration Review, ████ fingerprinting service, I-130 Petition For Alien Relative, Form I-797C I-589 Application For Asylum and For Withholding Of Removal, Email regarding USCIS renewal correspondence, court filing fees, publication notices, money order receipts, criminal history report requests, legal service invoices, immigration physical exam invoice, and an estimate from ██████████████ for a publication of a legal notice in French. The redactions make it difficult to determine whether services were rendered to a qualifying UAC. Also, the documentation does not allow us to determine the authorization vs. the fees in total billed on the Dec 2025 invoice.

██████████████████ provided a description of services that give adequate information to determine what services were provided. It is not clear if the costs are applicable to CLIN 2; however, the time entries are detailed and make it clear what is billed. Plain receipts from various vendors do not substantiate costs without an additional explanation of how these costs are applicable to a qualifying UAC and eligible for reimbursement on CLIN 2. Under FAR cost principles, the contractor must maintain supporting documentation adequate to demonstrate that costs were actually incurred, are allocable to the contract, are reasonable, and comply with applicable cost principles.

The estimated publication costs provided by █████████████ is a quote rather than an invoice or receipt evidencing payment. As a result, there is insufficient documentation to verify that the publication services were incurred and paid during the period of performance. To support allowability and allocability, the contractor should provide an invoice documenting the services rendered in December 2025, proof of payment, and sufficient contract reference information to demonstrate the costs were properly charged to CLIN 2 in accordance with FAR 31.201-2, Determining Allowability, and FAR 31.201-4, Determining Allocability.

23

CUI

OIS 850.3                                                                 June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

Additionally, the documents were redacted by ███████████████████████ ███████████, and no USCIS Alien Number (A#) documentation was provided. Without the A# documentation, we were unable to determine whether the services were provided to a qualified UAC. Further, several claimed costs lacked receipts, invoices, or sufficient detail describing services provided and the basis for charging the costs to CLIN 2.

███████████ Supporting documentation totaled $7,650.68, which reconciled to the summary amount of $7,650.68, resulting in no difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The supporting documentation included Form I-797C I-765 - Application for Employment Authorization, Form I-797C I-360 petition for Amerasian Widow(er) Or Special Immigrant, and an Invoice from ██████████████ ██. The invoice included filing fees, interpreter services, estimated services (to date), process server fees, publication costs, jail service costs, SIJ assimilation services, and other related legal expenses. The invoice was accompanied by proof of payment and contained sufficient detail regarding the services provided, unit prices, and line-item totals. Based on the descriptions provided, the legal costs appear consistent with services that may be allocable to CLIN 2.

However, the client's name and date of birth were redacted, and no A# documentation was provided. As a result, we were unable to determine whether the services were provided to a qualified UAC. Accordingly, the remaining costs could not be verified as allowable under FAR 31.201-2, Determining Allowability, because the supporting documentation could not be traced to a qualified UAC.

████ Supporting documentation totaled $650, compared to the summary amount of $650, resulting in no difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The documentation supporting $650 consisted of the following: Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 - Application for Employment Authorization.

The documents have been redacted by ██████████ to cover the Alien Number, Receipt Number, Date of Birth, and Name of the UACs. Without the A# documentation, we were unable to determine whether a UAC was provided services. The claimed costs are not able to be verified as allowable per 31.201-2 Determining Allowability because we are not able to trace the supporting documents to a qualified UAC.

██████████ Supporting documentation totaled $2,450, compared to the summary amount of $2,450, resulting in no difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The supporting documentation included payment receipts from uscis.dhs.gov I-765 Applications for Employment Authorization, a Form I-765 Employment Authorization, and a receipt for a miscellaneous payment to the juvenile court of ████████ ██████

CUI

OIS 850.3                                                                                    June 15, 2026

SUBJECT: Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
MOA Agreement Number DCAA-0001-26
DCAA Assignment No. 11201-20264990000288

The USCIS payment confirmation e-mails were cropped and redacted by ▇▇▇▇▇, obscuring the case associated with the payment, recipient e-mail address, and the tracing information. The juvenile court receipt from ▇▇▇▇▇ was redacted to remove the receipt number, and the Form I-765 Applications for Employment Authorization was redacted to remove the receipt number, applicant number, address, and barcode information

As a result, we were unable to determine whether the services were provided to a qualified UAC. Accordingly, the claimed costs could not be verified as allowable per FAR 31.201-2, Determining Allowability, because the supporting documentation could not be traced to a qualified UAC.

▇▇▇ Supporting documentation totaled $2,350, compared to the summary amount of $2,350, resulting in no difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The documentation supporting $2,350 consisted of the following: Form I-797C I-360 Petition for Amerasian Widow(er) Or Special Immigrant and Form I-765 Employment Authorization. Without the A# documentation, we were unable to determine whether a UAC was provided services. There are costs that do not have receipts, invoices, or detailed explanation of why services were billed under CLIN 2.

▇▇▇ Supporting documentation totaled $239.43, compared to the summary amount of $239.43, resulting in no difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The documentation supporting $239.43 consisted of two receipts for filing fee payments to the ▇▇▇▇▇▇▇▇▇.

No USCIS A# documentation was provided. As a result, we were unable to determine whether the services were provided to a qualified UAC. Accordingly, the claimed costs could not be verified as allowable under FAR 31.201-2, Determining Allowability, because the supporting documentation could not be traced to a qualified UAC.

**2025.12 Case Stipends Part 5**

▇▇▇ Supporting documentation totals $9,740.20 for 13 items billed, of the total 16 items submitted, 3 of the forms were duplicated and the amounts billed for those duplicated forms were included in the total billed amount of $10,790.20 listed on the 'Summary - 2025.12 Case Stipends' document. The documentation supporting $10,790.20 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal, Form I-797C I-765 Application for Employment Authorization, ▇▇▇▇▇▇▇ Receipt, I130 Petition for Alien Relative and ▇▇ ▇▇ invoices for face-to face interpretation services. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. It is the understanding of the contract that interpretation services would pertain to CLIN 4, therefore it is

CUI

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

unclear whether the ▮▮▮▮ Invoices for face-to face interpretation services should be allowable under CLIN 2. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮▮ Supporting documentation totals $1,100 for 5 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $1,100 consisted of G-1450 Authorization for Credit Card Transaction for Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant and Form I-797C I-589 Application for Asylum and for Withholding of Removal. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮▮ Supporting documentation totals $8,579 for 26 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $8,579 consisted of G-1450 Authorization for Credit Card Transaction for Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, G-1450 Authorization for Credit Card Transaction for Form I-797C I-589 Application for Asylum and for Withholding of Removal, G-1450 Authorization for Credit Card Transaction for Form I-797C I-765 Application for Employment Authorization, an invoice from ▮▮▮▮ and FBI FOIA Request fees. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮▮ December 2025 CLIN 2 claimed costs.

CUI

OIS 850.3                                                                                  June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                   MOA Agreement Number DCAA-0001-26
                   DCAA Assignment No. 11201-20264990000288

████████  Supporting documentation totals $500 for 2 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $500 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ██████ December 2025 CLIN 2 claimed costs.

████  Supporting documentation totals $1,350 for 3 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $1,350 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant and Form I-797C I-765 Application for Employment Authorization. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ████ December 2025 CLIN 2 claimed costs.

████████  Supporting documentation totals $1,476.58 for 5 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $1,476.58 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-765 Application for Employment Authorization and an ████████████████████████████ invoice. The ████████████████████████ invoice was for the dates of 12/22/2025, 12/29/2025, and 1/05/2026. While the total cost on the invoice was $246.59, the contractor noted that they only billed for the two ads published for the month of December which totaled $176.58. For all the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the

27

CUI

OIS 850.3                                                                 June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ████ December 2025 CLIN 2 claimed costs.

█████ **S**upporting documentation totaled $7,817.15, compared to the summary amount of $7,700, resulting in a ($117.15) difference to the amount reported on the "Summary - 20025.12 Case Stipends" document. The supporting documentation consisted of the Form I-797C I-360 Petition For Amerasian Widow(er) Or Special Immigrant, Form I-797C I-589 Application For Asylum And For Withholding Of Removal, Form G-1450, Form I-797C I-765 - Application For Employment Authorization, █████ Shipping of a package To USCIC, and Form G-28 Notice of Entry of Appearance As Attorney or Accredited Representative.

No USCIS A# documentation was provided. As a result, we were unable to determine whether the services were provided to a qualified UAC. Accordingly, the claimed costs could not be verified as allowable under FAR 31.201-2, Determining Allowability, because the supporting documentation could not be traced to a qualified UAC.

█████ Supporting documentation totals $1,749.37 for 11 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $1,749.37 consisted of email receipts for Certified records requests, emailed receipts for Certified special interest order records requests, Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-765 Application for Employment Authorization and an invoice for a translation service and notary fee. For all the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. It is the understanding of the contract that interpretation services would pertain to CLIN 4, therefore it is unclear whether the ██████████ Invoices for translation services should be allowable under CLIN 2. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ██████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ████ December 2025 CLIN 2 claimed costs.

### 2025.12 Case Stipends Part 6

█████ Supporting documentation totals $5,267.20 for 22 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation

28

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
        MOA Agreement Number DCAA-0001-26
        DCAA Assignment No. 11201-20264990000288

supporting $5,267.20 consisted of G-1450 Authorization for Credit Card Transaction with Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal, Form I-797C I-765 Application for Employment Authorization, BIA Appeal fee, printing fees with certification and seal fee, and a civil court cost receipt.

For all the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services. It is the understanding of the contract that interpretation services would pertain to CLIN 4, therefore it is unclear whether the ▮▮▮▮▮▮▮▮▮ for translation services should be allowable under CLIN 2. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2.

The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮ Supporting documentation totals $1,700 for 5 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document. The documentation supporting $1,700 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, Form I-797C I-589 Application for Asylum and for Withholding of Removal and Form I-797C I-765 Application for Employment Authorization. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮ Supporting documentation totals $250 for 1 item billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document. The documentation supporting $250 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or

CUI

OIS 850.3                                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▬▬▬▬ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▬▬ December 2025 CLIN 2 claimed costs.

▬▬▬▬▬ Supporting documentation totals $2,570 for 3 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $2,570 consisted of Form I-797C I-765 Application for Employment Authorization and BIA appeal receipts. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▬▬▬▬ ▬▬▬ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▬▬▬▬▬ December 2025 CLIN 2 claimed costs.

▬▬▬▬ Supporting documentation totals $6,405.68 for 18 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $6,405.68 consisted of G-1450 Authorization for Credit Card Transaction for Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant, G-1450 Authorization for Credit Card Transaction for Form I-797C I-589 Application for Asylum and for Withholding of Removal, G-1450 Authorization for Credit Card Transaction for Form I-797C I-765 Application for Employment Authorization, and emailed receipt for Background Check fees and a receipt from ▬▬▬▬▬▬▬▬▬▬. The receipts for background checks do not specify who the background check is for and there is not enough information to determine if the costs should be charged to the contract.

For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the

CUI

OIS 850.3                                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮ Supporting documentation totals $100 for 1 item billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document. The documentation supporting $100 consisted of Form I-797C I-589 Application for Asylum and for Withholding of Removal. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted. Receipts were provided with no reference information as to the UAC that received services.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ▮▮▮▮▮▮▮ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ▮▮ December 2025 CLIN 2 claimed costs.

▮▮▮▮ Supporting documentation totals $700 for 4 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document. The documentation supporting $700 consisted of Form I-797C I-360 Petition for Amerasian Widower or Special Immigrant and Form I-797C I-589 Application for Asylum and for Withholding of Removal. For all of the I-797C forms provided the 'USCIS Alien Number was either blank or fully or partially redacted. Also, other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

Receipts were provided with no reference information as to the UAC that received services. According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. While most of the forms were heavily redacted, the details are necessary to validate ▮▮▮▮ December 2025 CLIN 2 claimed costs.

CUI

OIS 850.3                                                                 June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

███████ Supporting documentation totals $3,000 for 1 item billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $3,000 consisted of an invoice from ███████████. The only information provided was the simple description of "Custody, Court Fees, ████████████████████" as the remainder of the description of services were redacted. This invoice does not demonstrate who the service is for, does not provide an explanation of rates, what services were provided, or why these charges should be billed to CLIN 2.  Other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ███████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ████████ December 2025 CLIN 2 claimed costs.

███████ Supporting documentation totals $3,354.99 for 8 items billed, which is equal to the amount listed on the 'Summary - 2025.12 Case Stipends' document.  The documentation supporting $3,354.99 consisted of an invoice from ████████████████████, an invoice for a History and physical exam, a bill for USCIS Medical Exam with ████████████, an invoice from ████████████████ for Immigration w/ vaccines, an invoice for a document processing fee, an invoice for a Medical exam from ████████████, an invoice for vaccines from the express family clinic-Vaccine Lab, and Interpretation Services from ████████████ ████████. These invoices do not demonstrate who the service is for, do not provide an explanation of rates, what services were provided, or why these charges should be billed to CLIN 2.  Other pertinent UAC information, such as name, date of birth or country of origin, was redacted.

According to FAR 31.205-33(f) Fees for services rendered are allowable only when supported by evidence of the nature and scope of the service furnished. There should be a complete or itemized listing of what was done and justification to claim against CLIN 2. The remaining costs are not able to be verified as allowable per FAR 31.201-2 Determining allowability because we are not able to trace the supporting documents to a qualified UAC. ███████████ highlighted parts of the documents. While most of the forms were heavily redacted, the details are necessary to validate ████████ December 2025 CLIN 2 claimed costs.

## Cost Element - Labor

DCAA reviewed the labor support provided with the invoice; however, the documentation was insufficient to substantiate the allowable amount of labor costs claimed. While summaries of labor hours were available, adequate supporting documentation was not

32

CUI

OIS 850.3                                                                              June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

provided for all labor charges billed, limiting DCAA's ability to verify allowability and accuracy of the invoiced labor costs. The prime contractor provided labor summaries identifying hours by LSP and labor category. However, supporting documentation necessary to substantiate the underlying labor charges was incomplete. As a result, DCAA could not effectively verify the labor costs totaling $14,421,138.70 of the invoice amount. To adequately substantiate labor costs claimed for reimbursement, based on the requirements of the contract in Section G-7 (referenced below), the contractor should provide supporting documentation identifying employee name, labor category and/or position title, hours worked, description of the effort performed to include the qualifying UAC represented, labor rate, and total labor cost charged. In addition, the contractor should provide supporting records, such as employee timesheets, position title, payroll records, or equivalent documentation, sufficient to verify that the labor hours billed were incurred, properly recorded, and directly associated with services provided under the contract. We will assess Labor when adequate supporting documents are provided.

**<u>Cost Element - Consultants</u>**

We reviewed $20,831.83, or .14%, of the total $14,938,000.96 invoiced for cost element Consultants.  The Prime Contractor-submitted invoices, receipts, Legal Service Provider (LSP) subcontractor support, travel documentation, labor support, and other supporting records provided in support of billed costs. We analyzed the basis used by the contractor to estimate, charge, and/or claim costs. Our assessment included reviewing whether submitted documentation adequately supported the amount billed, the purpose of the cost incurred, the period of performance, option period, and the relationship of the cost to contract performance requirements. We reviewed our cost element Consultants in reference to FAR 31.205-33 Professional and Consultant Service cost and FAR 31.201-4 Determining Allocability.

█████

█████ did not provide a billing period for cost incurred. The date provided for service, we could not assume if that was for the entire month of December with separate services, if all services were provided in one day, or if all assignments were grouped together and did not actually occur during the December 2025 billing period. In reference to the service of Indigenous Interpretation Services Translation, "Interpretation Service provided from the Indigenous language to ES (Spanish) or EN (English)"; the base contract 75P00125C00016 page 35 under CLIN 4 states Spanish Language Support and Technical Assistance Training (FFP). The product/service and description █████ provides directly correlates to CLIN 4 objective VI of the contract. Therefore, we cannot substantiate or accept █████████ due to █████ not identifying a clear identifiable billing period, the description of services identifying with CLIN 4 rather than CLIN2, and the inclusion of two different amounts on the invoice without a justification for the change. We would suggest that in the future █████ itemizes each service as a line item with the date of services rendered instead of grouping to allow visibility of the billing period. Also, if a billing amount is adjusted, we suggest adding a justification for this billing amount, submitting a modification to █████, and having them resubmit the invoice with the

33

OIS 850.3                                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
            MOA Agreement Number DCAA-0001-26
            DCAA Assignment No. 11201-20264990000288

appropriate amount.



We cannot substantiate ████████████████ from ████████. because this LSP did not provide a billing period for services rendered. We are unable to determine with the document provided if the service costs were incurred during December 2025 and/or the option period the cost should be paid to ████████. to provide on-demand virtual interpreting services. In reference to the service of Indigenous Interpretation Services Translation, "Interpretation Service provided from the Indigenous language to ES (Spanish) or EN (English)"; the base contract 75P00125C00016 page 35 under CLIN 4 states Spanish Language Support and Technical Assistance Training (FFP). The product/service and description provided directly correlate to CLIN 4 objective VI of the contract. We were also unable to determine if the product/service of translation of documents belongs in CLIN2 Time and Materials. Therefore, we were unable to accept this invoice due to the description of services allocating this cost to CLIN 4 rather than CLIN 2. If it was decided that ████████. submission was deemed allocable to CLIN 2, we would suggest in the future that ████████. incorporates a billing period for services provided on the invoice submitted and gives a breakdown of dates in the description to ensure all services are within the allocated billing and option period. Also, we suggest adding a justification for this billing amount, submitting a modification to ████████., and have them resubmit the invoice with the appropriate amount.

We cannot substantiate invoice █████ from █████████ because they did not provide a billing period on this invoice to determine if this invoice actually incurred costs in December 2025. We are unable to determine with the document provided if the service costs were incurred during December 2025 and/or the option period the cost should be paid. We were also unable to determine if the product/service of translation of documents belongs in CLIN2 Time and Materials. If it was decided that ████████. submission was deemed allocable to CLIN 2 we would suggest in the future that ████████ document a clear identifiable billing period and to add a date to each itemized assignment or service as a line item to show that the cost was incurred during the proper billing and option period.

### Cost Element - Database Licenses

Cost element Database Licenses consisted of $6,788.67, of the total $14,938,000.96 invoice or 0.05%. The documentation provided to substantiate Database Licenses did not allow DCAA to validate the costs are properly billed to CLIN 2 because the documents do not meet the FAR 31.201-2 Determining allowability, FAR 31.201-3 Determining reasonableness, FAR  31.201-4 Determining allocability, FAR 31.201-6 Accounting for unallowable costs, G.7 INVOICES.

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

The supporting documentation provided included ██████████████████████
███████████████████████████████████████████████████████.

We performed a thorough analysis of the documentation submitted in support of the December 2025 Database Licenses Costs. We documented the Invoice date, Invoice number if applicable, Period of Performance beginning and end, the option service period, if the costs are within the option service period or not, the invoice total, if the invoice was altered and by whom.

████

We reviewed the 4-page document from ████. The details on this invoice reflect the December 2025 billing period only and provided details for the charges. This invoice is being billed in the proper billing period and option; therefore, it would be deemed allowable per FAR 21.201-2, Determining Allowability. However, per FAR 31.204-4, Determining Allocability and Section G.7 Invoices, this invoice would be rejected because without a contract number, the cost cannot properly be tied or allocated to the contract. This will ensure that costs are being allocated properly to the contract.

█████████

We reviewed the 2-page invoice document from █████████ and identified the following concerns:
1. The invoice POP was billed on two separate months (Dec 15, 2025 & Jan 14, 2026 - pg. 1 and Nov 15, 2025 & Dec 14, 2025 - pg. 2)) instead of just December 2025.
2. There are text box totals on this invoice where █████████ performed their own calculations to determine the December 2025 total amount since the POP on this invoice isn't only for December 2025.

█████████ should make an adjustment on the invoice to distinguish the costs associated with December 2025 only and remove the January 2026 costs to deem these costs allowable per FAR 31.201-2, Determining allowability. Additionally, the invoice should note the contract number between █████████████████ that includes the CLIN number being billed for in order to deem this invoice allocable per FAR 31.201-4, Determining allocability.

██████

We reviewed the 3-page receipt from ██████ and identified the following concerns:
1. This is not an invoice with details of the product purchased, it is a receipt. A receipt alone is not sufficient under FAR 31.201-2(d), costs must be adequately supported to be allowable.
2. The receipt shows two different POPs for two different service descriptions (i.e.. ██████ Codespaces Usage and ██████ Business Cloud - Month).

CUI

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

3. There are text box calculations added by ▇▇▇▇ to separate out the amounts for ▇▇▇ Codespace Usage and ▇▇▇ Business cloud-month and those totals do not match the receipt total.

The subcontractor should adjust the invoice to reflect only December 2025 charges, not a mix of Option periods. An invoice adequately documenting the costs for December 2025 only and the proper contract information noted on the invoice so that the costs can be properly tied or allocated to the contract would deem these costs allowable and allocable per FAR 31.201-2, Determining Allowability, and FAR 31.201-4, Determining allocability.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

We reviewed the 1-page document from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and documented the following concerns:

1. The document provided is a forwarded Outlook email transaction receipt and not an actual invoice. A receipt alone is not sufficient under FAR 31.201-2(d), costs must be adequately supported to be allowable.
2. The document does not include a period of performance.
3. The document does not include details of the charges being charged. The only description is Goods or Services and the body of the email states- Thank you for purchasing a ▇▇▇▇ subscription.

The document provided is a forwarded Outlook email transaction receipt and not an actual invoice. The document should include the period of performance for the charges and details of the charges. The only description is Goods or Services and the body of the email states- Thank you for purchasing a ▇▇▇▇ subscription. Additionally, the invoice should note the contract number between ▇▇▇▇▇▇▇▇▇▇▇▇. The additional documentation noted would be necessary to deem these costs allowable and allocable per FAR 31.201-2, Determining Allowability, and FAR 31.201-4, Determining allocability.

**Cost Element - Recruitment Cost**

Costs incurred to identify, attract, screen, and onboard prospective employees or service providers. These costs may include job advertisements, recruiting agency fees, background checks, recruiting events, candidate travel, onboarding activities, and other expenses directly related to personnel recruitment. Recruitment Costs are on the contract under CLIN 3.

We performed a thorough analysis of the documentation submitted in support of the December 2025 Recruitment Costs. We documented the Invoice Date, Invoice Number, Period of Performance beginning and end, the option service period, if the costs are within the option service period or not, the invoice total, if the invoice was altered, and by whom.

36

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288


Recruitment Costs consisted of $1,557.45, or 0.01%, of the total $14,938,000.96 invoiced for December 2025. The documentation provided to substantiate Recruitment Costs did allow DCAA to validate costs because the documents met the FAR 31.205-34 and FAR 31.201-2 requirements to validate the costs are properly billed to CLIN 2. The documentation states the specific position being advertised, covers a billing period within Option 1 of CLIN 2, and allows for a determination of allowability. However, recruitment costs are supposed to be billed under CLIN 3.



The ▮▮▮▮ Recruitment costs documentation consists of 3 pages: Page 1 ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ totaling $999; Pages 2 and 3 are Invoices ▮▮▮▮▮▮▮ from ▮▮▮▮▮▮▮▮▮▮ each $605; however, only $1,469.50 is billed on December 2025 CLIN 2 Invoice.

The ▮▮▮▮▮▮▮▮ invoice clearly identifies the attorney roles to be fulfilled, including the location. The invoice is dated 12/04/2025. Adjustments were made to the invoice amounts by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to reflect costs allocable to December 2025 because the period of performance is shown as 12/04/2025-01/03/2025. The adjustments did not alter the original invoice, show the calculations for a daily amount, and provide explanations as to why a different amount is billed than what is shown on the original invoice. The documentation for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is sufficient to substantiate recruitment costs claimed of $902.32 for December 2025. However, recruitment costs are supposed to be billed under CLIN 3.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ provides details stating that for 30-days an attorney position was posted for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮; shows metrics of 514 Active views and 209 job matches, with zero candidates delivered. The invoice is dated 11/14/2025 and the period of performance ends on 12/15/2025. The adjustments did not alter the original invoice, show the calculations for a daily amount, and provide explanations as to why a different amount is billed than what is shown on the original invoice. The documentation for ▮▮▮▮▮▮▮ is sufficient to substantiate recruitment costs claimed of $283.59 for December 2025. However, recruitment costs are supposed to be billed under CLIN 3.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ provide details stating that for 30-days an attorney position was posted for ▮▮▮▮▮▮▮▮▮▮▮▮▮; shows metrics of 720 views and 201 job matches, with zero candidates delivered. The invoice is dated 11/14/2025 and the period of performance ends on 12/15/2025. The adjustments did not alter the original invoice, show the calculations for a daily amount, and provide explanations as to why a different amount is billed than what is shown on the original invoice. The documentation submitted for ▮▮▮▮▮▮▮ is sufficient to substantiate recruitment costs claimed of $283.59 for December 2025. The documentation follows the FAR Criteria 31.205-34 for allowability because it states the specific position being advertised, gives a billing period within the CLIN 2, and allows for a

CUI

OIS 850.3                                                    June 15, 2026

SUBJECT: Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
MOA Agreement Number DCAA-0001-26
DCAA Assignment No. 11201-20264990000288

determination of allowability. However, recruitment costs are supposed to be billed under CLIN 3.



in the amount of $52.13 does not have a specified period of performance on the invoice. The document date is 12/31/2025; however, it does not state a period of performance beginning or end. The assumption would be the invoice covers the month of December due to metrics showing that ████████████████████████████, located in ████████████████████, obtained 11 clicks at an average cost of $4.46 for a total cost of $49.06 plus tax of $3.07 for a total cost billed of $52.13 and is within Option 1. ████████ highlighted text and made no alterations to the invoice. The documentation follows the FAR Criteria 31.205-34 for allowability because it states the specific position being advertised, gives a billing period within the CLIN 2, and allows for a determination of allowability. However, recruitment costs are supposed to be billed under CLIN 3.

The ████████████████ invoice ████████████ in the amount of $185.08 was posted on 12/08/2025. The period of performance is 12/26/2025-1/26/2026. Per contract terms ██████ can only bill from 12/01/2025-12/31/2025. ██████ prorated the invoice for the 6 days of December and adjusted their billed amount to $35.82 for 6 of 32 days. ████████████████████████████ made comments/highlighted on the document. The redactions did not interfere with a determination of allowability. The documentation follows the FAR Criteria 31.205-34 for allowability because it states the specific position being advertised, gives a billing period within the CLIN 2, and allows for a determination of allowability. However, recruitment costs are supposed to be billed under CLIN 3.

## Cost Element - Subcontractors

Cost element subcontracts consisted of $217,239.06 or 1.45%, of the total $14,938,000.96 invoiced. The documentation provided to substantiate subcontract costs did not allow DCAA to validate costs because the documents did not have specific dates of work or service, contained hours and rates that could not be reconciled to the contract or any other document, did not specify that the hours charged were for work related to CLIN 2, missing supporting documentation to show that the work that was completed was connected to the contract, and contained invoices that showed job titles but no specific employee names.

FAR 31.205-46 states (3)(iv) Documentation to support actual costs incurred shall be in accordance with the contractor's established practices, subject to paragraph (a)(7) of this section, and provided that a receipt is required for each expenditure of $75.00 or more.
(7) Costs shall be allowable only if the following information is documented-
(I) Date and place (city, town, or other similar designation) of the expenses;
(ii) Purpose of the trip; and
(iii) Name of person on trip and that person's title or relationship to the contractor.

CUI

OIS 850.3                                                                                  June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                   MOA Agreement Number DCAA-0001-26
                   DCAA Assignment No. 11201-20264990000288

   Each invoice shows the amount invoiced, but only on a summary level. The invoices do not present sufficient information to determine whether the amount invoiced should have been billed to CLIN 0002 or the contract as a whole. These invoices have not been manipulated; however, they lack information necessary to properly reconcile the billed amounts to the contract. Per the qualifications for allowable costs per the FAR mentioned above:
   -These invoices do not state a date and place of the services only that it was a December 2025 invoice; there needs to be a date of service for all hours charged.
   -These invoices do not state the purpose or description of the work being done in order to bill for these rates and hours; there needs to be a description of the services performed for the hours charged.
   -These invoices do not state the client for which the services were provided and therefore cannot be reconciled to the contract; these invoices need to show that the services provided were for active UACs under the contract.

   For these reasons these invoices have been deemed inadequate.  This lack of information increases the opportunity for the contractor to potentially overcharge the government.

   In order to properly verify that the subcontract costs are billed correctly, the subcontractor should include the date(s) of service, a description of the service being provided, and who the service is being provided for. In reference to hours being charged and rates per hour, timesheets would be helpful to determine which employees charged hours to a specific task associated with this CLIN and contract; this could be helpful to determine if the task completed was charged the correct rate or if the work was completed at all. Verification of resumes can help determine whether the employee that charged the hours and rate was qualified to bill at the rate on the invoice or to perform the service in general. The invoices provided were at summary level by labor category, which makes it difficult to determine how many employees are in each labor category. An explanation or walkthrough of how the invoices are developed would be helpful to determine if the information on the invoices comes from internal books and records or is pulled from hours charged on the timesheets. This recommendation is applicable for the 3 LSPs listed below.

████

   Personnel titles listed with no details: Director, Senior Staff Attorney, Staff Attorney, Paralegal. We cannot determine the number of employees doing the work, how many hours contributed by each employee, qualifications of each employee to substantiate the rate of payment, there were no details as to what the hours were charged for or how the work done was related to the contract or CLIN 0002, and there are no timesheets associated with work performed.

████

   Personnel titles Listed with no details: Senior Manager, Manager, Senior Associates,

CUI

OIS 850.3                                                                                          June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
           MOA Agreement Number DCAA-0001-26
           DCAA Assignment No. 11201-20264990000288

Associates. We cannot determine the number of employees doing the work, how many hours contributed by each employee, qualifications of each employee to substantiate the rate of payment, there were no details as to what the hours were charged for or how the work done was related to the contract or CLIN 0002, and there are no timesheets associated with work performed.

Personnel titles Listed with no details: Senior Associates and Associates. We cannot determine the number of employees doing the work, how many hours contributed by each employee, qualifications of each employee to substantiate the rate of payment, there were no details as to what the hours were charged for or how the work done was related to the contract or CLIN 0002, and there are no timesheets associated with work performed.

## **Cost Element - Travel**

Although travel costs are small percentage of the overall invoiced amount, they are a high-risk assessment in government contracting audits because they are easy to mischarge, difficult to fully verify, subject to strict regulations, frequently abused or overstated, and highly dependent on documentation. The documentation reviewed for travel was highly redacted or altered, lacked proper narratives and justification for travel costs, and was very unorganized.

We performed a thorough analysis of the documentation pertaining to the Travel cost element under contract 75P00125C00016 CLIN 2 2025.12 to determine whether cost incurred in December 2025 were allowable and in accordance with FAR Cost principles and more specifically allowable under CLIN 2 Time & Material. We documented the Invoice Date, Invoice Number, Period of Performance beginning and end, the option service period, if the costs are within the option service period or not, the invoice total, if the invoice was altered, and by whom. In addition, we also analyzed the adequacy, completeness, and the accuracy of the invoiced amounts, and identifying unsupported cost.

Travel Costs consisted of $13,877.48, or 0.09%, of the total $14,938,000.96 invoiced for December 2025. The documentation provided to substantiate travel costs did not allow DCAA to validate costs over the $75.00 requirement, because the documents did not have the required information to support the billed cost. We reconciled the travel costs claimed on the invoice to the supporting documentation and verified the amounts. However, the documentation lacked the information necessary to determine allowability under FAR 31.205.46.

The contractor provided an ▮▮▮▮▮▮▮▮▮▮ receipt totaling $47.57 and gas receipt totaling $10.00 to support claimed travel costs. However, the documentation did not identify the purpose of the travel, the traveler's title, or the traveler's relationship to the contractor.

40

CUI

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
              MOA Agreement Number DCAA-0001-26
              DCAA Assignment No. 11201-20264990000288

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs are allowable under FAR 31.205-46.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

███████████

The contractor provided a ███████ printout totaling $141.40 to support claimed travel costs.  While documentation identified travel between two locations, it did not identify the traveler, the traveler's title, the business purpose of the travel, or the traveler's relationship to the contractor.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs are allowable under FAR 31.205-46. The contractor asserted attorney-client privilege as the basis for withholding the required information.

███████

The contractor provided two ███████ printouts, a gas receipt and a ███████ receipt totaling $251.70 to support claimed travel costs. Although the ███████ identified an individual, the documentation did not identify the individual's title, relationship to the contractor, or the business purpose of the travel. Additionally, the remaining documentation consisted primarily of mileage calculations and receipts that did not identify the traveler.

As a result, the contractor did not provide sufficient documentation to determine whether costs are allowable under FAR 31.205-46. The contractor asserted attorney-client privilege as the basis for withholding the required information.

███████

The contractor provided nine ███████ printouts with manual calculations totaling $521.85 to support claimed travel costs. Review of the documentation identified multiple duplicates and substantially similar route calculations for the same travel purpose and destination, including mileage claims for identical routes that were billed separately. Several mileage calculations were supported only by ███████ printouts and did not identify the traveler, the traveler's title, or the traveler's relationship to the contractor.

In addition, the documentation did not identify a period of performance, and several travel entries identified only vague or potential purpose for the trip. As a result, the documentation did not demonstrate who incurred the travel costs, how the travel benefited contract performance, or whether the mileage claimed was reasonable and allocable to the contract.

41

CUI

OIS 850.3                                                                                               June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                  MOA Agreement Number DCAA-0001-26
                  DCAA Assignment No. 11201-20264990000288

Pursuant to FAR 31.205-46, the contractor did not provide sufficient documentation to determine allowability of the claimed travel costs. Specifically, the contractor did not provide the traveler's name, title, relationship to the contractor, or adequate support demonstrating the business purpose of the travel. The contractor asserted attorney-client privilege as the basis for withholding the required information; however, the contractor did not demonstrate how the information necessary to evaluate travel cost allowability is protected by attorney-client privilege.

      ████

The contractor provided two ████████ printouts totaling $213.67 to support claimed travel costs. The documentation identified travel routes and included a stated business purpose related to transporting an █████ client to an ASC appointment. However, the documentation did not identify the traveler, the traveler's title, or the traveler's relationship to the contractor.

Although portions of the documentation identified the travel purpose and route information, sufficient information was not provided to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, and support demonstrating that the claimed travel costs were incurred in performance of the contract. The contractor asserted attorney-client privilege as the basis for withholding the required information.

      ████

The contractor claimed $1,470.29 of reimbursement for lodging, airfare, meals, rideshare services, and mileage associated with asylum interviews and client meetings. While the documentation generally identified a travel purpose, the support did not consistently identify the individual traveler, the traveler's relationship to the contractor, or the business necessity of the travel.

For example, the airfare documentation included dates and confirmation information but did not identify the traveler or explain the business purpose of the trip. Similarly, rideshare and mileage documentation identified destinations and travel routes but did not consistently identify who incurred the expense or demonstrate the individual's connection to contract performance. In addition, mileage claims were supported by ████████ printouts; however, the documentation did not demonstrate that the routes claimed represented the most reasonable travel method available.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the

CUI

OIS 850.3                                                                June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.

███████

The ██████ invoice consists of four pages totaling $621.23 of mileage documents with the map showing a starting point and destination, date of travel, and purpose of travel. It did not provide the name of the individual traveling, their title or their relationship to the contractor.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

██████

██████ invoice consists of a ████████ printout with manual mileage calculations and parking receipts totaling $97.60 in support of claimed travel costs. The supporting documentation does show a location of travel; however, it does not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

████████

The contractor provided a ████████ printout with manual mileage calculations and ██████ receipts totaling $282.40 in support of claimed travel costs. The supporting documentation does show a location of travel; however, it does not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

43

CUI

OIS 850.3                                                                                     June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
              MOA Agreement Number DCAA-0001-26
              DCAA Assignment No. 11201-20264990000288

██████████

The contractor provided five ████████ printouts with manually calculated mileage claims totaling $397.18 to support claimed travel costs. The documentation contained redactions and included manually entered travel dates, mileage amounts, and reimbursement calculations; however, it did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

████████

████ invoice consists of one ████████ printout page with manual mileage calculations totaling $86.10 in support of claimed travel costs. The supporting documentation does show a location of travel; however, it does not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

████████

The contractor provided a ████████ printout with manual mileage calculations totaling $76.58 to support claimed travel costs.  The supporting documentation does show a location of travel; however, it does not identify the traveler, the traveler's title, the purpose of the trip,.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

44

OIS 850.3                                                                                          June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
                MOA Agreement Number DCAA-0001-26
                DCAA Assignment No. 11201-20264990000288



The contractor claimed travel costs totaling $760.37 and provided mileage documentation, hotel receipts, meal receipts, and parking receipts in support of the claim. While the hotel documentation identified the traveler and dates of stay, the mileage documentation did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

Additionally, the mileage documentation provided travel dates and locations but did not contain sufficient information to demonstrate how the travel benefitted contract performance or to support allowability of the claimed mileage costs. Review of the lodging costs determined the claimed lodging rates were consistent with applicable per diem rates for the location and period reviewed.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

███████████████

██████████████ submitted a ████████ printout with manual mileage calculations totaling $98.70. The provided documentation does not have the name of the traveler, the traveler's title, the purpose of the trip, or the traveler's relationship to the contractor that would deem the cost allowable.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.



The contractor provided nine pages of ████████ printouts with manual calculations totaling $1,034.25 to support claimed travel costs. The documentation included travel dates and travel routes; however, it did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel.

CUI

OIS 850.3                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

      As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.



      ██ provided a ████████ printout with mileage calculations totaling $188.25, the starting city and ending city are the same, no middle destination, it provides a travel date; the ████ receipt redacts whom the reservation is for, and "driven by", but has ████████ noting a destination: ████████. Neither the map nor the receipt provides a name of the person traveling, the title of person traveling, the purpose of the travel nor the person's relationship to the contractor that would deem these costs to be allowable.

      As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.



      ████████ provided 35 pages consisting of ████████ printouts, █████, parking, food and gas receipts totaling $2475.33; the dates range from 12/4 - 12/30/2025; we verified that the per diem billed for the █████ was within the approved per diem rates; with the exception of seeing the name ███ (tipping) on the ████████, neither of the documents provide a name or title for the person traveling, the purpose of the travel nor the persons relationship to the contractor that would deem the costs to be allowable.

      As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

      ██ provided four pages of ████████ totaling $945.28, with "travel" dates ranging from 12/3/2025- 12/22/2025; there are redactions of starting points, but an end address is visible.

CUI

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

However, there is no name, no title, no purpose for the trip, and did not include the person taking the trip relationship to the contractor that would deem the costs to be allowable.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

██████

██████ provided 15 pages of ██████████ printouts with calculations inserted totaling $3,079.44 for travel occurring between December 2, 2025, and December 22, 2025. Review of the documentation identified multiple mileage calculation originating from the same location on the same travel date but reflecting different destinations, including claims totaling 384.7 miles.

The documentation did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel. In addition, the contractor did not support demonstrating how the mileage amounts claimed were calculated or how the travel benefited contract performance.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

██████

██████ supporting documentation consists of three pages of ██████████ and ██████ screen shots totaling $170.80 to support claimed travel costs associated with client meetings. Review of the documentation identified mileage calculations that appear to overstand the distance traveled by applying roundtrip mileage more than once, resulting in a claimed amount that exceeds the allowable reimbursement supported by the documentation provided.

In addition, the documentation did not identify the traveler, the traveler's title, or the traveler's relationship to the contractor. The documentation also did not provide sufficient information to verify the actual travel route, including the starting and ending locations of the trip. While the documentation identified a travel purpose, the contractor did not provide sufficient support to determine whether the claimed costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should

47

OIS 850.3                                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

███████

██████ provided two ████████████ with manual mileage calculations totaling $448.60 to support claimed travel costs. The supporting documentation provided travel dates, a purpose for the travel; however, the documents did not provide a name or title of the person traveling or the person's relationship with the contractor.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

███

██ provided one ████████████ printout with manual mileage calculations totaling $75.18. While the documentation has the travel date and the purpose of a client meeting, the documentation did not provide a name or title of the person traveling or the person's relationship with the contractor.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.

████

The contractor provided a ████████████ printout with manual mileage calculations totaling $163.94 with a travel date of December 29, 2025. The documentation did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel. In addition, the contractor did not support demonstrating how the mileage amounts claimed were calculated or how the travel benefited contract performance.

As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR

CUI

OIS 850.3                                                                    June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
        MOA Agreement Number DCAA-0001-26
        DCAA Assignment No. 11201-20264990000288

31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated.  The contractor asserted attorney-client privilege as the basis for withholding the required information.



        The contractor provided a ▓▓▓▓▓▓▓ printout totaling $219.24 to support claimed travel costs. The documentation identified travel dates and travel routes; however, it did not identify the traveler, the traveler's title, the traveler's relationship to the contractor, or the business purpose of the travel. In addition, the documentation reflected multiple mile claims associated with the same travel locations on different dates without sufficient support demonstrating how the amounts claimed were calculated.

        As a result, the contractor did not provide sufficient documentation to determine whether the claimed travel costs were reasonable, allocable, and allowable in accordance with FAR 31.205-46. To support allowability, the contractor should provide documentation identifying the traveler, the traveler's relationship to the contractor, the business purpose of the travel, and support demonstrating how the amount claimed was calculated. The contractor asserted attorney-client privilege as the basis for withholding the required information.

        Based on our analysis of the Travel Cost element under contract 75P00125C00016 CLIN 2 2025.12 for December 2025 the submitted invoices are unallowable per FAR 31.205-46. The contractor did not provide sufficient information to substantiate the claimed travel costs.

**FAR References by each Cost Element**

| Cost Element | Primary FAR References |
|---|---|
| Case Stipends | FAR 31.201-2, FAR 31.201-3, FAR 31.201-4, FAR 31.201-6, |
| Consultants | FAR 31.205-33 |
| Database Licenses | FAR 31.201-2, FAR 31.201-3, FAR 31.201-4, FAR 31.201-6, |
| Recruitment Costs | FAR 31.205-34 |
| Subcontractors | FAR 31.205-33 |
| Travel | FAR 31.205-46 |

**Contract Language**

        Excerpt from Contract 75P00125C00016.pdf

        G.7 INVOICES

CUI

OIS 850.3                                                                                      June 15, 2026

SUBJECT:  Request for DCAA Support to ORR for Forensic Auditing and Advisory Services
          MOA Agreement Number DCAA-0001-26
          DCAA Assignment No. 11201-20264990000288

     <u>Additional Office of Acquisition Management Services (OAMS) requirements:</u>
     (i) The contractor shall submit invoices under this contract once per month. For indefinite delivery vehicles, separate invoices must be submitted for each order.
     (ii) Invoices must break-out price/cost by contract line item number (CLIN) as specified in the pricing section of the contract.
     (iii) Invoices that include time and materials or labor hours CLINS must include supporting documentation to (1) substantiate the number of labor hours invoiced for each labor category, and (2) substantiate material costs incurred (when applicable).

     Please direct any future contact regarding this memorandum to Teshara Jones, Teshara.Jones@acf.hhs.gov, at (202) 941-0475.

Teshara B. Jones - S2
Digitally signed by Teshara B. Jones -S2
Date: 2026.07.01 18:06:29 -04'00'

Teshara Jones
Investigative Support Auditor
Defense Contract Audit Agency

CUI