UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No.  25-cv-02847-AMO

**ORDER GRANTING MOTION TO ENFORCE PRELIMINARY INJUNCTION**

Re: Dkt. No. 166

Plaintiffs' motion to enforce the preliminary injunction was heard before this Court on August 6, 2026.  Having read the papers filed by the parties and carefully considered their arguments therein and those made at the hearing, as well as the relevant legal authority, and good cause appearing, the Court **GRANTS** Plaintiffs' motion for the following reasons.

The Court largely assumes familiarity with the facts and procedural history of the case for purposes of this Order.  Most significantly, on April 29, 2025, this Court issued a preliminary injunction that enjoined Defendants "from withdrawing the services or funds provided by the Office of Refugee Resettlement ('ORR') as of March 20, 2025, under the [TVPRA] and ORR's Foundational Rule, 45 C.F.R. § 410.1309(a)(4), particularly ORR's provision of funds for direct legal representation services to unaccompanied children," and precluded Defendants from "cutting off access to congressionally appropriated funding for its duration."  Dkt. No. 87 at 28.  Plaintiffs contend Defendants have failed to comply with the preliminary injunction.  *See* Dkt. No. 166.

"Federal courts are not reduced to issuing injunctions . . . and hoping for compliance." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 440 (2004) (citation omitted).  Courts "have inherent power to enforce compliance with their lawful orders."  *Spallone v. United States*, 493 U.S. 265,

United States District Court
Northern District of California

276 (1990) (citation omitted).  While a court may grant a motion to enforce when the order's text has been violated, the Ninth Circuit has also instructed that "it is proper to observe the objectives for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc.*, 774 F.3d 935, 949 (9th Cir. 2014).

Here, Defendants concede that they have withheld funds appropriated for direct legal representation services to unaccompanied minors since December 2025 and continue to do so.  *See* Debany Decl. (Dkt. No. 169-1) ¶¶ 25-31.  Defendants' ongoing conditioning of disbursement of required funding inevitably results in "cutting off access to congressionally appropriated funding" for "direct legal representation services to unaccompanied children."  Dkt. No. 87 at 28 (preliminary injunction).  This violates both the plain language as well as the spirit of the preliminary injunction, as maintaining the funding of legal representation for unaccompanied minors in accordance with the TVPRA and the Foundational Rule is the preliminary injunction's objective.  *See Inst. of Cetacean Research*, 774 F.3d at 949.

Defendants advance that they continue to withhold the funds based on a dispute with non-party Acacia regarding contract terms enforcement and "invoice substantiation concerns."  Dkt. No. 169 at 3-4.  Defendants' contract argument reflects yet another attempt to transform this Administrative Procedures Act case into a contract case.  The Court has rejected that attempt multiple times.[1]  *See, e.g.*, Dkt. No. 33 at 3 ("Contrary to the Government's assertions, this is not a contract dispute"); Dkt. No. 75 at 4; Dkt. No. 87 at 11-15.  The Ninth Circuit has also already rejected that argument.  *See Cmty. Legal Servs. in East Palo Alto, et al. v. U.S. Dep't of Health and Human Servs., et al.*, Case No. 25-2808, Dkt. No. 17.1 at 5-10 (9th Cir. May 14, 2025).  And in so arguing, Defendants tie themselves in a knot – despite their insistence that this Court lacks jurisdiction over the government's contractual disputes, they now attempt to utilize a contractual dispute as a shield for their failure to abide by the terms of the preliminary injunction.  The Court

---

[1] The Court similarly rejects Defendants' other attempts to relitigate other aspects of the preliminary injunction, like a bond requirement, in the course of opposing the motion to enforce. *See* Dkt. No. 169 at 10-11.

United States District Court
Northern District of California

declines to interfere with the government's contract with Acacia and instead expects the government to comply with clear Court orders compelling the government's compliance with the TVPRA and ORR's Foundational Rule.

Therefore, the Court **GRANTS** Plaintiffs' motion to enforce the preliminary injunction.  In accordance with the government's previously-selected method of complying with the preliminary injunction by contracting with Acacia, *e.g.*, Dkt. No. 45, the Court **ORDERS** Defendants to issue and release the funds they have withheld since December 2025.  Defendants may not condition compliance with this Order on receipt of any further information from Acacia, as imposing additional conditions for issuance of payment at this stage would be an end run around the injunction that the Court must reject.  *See City and County of San Francisco v. Trump*, 782 F. Supp. 3d 830, 836 (N.D. Cal. 2025).   In light of the representation that the "funding to pay CLIN 2 invoices remains available for immediate disbursement," Debany Decl. ¶ 31, the Court **ORDERS** Defendants to release the funds by noon PST on Friday, August 7, 2026.  The Court **ORDERS** Defendants to file a declaration certifying that the withheld funds have been released by no later than 1:00 p.m. PST the same day.

Finally, the Court notes that Defendants' selected method for complying with the preliminary injunction – the contract with Acacia – expired July 31, 2026.  Debany Decl. ¶ 33. Consequently, it appears to the Court that no mechanism presently exists by which Defendants are complying with the preliminary injunction.  Perhaps anticipating this concern, Defendants submitted a subsequent declaration from Debany describing some efforts to execute new agreements for the legal services at the heart of this lawsuit.  *See* Dkt. No. 171.  Debany's supplemental declaration raises more questions than it provides answers, for example describing two agreements recently reached for a seeming fraction of the legal services to be provided across the country.  The declaration does not sufficiently detail Defendants' efforts to comply with the preliminary injunction in the coming weeks and months.  Accordingly, the Court **ORDERS** Defendants to file a report detailing their current and ongoing compliance with the preliminary injunction following expiration of the contract with Acacia.  As a reminder, the TVPRA requires that the government "shall ensure, to the greatest extent practicable," that all unaccompanied

United States District Court
Northern District of California

minors receive legal "counsel to represent them in legal proceedings" and to "protect them from mistreatment, exploitation, and trafficking."  8 U.S.C. § 1232(c)(5).  Defendants' report shall evidence their compliance.  Defendants shall file the report by no later than noon PST on Thursday, August 13, 2026.

**IT IS SO ORDERED.**

Dated: August 6, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

4