IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | Case No. 4:25-CV-02847-AMO<br><br>**DECLARATION OF ANDREA CRANE (CLSEPA) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE** |

**DECLARATION OF ANDREA CRANE**

**MANAGING ATTORNEY, COMMUNITY LEGAL SERVICES IN EAST PALO ALTO**

*I, Andrea Crane, make the following statements on behalf of myself and Community Legal Services in East Palo Alto (CLSEPA). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.

2. I am a Managing Attorney at CLSEPA, a plaintiff in the above-captioned case. CLSEPA previous submitted a Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order (Dkt. #7-16), Motion for a Preliminary Injunction (Dkt. #37-3), and Emergency Motion to Enforce the Preliminary Injunction (Dkt. #166-7), and I incorporate those declarations by reference.

3. CLSEPA's mission is to provide transformative legal services that enable diverse communities in East Palo Alto and beyond to achieve a secure and thriving future. In 2025, CLSEPA served 1,386 individuals and reached 4,746 household members, primarily in San Mateo and Santa Clara Counties. Of those reached, 1,494 were children. CLSEPA currently has four attorneys who are currently handling approximately 33 active cases representing unaccompanied children ("UC") who are in removal proceedings or who we previously represented in removal proceedings.

4. Since the expiration of the UCP contract on July 31, 2026, CLSEPA has been significantly constrained in our ability to provide ongoing representation to UC in removal proceedings. This is particularly true as the government has increasingly sought to re-calendar cases that were previously administratively closed, even for those with approved Special Immigrant Juvenile Status (SIJS) and who are merely waiting for their visa to become available for their opportunity to apply for adjustment of status.[1] When administratively

[1] Administrative closure is a docket management tool that allows an Immigration Judge to remove the case from the active immigration court docket so that a non-citizen may await relief outside of the

closed cases are suddenly re-calendared, CLSEPA has had to re-evaluate our signed retainers with clients to determine whether we can still guarantee representation to the child. This leaves the children at risk of appearing in court unrepresented in complex immigration proceedings despite their eligibility for relief.

5. Since the UCP contract expired on July 31, 2026, CLSEPA has not received updated legal service provider contact information to whom CLSEPA would transfer UC cases for continuity of service. Likewise, CLSEPA's partner at Catholic Charities of Santa Clara County (CCSCC), an organization which refers UC placed into foster case after their release from the ORR program to CLSEPA and other providers in the legal services network, has not received updated provider contact information, hindering its ability to make timely referrals or ensure seamless case transitions. As a result, unaccompanied children referred before the UCP contract expired are at risk of losing their legal representation, and unaccompanied children referred after the UCP contract expired are at risk of going without legal representation altogether. This disruption comes at a time of heightened immigration enforcement and increased legal need, when continuity of legal services is especially important.

6. CLSEPA's ability to provide continuous legal representation to unaccompanied children depends on sustained funding. Without it, CLSEPA would likely be forced to reduce staff and provide services to fewer children, leaving some without representation during critical stages of their immigration proceedings. The consequences can be severe, including missed hearings, missed filing deadlines, and the loss of opportunities to pursue time-sensitive forms of humanitarian relief, including SIJS, asylum, and other humanitarian protections. Particularly as the government increasingly seeks to re-calendar previously administratively closed cases, children risk losing counsel at the exact moment they must defend against removal. Likewise, losing counsel at this juncture leaves unaccompanied

immigration court. Many UC's who were placed into proceedings had their cases administratively closed to await a final decision, commonly on SIJS relief or Adjustment of Status once a SIJS-based visa becomes available, from USCIS.

children without the legal assistance necessary to understand, invoke and enforce the procedural protections of the Trafficking Victims Protection Act (TVPRA), including protection against unlawful immigration enforcement, which is becoming increasingly commonplace.

7. The loss of funding has also reduced CLSEPA's ability to serve new clients under its other grants. To preserve continuity of representation for existing child clients, CLSEPA may be forced to shift those children to other funding sources, leaving fewer resources available to take on new cases for individuals those grants were intended to serve. This would reduce CLSEPA's overall capacity to accept new cases, meet growing community needs and maintain current staffing levels. Due to the end of the UCP contract, CLSEPA may also ultimately be forced to lay off staff, further limiting access to legal representation of vulnerable immigrants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th of August 2026, in San Mateo, California

________________________________

Andrea Crane

Managing Attorney

Community Legal Services in East Palo Alto