IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No. 4:25-CV-02847-AMO

**DECLARATION OF CRISTEL STEFANY MARTINEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

**DECLARATION OF CRISTEL STEFANY MARTINEZ**

**MANAGING DIRECTOR, MNM LAW OFFICES**

*I, Cristel Stefany Martinez, make the following statements on behalf of myself and MNM Law Offices. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.

2. I am the Managing Director of MNM Law Offices ("MNM"), an immigration law firm based in the City of Industry, California, and a legal services provider previously part of the Acacia Center for Justice ("Acacia") network of providers under the Unaccompanied Children Program ("UCP"). I incorporate my Declaration in Support of Plaintiffs' Motion to Enforce the Preliminary Injunction (Dkt. # 166-12) as if fully set forth herein.

3. MNM serves approximately 325 unaccompanied children in Southern California, primarily in Los Angeles County and the surrounding region, including children in Office of Refugee Resettlement ("ORR") custody at shelter and long-term foster care programs in the greater Los Angeles area and children who have been released from ORR custody to sponsors in the community.

4. Since the expiration of the UCP contract on July 31, 2026, MNM has continued to provide legal services to its unaccompanied child clients without funding. This month alone, MNM has fifteen master calendar hearings, five Special Immigrant Juvenile Status ("SIJS") hearings on calendar, and has received twenty-three asylum interview notices between August 4, 2026, and August 14, 2026, for unaccompanied child clients. Each of these matters requires preparation and an appearance by an MNM attorney notwithstanding the expiration of the UCP contract. MNM is also unable to cover the increasing filing fees now required for our child clients' applications, including asylum applications, SIJS petitions, and employment authorization applications. As a result, we are unable to file their applications for relief or to obtain work permits for them, unless the child is able to cover

the fees themselves, leaving children without the protection and stability those filings would provide. In these ways, the lack of funding for counsel and the lack of transition of services to a new provider is impairing MNM's ability to effectuate the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), which directs that unaccompanied children be provided counsel to represent them and to protect them from mistreatment, exploitation, and trafficking to the greatest extent practicable, and the resulting harm falls directly on the children we serve. Our professional and ethical obligations to these children did not end when the contract did; their hearings and interviews are going forward with or without us, and MNM cannot responsibly abandon them.

5. On August 6, 2026, I appeared on behalf of one of MNM's child clients at a hearing before the Santa Ana Immigration Court. The U.S. Committee for Refugees and Immigrants ("USCRI") had been designated to appear as a friend of the court in the same proceeding. Before the hearing, I received an unencrypted email from a USCRI attorney containing my client's full legal name, A-Number, date of birth, and country of birth. The email was sent without my client's authorization and without any protective agreement in place. This unencrypted transmission violates HHS and ORR confidentiality policies for unaccompanied children; as an ORR contractor, USCRI had no legal authority to disclose the minor's full name, A-Number, and date of birth without court order or explicit attorney authorization, creating real risks of harm to a vulnerable child.

6. On that same day, an unrepresented unaccompanied child requested voluntary departure while the USCRI attorney purportedly serving as friend of court remained silent. I spoke up and suggested a continuance to allow the child to consult with counsel before proceeding with such an irreversible decision. Luckily, the IJ granted the child a continuance to seek counsel. But this incident underscores USCRI's apparent indifference to the welfare of unrepresented children and stands in stark contrast to the professional and ethical duties that immigration attorneys owe to vulnerable youth in their care.

7. The following day, on August 7, 2026, I learned a USCRI attorney had made a "friend of the court" appearance on behalf of another child client whom my office represents, without my client's consent or knowledge. I immediately sent a cease-and-desist email to the USCRI attorney stating that USCRI may not make friend of the court appearances on behalf of any MNM client without the client's express written consent and an appropriate motion before the court. Furthermore, EOIR's Practice Manual explicitly requires that any substitution or addition of counsel must be accompanied by a Motion to Substitute Counsel with a signed client declaration attached, confirming the client's authorization, a requirement USCRI violated by appearing on behalf of my client without such motion or client consent. These incidents required my immediate attention at a time when MNM is already stretched beyond capacity, and they illustrate the confusion and risk to which children who already have counsel are being exposed since the expiration of the former UCP contract: within two days, a newly designated provider transmitted a represented child's sensitive identifying information over unsecured email and appeared on behalf of a represented child without consent, let alone ever having spoken to the child. I also met with Leah Chavla, Deputy UAC Ombudsman, regarding the breaches from USCRI. She confirmed that she will investigate the matter. Notably, she mentioned that she has received similar complaints regarding USCRI's conduct from others.

8. Continuing to represent unaccompanied children without funding is causing, and will continue to cause, irreparable harm to MNM. UCP funding represents approximately 90% of MNM's annual budget. MNM has already laid off half of its staff (going from 20 to 10 employees) and exhausted its available credit to cover payroll and ongoing case costs; it has no reserves left to absorb further losses and no other programs from which it can redirect resources. As of August 1, 2026, MNM has not been able to take on new clients, even though new children continue to arrive at the facilities where MNM is the assigned legal services provider and facility staff continue to ask us to take their cases.

9. Since the UCP contract expired on July 31, 2026, MNM has had no contract for this work and has received no guidance regarding any new legal services provider arrangement: no

one has told MNM who, if anyone, will provide or fund legal services for the children at the facilities we serve, whether or how our existing child clients' representation will be covered, or what role, if any, MNM will have going forward. This absence of any plan and of any guidance regarding a new legal services provider will force additional layoffs or furloughs and further service cuts in the imminent future, and will ultimately force MNM to cease operations entirely. Once the firm dissolves, approximately 325 child clients will be scattered to providers who face the same capacity constraints and lack of contract guidance as MNM, or these children will be left to face removal proceedings alone. These children will lose precisely what the TVPRA requires the government to ensure to the greatest extent practicable: counsel to represent them in their legal proceedings and to protect them from mistreatment, exploitation, and trafficking. That harm cannot be undone.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th of August 2026, in the City of Industry, California.



______________________________

Cristel Stefany Martinez

Managing Director

MNM Law Offices