IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No. 4:25-CV-02847-AMO

**DECLARATION OF ELIZABETH SANCHEZ KENNEDY (GHIRP) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

**DECLARATION OF ELIZABETH SANCHEZ KENNEDY**

**Executive Director, Galveston-Houston Immigrant Representation Project (GHIRP)**

*I, Elizabeth Sanchez Kennedy, make the following statements on behalf of myself and Galveston-Houston Immigrant Representation Project (GHIRP). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.

2. I am the Executive Director at the Galveston-Houston Immigrant Representation Project (GHIRP), a plaintiff in the above-captioned case. I incorporate my Declaration in Support of Plaintiffs' Motion to Enforce the Preliminary Injunction (Dkt. # 100-1) as if fully set forth herein.)

3. GHIRP is a legal services organization that serves approximately 1,000 immigrant minors per year in the Galveston-Houston area (Texas). GHIRP currently has 12 attorneys who are handling over 500 cases of unaccompanied children. Our primary concern is the lack of information related to a new provider who can continue representing our existing unaccompanied child clients. The confusion and lack of communication impacts both GHIRP's detained and released clients, as well as newly arriving children in the ORR detention facilities that we serve.

4. Since the expiration of the UCP contract on July 31, 2026, GHIRP has continued providing legal services to detained and released unaccompanied minor clients. Our services are unfunded but critical at this moment due to the intense influx of consequential hearings and interviews that have been scheduled by the Immigration Court and US Citizenship and Immigration Services (USCIS) Asylum Office since July 2026. Over the next six weeks alone, GHIRP attorneys and representatives are scheduled to appear with over 70 minor clients for USCIS Asylum Office interviews to present their claims. Additionally, we have over 10 clients scheduled for Individual Hearings on the merits before the Immigration

Court in the next three months. This is a marked increase in the regular number of court and interviews that we usually have for our unaccompanied child clients.

5. GHIRP's Immigrant Children & Youth team is trying to meet ethical duties to our clients while preparing them for a transition of legal services providers, as we cannot provide representation unfunded indefinitely. Without a provider identified to continue representing our clients, we cannot withdraw from our clients' cases or properly inform them of next steps. If we were to immediately withdraw from our clients' cases at this time – a time that they are required to present their legal case before adjudicators - our clients would be vulnerable to imminent removal regardless of the strength of the claim.

6. The gap in legal services is also impacting newly arriving children at the three Houston area Office of Refugee Resettlement (ORR) detention facilities that GHIRP serves. GHIRP has not observed any other organization providing Know Your Rights presentations, legal screenings, follow-up screenings, or court preparation sessions in these ORR detention facilities. Since July 31, 2026, GHIRP has provided limited legal services to unrepresented detained children, and we have intervened in time-sensitive cases. For example, on August 12th and 14th, 2026, ICE attempted to expeditiously remove two children with urgent legal needs, and GHIRP was able to assist one child to file a *pro se* motion in Immigration Court to allow him to present his claim before the court. The other child was removed to his home country.

7. In two other urgent situations, GHIRP entered representation for children in ORR custody who have been separated from their parents due to ICE enforcement and are trying to repatriate with their parents. One client is a 9-year-old girl whose mother was detained during the ORR sponsorship process. The mother is expected to be removed, and her daughter (our client) is terrified of being left behind and separated from her mom. GHIRP is now representing her, advocating with ICE officers at the mother's detention facility, filing motions in court to advance the child's hearing to be timed with her mother's case, and coordinating with federal and local officials for them to leave together. Without our intervention, the child would languish in detention and experience prolonged separation

from her mother at a tender age. The other child is similarly trying to repatriate to his home country with his father, who is in ICE custody. We are taking on this representation not because we have funding for it, but simply because if we do not these children will have no attorney representation.

8. Until recently, the shelters did not receive information as to who will provide legal services to the children in the facility. The lack of information is causing widespread confusion among the shelter staff and children, and they are relying on GHIRP to provide transition details but we also do not have the information about how any transition will be handled.

9. The Immigration Court is expediting cases of detained unaccompanied minors, forcing newly arrived children to appear in court without representation or legal information. This expediting of cases for detained unaccompanied children began on or around April 2026. In our local area, attorneys from another organization (USCRI) have appeared at the Immigration Court dockets to provide Friend of Court assistance, however their court assistance is not consistent. These attorneys are appearing virtually, which is disfavored by the local Immigration Judges, and they have not met with the children prior to appearing in court to assist them. We have not observed any attorneys from other organizations enter representation for *pro se* children appearing on the court dockets. Since approximately August 3, 2026, some children have been required to move forward in their cases, including responding to the Notice to Appear (the formal charging document), without legal representation.

10. The unrepresented children appearing on the Immigration Court dockets are scared and stressed. Prior to July 31, 2026, GHIRP met with all detained children before appearing in court to prepare them for what is going to happen and provide them with a debrief session after the hearing to explain what just happened in court. This information is crucial in minimizing anxiety, as kids often fear that they will be deported, or that the Immigration Judge just ordered them deported in court. Although these services are unfunded, GHIRP has continued preparing some detained children for court because this service is not otherwise being provided.

11. GHIRP cannot continue supporting this level of unfunded services and staff time dedicated to our immigrant children and youth clients. We are again faced with the impossible choice of selecting organizational sustainability over meeting ethical obligations to vulnerable clients. With no provider in place to ensure uninterrupted legal services, GHIRP's clients will soon be forced to defend themselves alone in the Immigration Court, as system that is notoriously complex.

12. The gap in legal services has broader impacts on the community. Although we have made some exceptions (mentioned above), GHIRP is not accepting new clients for representation due to the lack of funding. We have received referrals for other particularly vulnerable children, such as youth detained in a local therapeutic facility with mental health concerns, but we do not have the resources to assist them. These children need urgent legal services by a qualified provider who can ensure that their due process rights are protected and that they can meaningfully participate in their case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th of August 2026, in Houston, Texas,

_/s/ *Elizabeth Sanchez Kennedy*_______
**Elizabeth Sanchez Kennedy**
**Executive Director**
**Galveston-Houston Immigrant Representation Project (GHIRP)**

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

DATED: August 20, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Laura M. Sturges*

Laura M. Sturges

*Attorneys for Plaintiffs*