IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No. 4:25-CV-02847-AMO

**DECLARATION OF LAUREN FISHER FLORES IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

**DECLARATION OF LAUREN FISHER FLORES**

**LEGAL DIRECTOR, ABA PROBAR**

*I, Lauren Fisher Flores, make the following statements based on personal knowledge and information made known to me in the course of my professional experience. I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my individual professional knowledge and experience.
2. If called to do so, I could and would competently testify to these matters under oath.
3. I am the Legal Director at the American Bar Association South Texas Pro Bono Asylum Representation Project (ProBAR), a legal service provider previously part of the Acacia network of providers.
4. Under our previous subcontract with the Acacia Center for Justice, ProBAR provided Unaccompanied Children's Program legal services to detained unaccompanied children at 17 youth detention facilities across South Texas with bedspace capacity for a total of 2,066 children and released unaccompanied children in the Rio Grande Valley and Houston areas. Under our subcontract the initial services for detained children included group "Know Your Rights" legal orientations and individual legal intake screenings that were required to take place within ten days of a child's arrival at a shelter. We also served as Friend of Court at the immigration courts assigned to the juvenile dockets for detained children in our region. The ProBAR Youth Defense team currently has 16 attorneys who are handling more than 250 active cases representing unaccompanied children. ProBAR is the only nonprofit immigration legal service provider serving unaccompanied children in the Rio Grande Valley.
5. Since the expiration of the UCP contract on July 31, 2026, ProBAR staff have continued to represent clients in direct representation cases. Due to our ethical obligations and the harm it would cause to existing clients, our staff did not seek to withdraw from the 250+ active cases. Because of the fast-paced, large juvenile dockets, our detained clients have court hearings every 2-3 weeks. The immigration judges no longer accept collateral relief

like Special Immigrant Juvenile Status (SIJS) as a reason to allow continuances or closure of removal proceedings. If an attorney had not appeared in court to provide motions and briefing on the issues, our clients would have been ordered removed. Since the end of the contract, our staff has received more than 10 asylum interview notices for unaccompanied children and covered more than 20 court hearings.

6. Through Friday, July 31, ProBAR provided Know Your Rights legal orientations and legal intake screenings, assessments, and advice and counsel to children arriving at the 17 shelters in the Rio Grande Valley and Corpus Christi regions. According to ProBAR's records, more than 80 children have arrived in these ORR detention shelters since the end of the contract. Because the shelters and the children continue to ask us to provide services, we believe none of those 80+ children have received the initial legal services mandated by the TVPRA.

7. At the expiration of the UCP contract, ProBAR started an emergency youth hotline hotline. Given ProBAR staff layoffs after the expiration of the UCP contract, our staff is unable to maintain Know Your Rights presentations, legal consultations, and Friend of Court services at the 17 shelters and three immigration juvenile dockets anymore. ProBAR opened the youth hotline so that children could at least call us with their legal questions. Since August 3, our staff have received 40 calls on the hotline. The detained youth callers ask about their legal options, how to find an attorney, and what to do in court. Youth have called for legal orientations and advice, as they are not currently receiving these services.

8. ProBAR staff have also received calls and emails from ORR detention shelter caseworkers asking who can help the detained children with their legal needs. The shelter staff send requests for Know Your Rights, requests for follow-ups, legal visits, assistance with asylum applications, and other legal assistance. On Thursday, August 3, I received a renewed request for assistance from an ORR shelter program due to what the case manager referred to as the "discontinuation of KYR presentations and legal screenings at shelters."

9. On August 4, 2026, Immigration Judge Galvao in Harlingen and Immigration Judge Stern in Corpus Christi via WebEx held juvenile dockets. ProBAR staff in court did not observe any Friend of Court for these juvenile dockets .

10. On August 6, 2026, ProBAR staff present in court observed a U.S. Committee for Refugees and Immigrants (USCRI) attorney appear by WebEx in Immigration Judge Gonzalez's juvenile docket in Harlingen, Texas, and request continuances for all of the children. IJ Gonzalez advised the USCRI attorney that he was not a party to the cases and could not make motions to the court on behalf of the respondents as Friend of Court.

11. On August 11, 2026, ProBAR staff witnessed a 7-year-old child appear pro se before Immigration Judge Galvao in Harlingen, Texas. There was no Friend of Court present. The judge ordered voluntary departure and the child was given 30 days to leave the United States before his order would convert to an order of removal.

12. ProBAR has been providing in-person legal services to detained unaccompanied children in South Texas for the past 20 years. Over time, we have developed a high-level of expertise, high-quality materials, and deep relationships with stakeholders. This work is and remains mission-central to our staff. However, providing the same level of services for free is unsustainable. Due to the end of the UCP contract, last week ProBAR had to lay off 22% of its staff. This affected all areas of our legal services to children. Because ProBAR staff still represent so many now unfunded unaccompanied children in their immigration cases, ProBAR staff are limited in the numbers of new clients we can serve either at the children's shelters or in our community including crime victims and adults detained in area detention centers. ProBAR staff are currently unable to take on new clients, despite ongoing referrals of high-need cases. ProBAR staff have already had to redirect resources to continue representing existing clients. In the meantime, our staff watch as vulnerable, unaccompanied children are rapidly forced through a confusing system with no legal information and no one by their side.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 17th of August 2026, in Houston, Texas.

**Lauren Fisher Flores**
**Legal Director**
**ABA ProBAR**