IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No. 4:25-CV-02847-AMO

**DECLARATION OF LISA KOOP (NIJC) IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

**DECLARATION OF LISA KOOP**

**DIRECTOR OF LEGAL SERVICES, NATIONAL IMMIGRANT JUSTICE CENTER**

*I, Lisa Koop, make the following statements on behalf of myself and the National Immigrant Justice Center (NIJC). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.
2. I am the Director of Legal Services at NIJC, a plaintiff in the above-captioned case. I incorporate my Declaration in Support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. # 7-13) as if fully set forth herein.
3. NIJC serves unaccompanied minors in Illinois, Indiana, and Wisconsin. NIJC currently has 13 attorneys and eight paralegals, accredited representatives, and legal support staff assigned to NIJC's Children's Protection Project. That team is currently handling more than 350 active cases in which they represent unaccompanied minors. They support pro bono attorneys representing more than 80 unaccompanied minors.
4. Despite the expiration of the Unaccompanied Children Program (UCP) contract on July 31, 2026, NIJC has been providing ongoing legal services to unaccompanied minors whose representation was previously funded under the UCP contract. NIJC attorneys continue to represent detained and non-detained unaccompanied minors in their immigration court removal proceedings and before United States Citizenship and Immigration Services (USCIS), including before the Asylum Office. NIJC attorneys have been providing representation at immigration court for detained and non-detained unaccompanied minors several times a month.
5. Since the contract was terminated, NIJC attorneys have responded to at least seven urgent motions, where the government is seeking to reactivate cases that were administratively closed in court to await adjudication of relief pending before USCIS. NIJC attorneys have

also filed complex motions seeking termination, administrative closure, or continuances for detained unaccompanied minors facing removal.

6. More than 100 of NIJC's unaccompanied minor clients have been scheduled for asylum interviews in August and September 2026. NIJC attorneys are preparing those cases for interviews and representing NIJC's unaccompanied minor clients at those interviews. The vast majority of this work was previously funded under the UCP contract. NIJC has assigned some of these asylum cases to staff on other NIJC projects both because capacity in NIJC's Children's Protection Project is diminished and because Defendants have scheduled many unaccompanied minors' asylum interviews at overlapping times.

7. Since NIJC is no longer funded through the UCP contract, NIJC does not have access to information about children newly detained by the government in NIJC's service area. Under the UCP contract, NIJC could access an online portal and see information about children who arrived at the shelters served by NIJC. To the extent the shelters with custody of the children inform NIJC of children in need of legal services, NIJC does not have capacity to offer legal services absent the UCP contract. Thus far, NIJC has received one request to provide legal services to a detained unaccompanied minor; NIJC declined this request.

8. To my knowledge, no legal service provider is providing legal orientations or legal screenings to children detained in NIJC's service area. Though NIJC received emails from the Office of Refugee Resettlement that requested confirmation of representation in some cases, no legal service provider under contract with the federal government has indicated a willingness or ability to undertake representation of the unaccompanied minors NIJC previously represented under the UCP contract. NIJC continues representation of those unaccompanied minors without designated funding. On August 5, 2026, and August 13, 2026, NIJC attorneys observed attorneys from United States Committee for Refugees and Immigrants log on to the Webex link to the Chicago and Indianapolis immigration courts' children's dockets. Those attorneys did not provide legal services to any children.

9. Without UCP funding, NIJC's ability to provide legal services to unaccompanied children is compromised. NIJC is unable to accept most new matters involving unaccompanied minors and cannot initiate any new services for detained children. To provide ongoing services to existing clients, NIJC is drawing from unrestricted funds, which means those funds are unavailable for use by other NIJC programs.

10. For decades, NIJC attorneys have been recognized as experts in matters involving unaccompanied minors. With the loss of the UCP contract, NIJC's ability to represent children at high volume and through a universal representation model is severely diminished.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th of August 2026, in Goshen, Indiana.

S/ Lisa Koop
Lisa Koop
Director of Legal Services
National Immigrant Justice Center

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

DATED: August 20, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Laura M. Sturges*

Laura M. Sturges

*Attorneys for Plaintiffs*