IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.

Case No. 4:25-CV-02847-AMO

**DECLARATION OF MELISSA MARI LOPEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE**

**DECLARATION OF MELISSA MARI LOPEZ**

**EXECUTIVE DIRECTOR, DIOCESAN MIGRANT AND REFUGEE SERVICES DOING BUSINESS AS ESTRELLA DEL PASO**

*I, Melissa Mari Lopez, make the following statements on behalf of myself and Diocesan Migrant and Refugee Services doing business as Estrella del Paso (hereinafter "Estrella del Paso"). I certify under penalty of perjury that the following statement is true and correct pursuant to 28 U.S.C. §1746.*

1. I am over the age of 18 and make this declaration based upon my personal knowledge and experience. If called to do so, I could and would competently testify to these matters under oath.
2. I am the Executive Director at Estrella del Paso, a plaintiff in the above-captioned case. I incorporate my Declaration in Support of Plaintiffs' Motion to Enforce the Preliminary Injunction (Dkt. 166-13) as if fully set forth herein. I also incorporate my Declaration in Support of Plaintiffs' Motion for Preliminary Injunction (Dkt. 37-4) and Plaintiffs' Motion for Temporary Restraining Order (Dkt. 7-14) as if fully set forth herein.
3. Estrella del Paso currently has three attorneys who are currently handling 87 active cases representing unaccompanied children.
4. Since the expiration of the UCP contract on July 31, 2026, Estrella del Paso closed its Unaccompanied Children's Program, which first opened at the start of 2007. Of the eighteen staff members that worked exclusively in that program on July 31, 2026, thirteen were laid off. Those laid off included two social workers, three legal assistants, and eight orientation specialists. Estrella del Paso retained the program's Director, two Managing Attorneys, a Data Entry specialist, and the Data Entry Supervisor to ensure the ethical closing of cases and final wind down of the program. At the end of August 2026, Estrella del Paso will be forced to lay off the Data Entry Specialist, and at the end of October 2026 will be laying off at minimum an additional Managing Attorney. The remaining Managing Attorney, Director, and Data Entry Supervisor will likely be laid off by the end of 2026. Due to our ethical duty to our clients, our attorneys have continued to provide

representation services to unaccompanied children before the immigration court, state court, and United States Citizenship and Immigration Services (hereinafter "USCIS"). The representation of our remaining clients has proved difficult given the layoffs and lack of funding. The support staff, that have since been laid off, made it possible to operate at much larger capacity than we are currently able to.

5. Likewise, the lack of funding presented us with the immediate impediment of how the detained children we represent were to pay for their filing fees. With the passage of the One Big Beautiful Bill, last year, certain application fees for immigration relief became mandatory and unwaivable. The two most common fees that now must be paid by unaccompanied children are the $100.00 fee for an Asylum Application, the yearly asylum renewal fee of around $100.00, and the $250.00 fee for Special Immigrant Juvenile Status applications. Estrella del Paso does not have reserve funds to cover the filing fees for clients. These fees were covered previously by the federal government pursuant to the Unaccompanied Children's program funded by Office of Refugee Resettlement (hereinafter "ORR"). If the payment of filing fees cannot be made, our representation becomes useless. There is no way to file applications for relief without payment as the fees cannot be waived. Most children we represent are detained and many of them have no family in the U.S. that can assist with the payment of these fees. If our child clients cannot provide the funds necessary to file their applications, we will not be able to file any applications for relief on their behalf. The inability to pay the filing fee will directly impact our ability to seek relief on behalf of our clients. Last week our organization began to receive notices from the immigration court of cases that were closed long ago and whom the court is now seeking to re-calendar. This causes us to exert our limited capacity to locate clients we have not had contact within several months or even years, to make them aware their proceedings have been re-opened, and that due to lack of funding, we cannot continue with their representation. Of our remaining clients, we are advising them that our representation is ending upon our submission of their applications before USCIS, and we

are likewise trying to get cases to an unprejudicial stopping place, so we can withdraw from their representation in immigration court.

6. To the best of our knowledge and belief, there have been no Know Your Rights presentations or legal screenings provided to any children at shelters in El Paso since July 31, 2026. Since July 31, 2026, through the writing of this declaration on August 18, 2026, there have been six juvenile dockets. Our detained juvenile dockets in El Paso, Texas tend to run from 8:30 a.m. until almost noon, depending on the number of children scheduled for each docket, the afternoon docket is typically for non-detained juveniles. Our organization did not observe any other organization or attorneys for other organizations at any of these dockets until August 14, 2026. On August 7, 2026, there were two released unaccompanied children who were not represented and were ordered removed.

7. On August 14, 2026, an attorney from USCRI appeared and announced to the court they were present to observe proceedings. The attorney arrived close to 10:00 a.m., missing all the children called during the 8:30 a.m. docket. Called during the 8:30 a.m. docket, there was a tender-aged child of 6 years, whose case manager informed the court that the child wanted to take voluntary departure at the request of her mother. Because the child was unrepresented and so young, the judge stated he could not grant the child voluntary departure without the child being represented. Our Legal Director, Imelda Maynard, was present during the hearing and was asked if she could represent the child, but our Legal Director explained that we could not represent her due to our lack of funding. Our Legal Director later informed the USCRI attorney of this need, and he stated he would reach out to the shelter the child was at and prioritize her case for representation. It is unclear whether that USCRI attorney has followed up with child.

8. In our conversations with staff members from our local shelters during court, many have stated the children have not been able to speak to an attorney since July 31, 2026. The Immigration Judge during August 14, 2026, docket stated to the USCRI attorney that it is EOIR policy not to allow any court observation via Webex, that all court observation was to be done in person. He also told the USCRI attorney that most of the Immigration Judges

in El Paso require counsel of record to file motions if they want to appear virtually as the default is in-person hearings. The USCRI attorney informed the court that USCRI does not currently have an office in El Paso, but they are looking to hire an attorney here and that in the meantime he believed that the attorneys from USCRI's office in Austin would be covering the El Paso docket. Given our organization's diminished capacity, we were unable to observe the August 17, 2026, docket to see if any attorneys from USCRI appeared for the children. At present, there are about 182 children in custody across the various ORR shelters in El Paso, most of these children do not have any representation and many are already in active removal proceedings. On August 14, 2026, many of the children's cases were continued until August 28, 2026. Those children were warned that at this hearing the court would be taking pleadings from them whether they had counsel as the court could no longer grant further continuances to them to find an attorney.

9. The lack of funding has already caused Estrella del Paso irreparable harm. Most of our Unaccompanied Children (hereinafter "UCP") staff members were laid off. The Unaccompanied Children's program, which has been in existence at the organization since 2007, is closed and limited staff members remain temporarily so we can close out cases and ethically end representation at a point where we will not prejudice our remaining clients. While we would love to continue to represent detained unaccompanied children, we simply cannot afford to. The UCP contract did more than just cover the salaries for our staff; it covered their mileage to/from the shelters, it covered the cost of interpretation services, and as noted previously it covered the cost of filing fees. These are additional costs that we simply cannot afford off fundraising efforts alone. The other grants we have that cover the other work we do at Estrella del Paso is simply not enough to be able to absorb the loss of funding under the prior contract with Acacia and ORR.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 19th of August 2026, in El Paso, Texas.

________________________________

Melissa Mari Lopez

Executive Director

Estrella del Paso