BRETT A. SHUMATE
Assistant Attorney General
Civil Division
WILLIAM C. SILVIS
Assistant Director
MICHAEL A. CELONE
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsels
ZACHARY A. CARDIN
Trial Attorney

U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 532 - 4945
Zachary.a.cardin@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COMMUNITY LEGAL SERVICES IN EAST PALO ALTO,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *ET AL.*,<br><br>Defendants. | Case No. 4:25-cv-02847-AMO<br><br>**DEFENDANTS' REQUEST FOR STATUS CONFERENCE ON PLAINTIFFS' MOTION TO SHOW CAUSE** |

## I. INTRODUCTION

Plaintiffs' motion asks the Court to order Defendants to show cause why they are not in violation of the preliminary injunction. Defendants, however, have complied with every obligation this Court has ordered. Following the Court's August 6, 2026 order, Defendants released the withheld CLIN 2 funds and, on August 13, 2026, filed the compliance report that the Court directed. Dkt. 176-1; Dkt. 177. Plaintiffs have not identified any material changes since Defendants filed that report. Plaintiffs' motion offers 132 pages of declarations from fourteen declarants containing allegations about specific, unidentified UAC, filed without notice, and asks the Court to find a violation and convene an evidentiary hearing within the week, without ever settling on what proceeding is being invoked, who bears the burden, or what relief would follow. Aside from these procedural deficiencies, several of the motion's central factual premises, including its characterization of confidentiality and legal ethics, do not withstand scrutiny.

Defendants have been providing information to the Court via status reports. Defendants will provide additional information the Court considers necessary. What the motion asks for is different in kind: an immediate hearing on an unnoticed and untested record, before Defendants have had any opportunity to investigate Plaintiffs' specific allegations raised for the first time here. The Court should deny the motion or, at minimum, decline to convene an immediate hearing until Defendants have the opportunity to investigate and provide a fulsome response.

## II. ARGUMENT

### A. Defendants have complied with every Court ordered reporting obligation.

The compliance record is not in dispute. Since the April 29, 2025 preliminary injunction, Defendants have filed twelve status reports. See Dkts. 91, 98, 104, 127, 137, 142, 146, 148, 150, 151, 153, 156. The Court's August 6, 2026 order required Defendants to release the withheld CLIN 2 funding and file a report on compliance following the expiration of the Acacia contract. Dkt. 172 at 3. Defendants did

both, on the timeline the Court set. The funds were released, Dkt. 176-1, and on August 13, 2026, Defendants filed the report through the declaration of Richard Debany, addressing the transition, the USCRI and Our Rescue arrangements, and Defendants' ongoing coordination efforts. Dkt. 177 at 2-6, ¶¶ 4-10.

### B. Plaintiffs' motion does not identify a cognizable injury and improperly shifts the burden to Defendants.

Plaintiffs' motion is unwieldy and confusing. At points it asserts that Defendants are already violating the injunction and that Plaintiffs have sufficient evidence to prove it. Mot. at 4, 13. At other points it asserts that Plaintiffs cannot determine the extent of Defendants' noncompliance and need discovery and cross-examination to find out. Mot. at 13, 16-17. The motion also shifts the burden onto Defendants. Plaintiffs' notice of motion asks the Court to order Defendants to appear and "demonstrate why they should not be found in violation." Mot., Notice of Mot. at 1-2. The body of the motion goes further, asking the Court to order Defendants to "produce all documents and information they claim shows they are not withdrawing services" and to make Mr. Richard Debany available for examination. Mot. at 14. If the court seeks answers from Defendants regarding compliance, defendants retain the discretion to produce an individual for testimony or to proceed by a declaration. An injunction does not shift the burden onto the enjoined party to prove compliance whenever the opposing party raises a question. Several of Plaintiffs' central factual assertions are characterizations layered onto more limited declarations. For the Los Angeles anecdote, Plaintiffs describe voluntary departure as the "nuclear option of immigration court," state the child was "almost certainly unaware" of their rights, and conclude the child "nearly waived their due process rights." Mot. at 1. For the Texas anecdote, one unidentified child's voluntary departure becomes "that child, and potentially countless others." Mot. at 2. For the Arizona anecdote, an unrepresented infant was ordered to file an asylum application while a USCRI attorney appeared virtually.

Mot. at 2. None of these accounts, standing alone, establishes what occurred before the hearing, what services were offered, or that a specific command of the injunction was violated, and none of the children involved has been identified. None of these allegations establish a withholding of funds for legal services.

Plaintiffs also contend that Defendants violated ABA Model Rule 4.2, ABA Model Rule 1.14, and the principle recognized in *Legal Services Corp. v. Velazquez,* 531 U.S. 533 (2001), by sharing details about represented children, including their legal needs and hearing schedules, with USCRI and Our Rescue without consent. Mot. at 8-9. That characterization is overbroad. The information at issue—the identities of children with upcoming hearings and need for continuity of representation—is not privileged. It is not client communication, litigation strategy, or the substance of representation. Defendants already made this point in their July 31, 2026 response to Plaintiffs' motion to enforce: categories of information generated in the ordinary course of representation, such as a child's identifying number, the attorney and firm of record, and the dates and existence of a notice of appearance, are administrative records, and case-specific confidentiality concerns should be addressed file by file rather than through a blanket refusal to share basic case-status information. Defs.' Resp. to Mot. to Enforce at 6. The government is entitled to know who these children are so that it can carry out an orderly transition of legal services, which it is permitted to do. Treating routine case-status coordination as a categorical ethics violation would make it unworkable for Defendants to receive the information a transition of this scale requires. To the extent Plaintiffs believe some specific disclosure crossed into privileged territory, that is a case-specific question requiring investigation into what was actually shared, not a basis for finding Defendants in violation of the injunction simply for engaging in transition planning.

Finally, Plaintiffs have not been injured. The Acacia contract has expired. Defendants released the withheld CLIN 2 funds this Court ordered released, Dkt. 176-1, resolving the financial injury that gave rise to this dispute. Plaintiffs remain free to continue representing their existing clients pro bono, consistent

with the ethical obligations they describe, or to join the provider network Defendants are establishing through Our Rescue and receive payment going forward. Plaintiffs cannot convert an ethical obligation they have voluntarily chosen to continue into a continuing entitlement to funding under a contract that is no longer in effect. An attorney's duties to a client does not obligate the government to keep paying under an expired contract.

**C. An immediate evidentiary hearing would prejudice Defendants and the relief sought is undefined.**

Plaintiffs filed fourteen declarations describing incidents across multiple states and ask that the hearing occur "ideally in the next week." Mot., Notice of Mot. at 3. Many of the most significant allegations do not identify the child, the shelter, the immigration judge, or the USCRI attorney involved. Before any hearing, Defendants would need to determine who each child is, which shelter and hearing are at issue, what services were offered, and what records exist, all within a matter of days. That timeline does not afford Defendants a fair opportunity to investigate and respond to allegations raised for the first time in this filing, and the same is true of the remaining declarations' characterizations of the USCRI and Our Rescue arrangements. See Mot. at 1-3, 6-12. Under the previous (now expired) contract, there were situations of individual children appearing unrepresented. This is not a new phenomenon. Plaintiffs also fault Mr. Debany for stating that certain negotiation details could not be publicly disclosed under the Procurement Integrity Act. Mot. at 13-14; Dkt. 177 at 6, ¶ 8. Defendants are prepared to provide that detail through a sealed filing, an in camera submission, or under a protective order, resolving the concern without a public hearing or compelled testimony. And even accepting Plaintiffs' characterizations for argument's sake, isolated operational difficulties following a major contract transition are not equivalent to willful, systemic noncompliance; distinguishing the two requires an opportunity to investigate, not a hearing scheduled before that opportunity exists.

Finally, Plaintiffs do not identify the relief that they seek. The motion does not seek contempt sanctions, a compliance order, restoration of the Acacia contract, a specified replacement contract, a funding amount, a monitor, defined service levels, a compliance deadline, or relief for any identified child. It asks only that the Court hold a hearing "on the shortest possible timeline." Mot. at 21. That is a request to open an inquiry and decide the remedy later, not to adjudicate a defined claim.

## III. Conclusion

Defendants have complied with every obligation this Court has imposed and will provide any additional information that the Court requests. What is not warranted is an immediate evidentiary hearing convened on an unnoticed record and overbroad confidentiality objections that Defendants have had no opportunity to investigate. Defendants respectfully request that the Court deny Plaintiffs' motion or, in the alternative, decline to set an immediate hearing and instead direct the parties to a status conference regarding the appropriate next steps in this case (particularly in light of the payment of the invoices and expiration of the contract), or order Defendants to provide specific additional information on a reasonable schedule with appropriate protections for any confidential or privileged information. Defendants file the instant request in light of Plaintiffs' request for an expedited hearing and reserve the right to file a complete response to plaintiffs' motion to show cause at a later date.

Dated: August 21, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WILLIAM C. SILVIS
Assistant Director

MICHAEL A. CELONE
KATELYN MASETTA-ALVAREZ
Senior Litigation Counsel

/s/ Zachary Cardin
Zachary Cardin
Trial Attorney
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-532-4945
Zachary.a.cardin@usdoj.gov

*Attorneys for Defendants*