GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (CO Bar No. 36843) (pro hac vice)
Patricia M. Herold (CO Bar No. 54552) (pro hac vice)
Caelin Moriarity Miltko (CO Bar No. 56721) (pro hac vice)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Riley H. Mailman (CA Bar No. 329015)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org
rmailman@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (VA Bar No. 88974) (pro hac vice)
Samantha Hsieh (VA Bar No. 90800) (pro hac vice)
Peter Alfredson (D.C. Bar No. 1780258) (pro hac vice)
Evan Benz (NC Bar No. 49077) (pro hac vice)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,
Plaintiffs,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,
Defendants.

CASE NO. 4:25-CV-02847-AMO

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO CONTINUE THE EVIDENTIARY HEARING**

Judge: Hon. Araceli Martínez-Olguín
Date Action Filed: March 26, 2025

## INTRODUCTION

On Tuesday last week, this Court found that "[t]he opacity of [Richard] Debany's [August 13, 2026] declaration, combined with the evidence submitted by Plaintiffs, establishes good cause to shorten time" and ordered Defendants, including Mr. Debany, to appear in-person at a September 8, 2026 evidentiary hearing. Dkt. 183 at 1–2. By Friday, Defendants sought to postpone this hearing to the week of September 14, 2026, and excuse Mr. Debany from appearing in-person. Dkt. 187. The Court should deny Defendants' motion. Defendants have failed to establish good cause to postpone the hearing or to allow Mr. Debany to appear remotely. However, subject to the Court's schedule, Plaintiffs are available for a hearing later in the day on September 8, 2026, if necessary to accommodate defense counsel's travel schedule. *See* Sturges Decl. Ex. A.

## ARGUMENT

### I. Defendants Cannot Establish Good Cause To Delay The Hearing.

Defendants offer two reasons to move the hearing: (1) inadequate time to prepare Mr. Debany for the hearing; and (2) counsel's Labor Day travel plans. Neither reason establishes good cause.

Plaintiffs and the children they serve are suffering ongoing irreparable and substantial harm due to Defendants' ongoing failure to comply with this Court's preliminary injunction. This harm outweighs any inconvenience to Defendants from preparing for a hearing on September 8. Plaintiffs are suffering the precise ongoing irreparable harm that this Court found justified the preliminary injunction. Dkt. 179 at 2–3. Plaintiffs continue to have ethical responsibilities to their clients, whose cases have continued moving forward despite Defendants' failure to create a sufficient transition plan to allow for the continued funding of those representations. *Id.* at 3; Dkt. 178 at 10-11. In fact, many of Plaintiffs' clients' cases are being pushed forward at an accelerated pace, as Defendants and immigration enforcement officials have scheduled a surge of asylum interviews, court dates, and other immediate deadlines with life-changing implications for the vulnerable children Plaintiffs serve. Dkt. 178 at 18. With every day a hearing in this matter is delayed, more children face these deadlines alone, despite eligibility for funded representation under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and Foundational Rule. *Id.*

This palpable, ongoing harm—and interruption in the services this Court's order mandated must continue—demonstrates the absurdity of Defendants' claim that harm was "mooted" by Defendants' reported decision to contract with a new entity (or entities). Dkt. 186 at 3–5. Even more misguided is Defendants' claim that this Court suddenly lacks jurisdiction to enforce its orders because the prior contract with Acacia has ended. *Id.* This Court has already effectively rejected these arguments, which mirror Defendants' standing arguments in opposition to the temporary restraining order and preliminary injunction and in their motion to dismiss. Dkt. 87 at 10 ("The reinstatement of funding for direct representation to unaccompanied children increases the likelihood that Plaintiffs will obtain relief, either through funding to continue their own representations or an alternative plan providing legal representation to unaccompanied children consistent with the TVPRA and the Foundational Rule."); *see also* Dkt. 33 at 3–4; Dkt. 128 at 3 (rejecting the Government's standing argument that "willfully misreads Plaintiffs' arguments"). Jurisdiction in this matter does not rise or fall with the existence of any particular contract—the issue is whether Defendants are complying with their obligations under the TVPRA and Foundational Rule.

Defendants' blatant mischaracterization of Plaintiffs' complaint in their opposition—that "Plaintiffs alleged that payment was withheld during a contract" (Dkt. 186 at 4)—compounds their motion's lack of merit. The complaint concerns Defendants' attempt to terminate congressionally mandated services and funding in their entirety, Dkt. 1, ¶ 11, not withheld contract payments. The harm Plaintiffs suffer due to this termination is the same if Defendants directly terminate these services or if they impede these services by failing to create a sufficient plan that allows these services and funding to continue uninterrupted before, during, and after any contract transition.

The purpose of the evidentiary hearing is to test the assertions Mr. Debany made in his August 13, 2026 declaration, alongside his newly filed August 28, 2026 declaration—assertions which Mr. Debany averred were "based on [his] personal knowledge, information acquired by [him] in the course of performing [his] official duties, information contained in the records of ACF and ORR, and information conveyed to [him] by current agency employees and contractors." Dkt. 177, ¶ 3; Dkt. 186-1 ¶ 3. Defendants' argument that two weeks' notice (from Court order to hearing) is not "adequa[te] time to prepare the declarant," Dkt. 187 at 1, means that either Mr. Debany should not

have made such assertions under penalty of perjury, or that time for preparation is not actually Defendants' motivation for a continuance. If Mr. Debany is not in fact competent to testify as to the facts in his declarations, Plaintiffs are open to allowing Defendants to present additional witnesses alongside Mr. Debany.

Regardless, Defendants have been on notice of the need to substantiate their compliance with this Court's preliminary injunction since at least August 6, 2026. Dkt. 172 at 3. By September 8, 2026, Defendants will have had more than a month to collect sufficient evidence regarding their compliance with this Court's order; there is no basis to give them more time to prepare their witness in light of the ongoing harm to Plaintiffs and unaccompanied children. As Plaintiffs noted in their motion to show cause, this information about Defendants' compliance is uniquely in Defendants' possession. Dkt. 178 at 20.

Defendants' own conduct contradicts their claim that preparation time justifies continuing the hearing. On August 26, defense counsel reached out to Plaintiffs' counsel regarding the possibility of pushing back the hearing. Sturges Decl. Ex. A at 6. Defense counsel cited "terrible scheduling problems" and asked whether Plaintiffs would agree to schedule the hearing to "any date between September 9 and September 11." *Id.* Plaintiffs' counsel responded, explaining that based on the Court's calendar, Plaintiffs understood the hearing could not be rescheduled for a later date that week and that "any rescheduled hearing would need to be set at least a week later." *Id.* As a result, "[g]iven the urgency here, plaintiffs [were] not able to agree to postpone the hearing." *Id.* Defense counsel subsequently reached out on August 27, requesting Plaintiffs' position on "a remote hearing on September 8." *Id.* at 5. Defense counsel never raised the need for additional time to prepare.

Defense counsel's preexisting travel plans also do not establish good cause in light of the ongoing substantial harm caused by Defendants' failure to comply with the preliminary injunction. In an effort to compromise, Plaintiffs are available for a hearing at any time on September 8, 2026, and are willing to appear later that day to allow defense counsel to travel that morning if such timing is agreeable to the Court. Plaintiffs offered this compromise to defense counsel on August 28, 2026. Sturges Decl. Ex. A at 3-4. During a conferral on August 31, 2026, Defendants appreciated the proposal but expressed concerns whether this would address their travel concerns. Sturges Decl. ¶ 6.

The Parties conferred, and agree that a hearing on September 9, 2026, would address Defendants' travel concerns while not unduly delaying the hearing. Sturges Decl. ¶ 6. The Court's calendar is closed on September 9, so the Parties appreciate that moving to the next day may not be possible. *Id.*

**II. Defendants, Including Mr. Debany, Should Appear In Person.**

Defendants ignore the purpose of the hearing—to test Mr. Debany's assertions in his declarations—in requesting Mr. Debany be allowed to appear remotely. Dkt. 187 at 2–3. A remote hearing impedes both this Court's and Plaintiffs' ability to collect vital evidence from Mr. Debany.

Remote hearings are the exception, not the rule, and remote testimony should only be allowed if a party demonstrates "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. P. 43. Mere inconvenience is not sufficient. Fed. R. Civ. P. 43, advisory committee's note to 1996 amendment. This standard is not met when a party only offers routine work obligations as a basis to request remote testimony. *See Henry v. Celebrity Cruises, Inc.*, 2022 WL 1211401, at *1 (S.D. Fla. Jan. 26, 2022). This is precisely what Defendants offer: a remote hearing to prevent "ORR and ACR personnel . . . to spend time traveling" and "allow them to focus on their many responsibilities at their duty stations." Dkt. 187 at 2–3.

That Mr. Debany apparently needs to rely on other personnel to testify in this matter is further reason to compel him to appear in person, not a reason to justify appearing remotely. *See* Dkt. 187 at 2. If testimony is taken remotely, appropriate safeguards for remote testimony must be implemented to protect "against any outside influence on the witness." *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019). To ensure that Mr. Debany is not being coached or influenced by nearby "ORR and ACR personnel" during his testimony, this Court should require him to appear in person.

**CONCLUSION**

For the reasons explained both above and in Plaintiffs' administrative motion to shorten time, Dkt. 179, this Court should deny Defendants' motion and order them to appear in-person for the September 8, 2026 hearing. Subject to the Court's convenience, Plaintiffs agree to a later hearing on September 8, 2026, to allow defense counsel to travel to Oakland that morning.

Respectfully submitted,

August 31, 2026


*/s/ Laura M. Sturges*

GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (CO Bar No. 36843) (*pro hac vice*)
Patricia M. Herold (CO Bar No. 54552) (*pro hac vice*)
Caelin Moriarity Miltko (CO Bar No. 56721) (*pro hac vice*)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

*/s/ Alvaro M. Huerta*

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Riley H. Mailman (CA Bar No. 329015)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org
rmailman@immdef.org

*/s/ Karen C. Tumlin*

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

*/s/ Samantha Hsieh*

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (*pro hac vice*)
Samantha Hsieh (*pro hac vice*)
Peter Alfredson (D.C. Bar No. 1780258)
Evan Benz (*pro hac vice*)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org


*Attorneys for Plaintiffs*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) of the Northern District of California, I attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

DATED: August 31, 2026

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Laura M. Sturges*

Laura M. Sturges

*Attorneys for Plaintiffs*