GIBSON, DUNN & CRUTCHER LLP
Katherine Marquart (CA Bar No. 248043)
Ariana Sañudo (CA Bar No. 324361)
Arthur Halliday (CA Bar No. 347620)
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
kmarquart@gibsondunn.com
asanudo@gibsondunn.com
ahalliday@gibsondunn.com

Laura M. Sturges (CO Bar No. 36843) (pro hac vice)
Patricia M. Herold (CO Bar No. 54552) (pro hac vice)
Caelin Moriarity Miltko (CO Bar No. 56721) (pro hac vice)
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700
lsturges@gibsondunn.com
pherold@gibsondunn.com
cmoriaritymiltko@gibsondunn.com

IMMIGRANT DEFENDERS LAW CENTER
Alvaro M. Huerta (CA Bar No. 274787)
Carson A. Scott (CA Bar No. 337102)
Lya Ferreyra (CA Bar No. 340148)
Riley H. Mailman (CA Bar No. 329015)
Immigrant Defenders Law Center
634 S. Spring St., 10th Floor
Los Angeles, CA
(213) 634-0999
ahuerta@immdef.org
cscott@immdef.org
lferreyra@immdef.org
rmailman@immdef.org

JUSTICE ACTION CENTER
Esther H. Sung (CA Bar No. 255962)
Karen C. Tumlin (CA Bar No. 234691)
Laura Flores-Perilla (CA Bar No. 355645)
JUSTICE ACTION CENTER
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
esther.sung@justiceactioncenter.org
karen.tumlin@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org

AMICA CENTER FOR IMMIGRANT RIGHTS
Adina Appelbaum (VA Bar No. 88974) (pro hac vice)
Samantha Hsieh (VA Bar No. 90800) (pro hac vice)
Peter Alfredson (D.C. Bar No. 1780258) (pro hac vice)
Evan Benz (NC Bar No. 49077) (pro hac vice)
Amica Center for Immigrant Rights
1025 Connecticut Ave., NW, Suite 701
Washington, D.C. 20036
(202) 331-3320
adina@amicacenter.org
sam@amicacenter.org
peter@amicacenter.org
evan@amicacenter.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

COMMUNITY LEGAL SERVICES IN EAST PALO ALTO, et al.,
Plaintiffs,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,
Defendants.

CASE NO. 4:25-CV-02847-AMO

**DECLARATION OF LAURA M. STURGES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO CONTINUE THE EVIDENTIARY HEARING**

Judge: Hon. Araceli Martínez-Olguín
Date Action Filed: March 26, 2025

**DECLARATION OF LAURA M. STURGES**

I, Laura M. Sturges, declare as follows:

1. I am an adult over the age of 18 and a resident of the state of Colorado. The information set forth herein is true and correct of my own personal knowledge and if asked to testify thereto, I would do competently.

2. As stated in my August 20, 2026 declaration, absent a prompt resolution to Plaintiffs' Motion for an Order to Shorten Time on Plaintiffs' Motion for Order to Show Cause Why Defendants are not in Violation of the Preliminary Injunction at an Immediate Evidentiary Hearing, Plaintiffs will be substantially prejudiced. Waiting to hear that motion and delaying resolution of Defendants' compliance with the preliminary injunction will prolong the irreparable harms to Plaintiffs and unaccompanied children that this Court has already recognized. For the reasons set forth in that declaration, Plaintiffs' Motion for an Order to Shorten Time on Plaintiffs' Motion for Order to Show Cause Why Defendants are not in Violation of the Preliminary Injunction at an Immediate Evidentiary Hearing, and Plaintiffs' Opposition to Defendants' Motion to Continue, Plaintiffs oppose Defendants' Motion to Continue.

3. On August 26, 2026, defense counsel Zachary Cardin emailed Plaintiffs' counsel stating that "DOJ has terrible scheduling problems on September 8" and asked if Plaintiffs were "amenable to rescheduling the hearing to any date between September 9 and September 11 or the following week." That same day, my colleague responded, noting that the Court's calendar indicated that the Court was not available between September 9 and 11 and that "any rescheduled hearing would need to be set at least a week later." As a result, given the urgency of the motion, my colleague noted that "plaintiffs are not able to agree to postpone the hearing." Defense counsel never followed up regarding this position. Defense counsel never suggested that the hearing would need to be rescheduled to allow time for Mr. Richard Debany to prepare for his testimony.

4. The following day, on August 27, 2026, defense counsel Mr. Cardin reached out to Plaintiffs' counsel and asked for our "position on having a remote hearing on September 8th." That same day, my colleague responded that Plaintiffs' counsel was "happy to meet-and-confer regarding

the request to make the hearing remote, but we would object to making the hearing remote at this time." Defense counsel never responded regarding this offer to meet-and-confer, and instead filed their motion to continue the following day.

5. On August 28, 2026, my colleague emailed defense counsel offering, among other things, to jointly request to move the hearing to later in the day on September 8, 2026.

6. On August 31, 2026, the Parties met and conferred, including on the scheduling of the hearing. Defendants remained concerned that holding the hearing later in the day on September 8, 2026, might not address their travel concerns. The Parties agreed that a hearing on September 9, 2026—a day indicated as unavailable in the Court's calendar—would be agreeable if that date is possible for the Court.

7. Attached hereto as **Exhibit A** is a true and correct copy of an excerpt of a longer email chain containing the email correspondence described in paragraphs 3 through 5 above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 31st of August, 2026, in Denver, Colorado.

*/s/ Laura M. Sturges*

Laura M. Sturges